1:25cv 446

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF PENNSYLVANIA

1501 North 6th Street

Harrisburg, PA 17102

FILED
HARRISBURG, PA

MAR 11 2025

PER_____IB2_____
DEPUTY CLERK

**(1) William Edgar Lewis, Jr.**, a.k.a. **Lewdo**;

**(2) Monique Naté Holmes**, a.k.a. **MoBetta**,

Plaintiffs, **pro se**.

**v.**

**(1) Tracey L. Chance**;

**(2) Wayne Chance**;

**(3) Ailani J. Orr**;

**(4) Nautica D. Chance**, in her individual capacity and official capacity as **paralegal for MPL Law Firm LLP**;

**(5) Suzanne H. Griest**, in her individual capacity and official capacity as **attorney for MPL Law Firm LLP**;

**(6) MPL Law Firm LLP**, a **professional legal entity** et al,

Defendants.

Case No: **To Be Assigned**

**VERIFIED COMPLAINT FOR EGREGIOUS VIOLATIONS OF**

**CONSTITUTIONAL RIGHTS, CIVIL RIGHTS, AND DUE PROCESS**

**THROUGH CONSPIRACY, FRAUD, AND SYSTEMIC ABUSE OF POWER**

**SUMMARY JUDGMENT REQUESTED**

**INTRODUCTION**

1. First Plaintiff, **William Edgar Lewis**, **Jr.**, a.k.a. **Lewdo**, born on **31 March 1985**, and Second Plaintiff, **Monique Naté Holmes**, a.k.a. **MoBetta**, born on **18 February 1985**, **both aged 39 at the time of the incidents described herein** and residing at **132 Chesapeake Estates**, **Thomasville, PA 17364**, hereby file this Complaint pursuant to **42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 241, 18 U.S.C. § 242, 42 U.S.C. § 2000a, 42 U.S.C. § 2000d, the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1343, and 28 U.S.C. § 1988**.

2. Plaintiffs allege that **Defendants have committed gross violations of their constitutional and statutory rights** under the **1st**, **2nd**, **4th, 5th, 6th, 7th, 8th**, **9th**, **10th**, **13th & 14th Amendments to the United States Constitution**, as well as the **Civil Rights Act of 1964**.

2

3.  The egregious acts committed by Defendants, **as detailed below**, demonstrate a **coordinated pattern of misconduct**, as a direct and/or proximate result of Defendants' actions, Plaintiffs have suffered severe and irreparable harm to their civil liberties, familial relationships, reputations, and emotional well-beings.

## JURISDICTION AND VENUE

1.  This Court has **jurisdiction** over this action pursuant to **28 U.S.C. §§ 1331 and 1343**, as **this case arises under the Constitution** and laws of the United States.

2.  Venue is proper in this district under **28 U.S.C. § 1391(b)**, as the events giving rise to this claim occurred within the **Middle District of Pennsylvania**.

## PARTIES

**Plaintiffs**

1.  **First Plaintiff, William E. Lewis, Jr.**, a.k.a. **Lewdo** – artist, musician, fashion designer & business owner – is a private citizen and **resident of Thomasville**,

**Pennsylvania**, located in **York County**, and at all relevant times has been the **fiancée** of **Monique N. Holmes** (*Second Plaintiff*).

2. Second Plaintiff, **Monique Naté Holmes**, a.k.a. **MoBetta** – culinary artist, aspiring author & business owner – is a private citizen and **resident** of **Thomasville, Pennsylvania**, located in **York County**, and has been at all relevant times, the **biological mother**, **and primary custodial parent** of **Ailani J. Orr** (*Third Defendant*).

## Defendants

1. First Defendant, **Tracey L. Chance**, is a **resident** of **York, Pennsylvania**, **1510 E. Philadelphia Street**, **York, PA 17403**, located in **York County**, and at all relevant times has been the **lawful spouse** of **Wayne Chance** (*Second Defendant*), the **adoptive mother** of **Nautica D. Chance** (*Fourth Defendant*), and the **biological paternal grandmother** of **Ailani J. Orr** (*Third Defendant*).

2. Second Defendant, **Wayne Chance**, is a **resident** of **York, Pennsylvania**, **1510 E. Philadelphia Street**, **York, PA 17403**, located in **York County** and at all relevant times has been the **adoptive father** of **Nautica D. Chance** (*Fourth Defendant*).

4

3. **Third Defendant**, Ailani J. Orr, is a **minor** and a **resident** of **York**, **Pennsylvania, 1510 E. Philadelphia Street**, **York, PA 17403**, located in **York County**, and at all relevant times, has been the **biological daughter** of **Monique N. Holmes** (*Second Plaintiff*), **biological paternal granddaughter** of **Tracey L. Chance** (*First Defendant*), and the **cousin** of **Nautica D. Chance** (*Fourth Defendant*).

4. **Fourth Defendant**, **Nautica D. Chance**, is a **legal entity operating within the jurisdiction** of the **Commonwealth of Pennsylvania** and has been, at all relevant times, the **paralegal** to **Suzanne H. Griest** (*Fifth Defendant*). **Nautica D. Chance is represented** by **Suzanne H. Griest** (*Fifth Defendant*) and **MPL Law Firm, LLP** (*Sixth Defendant*).

5. **Fifth Defendant**, **Suzanne H. Griest**, is a **legal entity operating within the jurisdiction** of the **Commonwealth of Pennsylvania** and has been, at all relevant times, **legal counsel** for **Tracey L. Chance & Ailani J. Orr** (*First & Third Defendant*). **Suzanne H. Griest is represented** by **MPL Law Firm, LLP** (*Sixth Defendant*).

6. **Sixth Defendant**, **MPL Law Firm, LLP**, is a **legal entity operating within the jurisdiction** of the **Commonwealth of Pennsylvania, 96 S. George Street, Suite 520, York, PA 17401**, located in **York County**.

*~ The following factual allegations represent incidents that are, directly and/or indirectly, the foreseeable result of the Defendants' actions, whether undertaken knowingly and/or unknowingly.* **The Defendants' conduct, through its natural and/or probable consequences, set in motion a chain of events that culminated in the harms herein described:**

## FACTUAL ALLEGATIONS

1. On **25 December 2024**, First Defendant, **Tracey L. Chance**, **under circumstances raising significant procedural concerns**, facilitated an **ex parte** hearing before **Judge Robert A. Eckenrode** to obtain an **Emergency Protection From Abuse Order** (Case No. **2024-MI-000581**). (***Exhibit*: *01***)

   (**a**) Notably, against the First Plaintiff and/or Second Plaintiff.

2. First Defendant **intentionally** and/or **unlawfully altered** Second Plaintiff's, **Monique N. Holmes**, **legal identity**, substituting the First Plaintiff's, **William E. Lewis, Jr.**, name without justification and/or legal authority, **as indicated in the appended materials**.

   (**a**) Constituting an act of **deliberate fraud and deception**

(**b**) The **intentional misrepresentation** of the Plaintiffs' identities and the subsequent issuance of the denied order **constitute a direct violation of the Plaintiffs' civil rights under federal law**.

3. Irrespective of the discrepancies, **as supported by the attached evidence, Judge Eckenrode** subsequently **denied said Protection From Abuse Order**.

4. Notwithstanding **Judge Eckenrode's** denial of the improperly presented order, the altered order was officially stamped and signed by **York County Judicial Center's Prothonotary Office** & the **York County Sheriff Department**, on **26 December 2024**.

(**a**) This action created the **false appearance of judicial legitimacy**, thereby **undermining the integrity of the judicial process**.

## CAUSES OF ACTION

i.   **Violation of the 1st Amendment – Right to Petition for Redress of Grievances** (42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendant obstructed Plaintiffs' right to petition the government for redress of grievances by initiating a fraudulent legal proceeding designed to interfere with Plaintiffs' abilities to defend against false claims.

7

**ii.    Violation of the 5th Amendment – Deprivation of Life, Liberty, or Property Without Due Process**

**iii.**    (42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendant deprived Plaintiffs of liberty and property without due process of law by manipulating court records and fabricating official legal documents.

**iv.    Violation of the 6th Amendment – Right to a Fair Trial**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendant denied Plaintiffs the right to a fair legal proceeding by conducting an ex parte hearing that precluded Plaintiffs from presenting a defense against fraudulent allegations.

**v.    Violation of the 14th Amendment – Equal Protection & Due Process Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendant engaged in discriminatory and arbitrary conduct by altering Plaintiffs' identities in official legal documents, subjecting Plaintiffs to an unlawful process not applied to others similarly situated.

**vi.    Conspiracy Against Rights**

(18 U.S.C. § 241)

Defendant conspired to violate Plaintiffs' civil rights by intentionally altering legal records, engaging in deceptive legal maneuvers, and creating fraudulent judicial documents.

### vii.    Deprivation of Rights Under Color of Law

(18 U.S.C. § 242)

Defendant, acting under the authority of the court, willfully misrepresented Plaintiffs' identities and falsified legal records, resulting in the deprivation of Plaintiffs' constitutional protections and due process rights.

### viii.    False Statements And Fraud

(18 U.S.C. § 1001)

Defendant knowingly made false statements and fabricated official court documents, constituting fraud upon the court in violation of federal law.

### ix.    Forgery And Fraud

(State & Federal Law)

Defendant unlawfully created fraudulent legal documents and altered official court records, violating state & federal statutes prohibiting fraud and forgery.

∾

5. On **26 December 2024**, the First Defendant and Third Defendant, **Ailani J. Orr**, in collaboration with the York County Judicial Center, its Prothonotary Office, & the York County Police, **unlawfully manufactured and disseminated (2) fraudulent Protection Against Abuse (PFA) orders** (Case Nos. **2020-FC-001144-12A** and **2024-FC-002653-12A**). (*Exhibit*: *02, 03*)

   (a) **As shown in the evidence attached hereto**, these orders, which **are not recorded in the official court database**, **contained baseless and defamatory allegations** of sexual misconduct, emotional abuse, and intimidation against the Plaintiffs, **with the apparent intent to damage** their reputations, discredit their character, and disrupt their personal lives.

6. The aforementioned Protection From Abuse (**PFA**) orders were issued to the Plaintiffs, in **direct contradiction** to the **prior ruling** of **Judge Robert A. Eckenrode**, who **expressly denied an Emergency Protection Order for one** of the Plaintiffs and **did not authorize the service of two** such orders.

7. As **evidenced by the record**, these orders, despite having been denied by a higher judicial authority, **25 December 2024**, were subsequently signed and entered as valid by **Judge Todd R. Platts** on **26 December 2024**. (*Exhibit*: *02m, 03n*)

   (a) **This action directly contravened the prior ruling** and **raises serious concerns** regarding **judicial propriety** and **procedural integrity**.

10

8. Plaintiffs **further note** that a **Prothonotary office clerk**, **bearing** the **last name** "Platts" (**Diane M. Platts**), was **responsible** for **processing** Plaintiffs' **civil complaints against** the **Defendants** on **21 February 2025**. (***Exhibit***: ***36, 37, 38***)

   (**a**) Given the **shared surname**, Plaintiffs reasonably question whether **there exists a personal and/or professional conflict of interest between the Prothonotary clerk** Diane M. Platts **& Judge** Todd R. Platts, which **may have influenced the handling of this matter**.

   (**b**) In light of these irregularities, Plaintiffs respectfully **petition this Court to conduct a formal inquiry into the actions of** Judge **Todd R. Platts** and the Prothonotary clerk, **Diane M. Platts**. Should the investigation reveal misconduct, Plaintiffs request that **appropriate legal and disciplinary measures be imposed in accordance with the highest ethical and legal standards** governing judicial and court administrative conduct.

   (**c**) Nonetheless, these orders were **improperly processed** and **endorsed** by the **York County Judicial Cetner, York County Prothonotary Office** & the **York County Sheriff Department**, creating a **false appearance of legitimacy** and directly **misleading law enforcement** and/or other **legal authorities**.

9. These orders were serviced to the Plaintiffs, at their **private place of residence**, by (**2**) **York County Sheriff's Deputies**; **Badge No. 12-347 & DOE DEPUTY**. (***Exhibit***: ***04***)

10. Subsequent/Additionally, First Plaintiff, *only*, was, also, served with a **Firearm Revocation Notice**. (*Exhibit*: *05*)

11. **As corroborated by the documentation provided herein**, First Plaintiff was served with a **carbon copy** of the Protection From Abuse (**PFA**) order, while the Second Plaintiff was served with what appeared to be the **original** document.

12. Upon inspection of the Second Plaintiff's document, it was observed that the first page contained a **typed case number**. However, on the subsequent pages, the **original case number had been visibly altered by the use of a whitening agent** and was **replaced** with a **handwritten case number, as supported by the attached evidence**.

(a) The presence of the **altered case numbers** suggests an irregularity that cannot be reasonably attributed to a **clerical error**.

(b) If the judicial center had made an **inadvertent mistake**, the standard procedure would have been to **reprint** the **document** in its **entirety**… The act of **manually altering** the **case number implies potential tampering**.

(c) Based on these **irregularities**, there is reason to believe the **York County Sheriff's Office** may have **acted in concert with the Defendants to alter the documentation** in question.

**13.** The Second Plaintiff's receipt of what appears to be the **original PFA document** raises procedural concerns:

(**a**) If the order was issued against the Second Plaintiff, standard **protocol** would dictate **service** of a **carbon copy**, **not** the **original document**.

(**b**) **Conversely**, if the First Plaintiff, **should have received an original order**, was instead **served** with a **carbon copy**… The **location of the original document** intended for the First Plaintiff **remains unknown**.

(**c**) The Plaintiffs assert that the observed irregularities in the service and alteration of these legal documents **warrant further investigation** and/or **consideration** by the Court, as **these actions** may have **materially compromised** the **integrity** of the **judicial process** in this matter.

**14. As reflected in the submitted records**, the **Firearm Revocation Notice** was **rescinded** the **following day (27 December 2024) without affording** the Plaintiff a **proper opportunity** to **defend himself** in **court**, thereby **depriving him** of a **fair trial**. (*Exhibit: 06*)

**15.** In addition to the **written provisions set forth** in the referenced orders, the **York County Sheriff's Deputies**, acting **without legal foundation** and/or **justification**, **verbally issued** and **enforced** a "**no contact**" **directive** against the Plaintiffs.

13

**16.** Said directive, which **prohibited** the Plaintiffs from **engaging** in **any communication**, **directly interfered** with their **constitutionally protected right** to **family integrity**.

**17.** The **Sheriff's Deputies**, through **negligent oversight**, in time or at all, **failed** to **recognize** the **evident inconsistencies** within the **referenced orders**, thereby compounding the harm by **failing to take action to prevent** the **perpetuation** of this **fraudulent scheme**.

**18.** As a **direct** and **foreseeable consequence** of the aforementioned actions:

**(a)** First Plaintiff, **William Edgar Lewis, Jr.**, had his **lawful firearm license No. 67-00068554 revoked** and, subsequently, his **firearms confiscated (23 January 2025) without appropriate cause** and/or **procedural compliance, depriving** him of his **2nd Amendment protections**.

**(b)** Second Plaintiff's, **Monique Naté Holmes**, **parental rights** were **unlawfully violated**, culminating in the **illegal** and **unauthorized, permanent removal** of Plaintiff's **minor child**, from her **lawful residence**, effectively **compelling the Plaintiff** to **surrender custody against her will**, which **constitutes** a **clear act** of **kidnapping**, causing **irreparable harm** to her **psychological well-being**.

**(c)** The Defendants' conduct constitutes a **gross violation** of the Plaintiffs' **constitutional rights**, including but not limited to **due process**, **equal protection**, and the **right to bear arms** under the **applicable state & federal laws**.

14

(**d**) Such actions also represent an **abuse** of **judicial process**, **defamation**, and **intentional infliction** of **emotional distress**, resulting in severe emotional **trauma**, reputational harm, and irreparable familial damage.

(**e**) Notably, **as evidenced by the submitted phone records**, the Plaintiffs made efforts to **contact professionals before** they were **officially served** with the **PFAs** on **26 December 2024**. This demonstrates that the Plaintiffs were **proactively seeking** to **expose** the Defendants' actions **rather than engaging** in any **wrongdoing**. (*Exhibit*: *07*)

## CAUSES OF ACTION

i.   **Violation of the 1st Amendment – Right to Petition for Redress of Grievances**

   (42 U.S.C. § 1983; 18 U.S.C. § 242)

   The Defendants obstructed the Plaintiffs' ability to petition the government for redress of grievances and exercised fraudulent legal maneuvers to silence and discredit them.

ii.  **Violation of the 2nd Amendment – Right to Bear Arms**

   (42 U.S.C. § 1983; 18 U.S.C. § 242)

   The unjustified revocation of Plaintiff's said firearm license and confiscation of his, lawfully owned firearms deprived him of his right to keep and bear arms.

iii.     **Violation of the 4th Amendment – Unreasonable Search and Seizure**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

The seizure of the Plaintiff firearms and license constituted an unreasonable search and seizure without probable cause or due process.

iv.     **Violation of the 5th Amendment – Due Process Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

The Defendants deprived Plaintiffs of liberty and property interests — including parental rights and firearm ownership — without due process of law.

v.      **Violation of the 6th Amendment – Right to a Fair Trial**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Said legal actions denied Plaintiffs a fair and impartial proceeding, preventing them from defending against the false allegations.

vi.     **Violation of the 14th Amendment – Equal Protection Clause**

(18 U.S.C. § 242)

The Defendants selectively targeted the Plaintiffs with the same, denying them equal protection under the law.

16

vii.   **Violation of the 14th Amendment – Due Process Clause**

(18 U.S.C. § 242)

The same violated both procedural and substantive due process protections,

inflicting permanent harm on the Plaintiffs.

viii.  **Conspiracy Against Rights**

(18 U.S.C. § 241)

The Defendants conspired to violate the Plaintiffs' civil rights by the same and

manipulating judicial processes.

ix.    **Deprivation of Rights Under Color of Law**

(18 U.S.C. § 242)

Public officials and law enforcement personnel duly engaged in the issuance and

enforcement of the same, depriving Plaintiffs of their constitutional protections.

x.     **False Statements and Fraud**

(18 U.S.C. § 1001)

The Defendants knowingly submitted said documents and made materially false

statements within official legal proceedings.

17

xi.    **Defamation (Libel and Slander)**

(State & Federal Law)

These said allegations contained in the same caused reputational harm, damaging

Plaintiffs' personal and professional standing.


xii.    **Intentional Infliction of Emotional Distress**

(State Law)

The Defendants' egregious misconduct caused severe emotional distress to the

Plaintiffs, exacerbating the harm caused by the same.


xiii.    **Fraud & Forgery**

(State & Federal Law)

The deliberate fabrication and unauthorized alteration of official legal records

constitute fraud under state & federal law.


xiv.    **Parental Rights Violation**

(Troxel v. Granville, 530 U.S. 57 (2000))

The wrongful removal of the Plaintiff's child violated her fundamental parental

rights as recognized by the U.S. Supreme Court.


18

～

19. On **30 December 2024**, The Plaintiffs made **direct attempts** to inform the **York County Judicial Center's Administration Office** and the **presiding judge (Gregory M. Snyder**) regarding the illegitimate nature of the Protection From Abuse orders. (***Exhibit: 08***)

20. However, **despite the explicit nature** of the correspondence, the **response from the County Administrator**, **Greg Monskie**, **negligently abdicated responsibility** and **willfully failed** to **take adequate** and/or **necessary measures** before the **Court**, thereby further impeding the Plaintiffs' ability to seek and obtain justice. (***Exhibit: 09***)

(**a**) This notification, via email, was submitted with **clear** and **direct language**, **outlining** the **urgent need for review** and/or **investigation** of the contested orders.

(**b**) The **lack of administrative action**, despite clear notification, demonstrates a **failure** to **uphold fundamental legal protections** afforded under the law.

(**c**) The Plaintiffs contend that the **failure** of the **York County Judicial Center's Administration Office** to **initiate** an **investigation** into the alleged fraudulent orders constitutes a **denial** of their **right to due process**.

19

# CAUSES OF ACTION

**i.**  **Violation of the 1st Amendment – Right to Petition for Redress of Grievances**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of law, unlawfully obstructed Plaintiffs'

constitutional right to petition the government for redress of grievances by

preventing them from effectively challenging fraudulent Protection From Abuse

(PFA) orders. Plaintiffs were systematically denied access to judicial review and

meaningful legal recourse, thereby violating their fundamental 1st Amendment

rights.

**ii.**  **Violation of the 5th Amendment – Denial of Due Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants willfully deprived Plaintiffs of life, liberty, and property without due

process of law by failing to provide them with a fair opportunity to contest

fraudulent legal actions. The judicial system neglected its duty to properly

investigate and adjudicate allegations, resulting in Plaintiffs suffering irreparable

harm, including loss of fundamental rights.

**iii.**  **Violation of the 6th Amendment – Right to a Fair and Impartial Trial**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants denied Plaintiffs their 6th Amendment right to a fair and impartial trial by permitting fraudulent PFA orders to persist absent proper judicial scrutiny. Plaintiffs were deprived of essential procedural safeguards, including the right to confront evidence, receive adequate notice, and obtain a hearing free from bias or undue influence.

iv.  **Violation of the 14th Amendment – Equal Protection Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants engaged in unlawful discrimination by failing to provide Plaintiffs equal protection under the law. Similarly situated individuals received proper judicial review and due process, while Plaintiffs were arbitrarily denied such protections, leading to unjust treatment and deprivation of rights.

v.  **Violation of the 14th Amendment – Due Process Clause**

(42 U.S.C. § 1983)

Defendants willfully violated Plaintiffs' substantive and procedural due process rights by allowing fraudulent legal orders to remain in effect without proper investigation or adjudication. This resulted in the deprivation of fundamental

rights, including access to legal recourse, fair judicial procedures, and the ability to challenge wrongful state action.

**vi.    Violation Deprivation of Rights Under Color of Law**

(18 U.S.C. § 242)

Defendants, acting under color of law, willfully interfered with Plaintiffs' custodial rights through fraudulent and unlawful legal maneuvers. Such actions constituted an abuse of authority, leading to the unjust and unlawful separation of Plaintiffs from their child, in direct contravention of established constitutional protections.

**vii.   Unlawful Deprivation of Parental Rights Under Color of Law**

(42 U.S.C. § 1983)

Defendants, through the issuance and enforcement of fraudulent PFA orders, unlawfully deprived Plaintiffs of their parental rights without due process or equal protection. This abuse of authority prevented Plaintiffs from exercising fundamental parental rights, causing severe and irreparable harm.

**viii.  Judicial Misconduct and Maladministration**

(State & Federal Law)

22

The presiding judge and court administration failed in their duty to uphold judicial ethics and procedural fairness by negligently or willfully disregarding credible claims of fraud in the legal proceedings against Plaintiffs. Their failure to properly review, investigate, and adjudicate these claims constitutes a breach of judicial duty and a miscarriage of justice.

### ix.    Obstruction of Justice

(18 U.S.C. §§ 1503, 1512)

The County Administrator and other responsible parties intentionally obstructed justice by failing to ensure Plaintiffs received a fair legal process. Defendants' actions, including the suppression of evidence, failure to act on credible allegations of fraud, and refusal to afford Plaintiffs due legal recourse, directly impeded the administration of justice.

### x.    Violation of the Parental Kidnapping Prevention Act (PKPA)

(28 U.S.C. § 1738A)

Defendants unlawfully used fraudulent PFA orders to interfere with Plaintiff's established custodial rights, in direct violation of the Parental Kidnapping Prevention Act. By failing to adhere to federal custody protections, Defendants engaged in wrongful interference with Plaintiffs' legal parental relationship.

xi. **Violation Unlawful Custodial Interference**

(State & Federal Law)

Defendants engaged in unlawful custodial interference by wrongfully depriving Plaintiffs of their parental rights under fraudulent legal orders. Such actions constitute a clear violation of both state & federal protections against wrongful custody deprivation and parental alienation.

∽

21. On or about **31 December 2024**, the Second Plaintiff, **Monique N. Holmes**, received a **Custody Stipulation Packet** from the First Defendant's legal counsel, the **MPL Law Firm LLP**, including but not limited to, the **Nautica D. Chance** & **Suzanne H. Griest**. (***Exhibit: 10***)

22. Said Packet contained **material misrepresentations** and was **constructed** in a **manner designed** to **unlawfully deprive** Plaintiff of her **fundamental parental rights**.

23. Specifically, the document contained **multiple**, **false** and/or **misleading assertions**, including but not limited to:

(**a**) The **intentional misspelling** of **names**, creating confusion and ambiguity;

**(b)** The **deliberate mischaracterization** of Protection From Abuse ("**PFA**") orders as Protection From Intimidation orders ("**PFI**"), a designation which was **patently false** and **legally inaccurate**;

**(c)** The subsequent **contradictory acknowledgment** within the same document, referenced that the said orders were, in fact, **Protection From Abuse** orders; thereby **exposing** the **misleading nature** of the **stipulation's contents**.

**(d)** The **false information**, **coercive tactics**, and overall, **bad-faith**, **conduct** were clearly **designed** to **pressure** the **Plaintiff** into **surrendering** her **parental rights under duress** and to inflict harm to her well-being.

**24. As a direct** and/or **proximate result** of Defendants' actions, Plaintiff has suffered significant emotional distress, legal harm, and unnecessary litigation expenses.

**(a)** The Plaintiffs assert, upon reasonable belief, that the **Defendants may have forged the Plaintiff's signature** on a **document relinquishing her parental rights**.

**(b)** The Plaintiff **expressly communicated** her **refusal** to **sign any documents** regarding custodial rights until the matter was presented before a judge, **as supported by the attached evidence. (*Exhibit: 11*)**

**(c)** In light of these concerns, the Plaintiffs **respectfully request** that the **Court initiate** a **thorough investigation** to determine **whether Monique N. Holmes'**

25

**custodial rights were unlawfully** and/or **fraudulently relinquished** without the Plaintiff's **knowledge** and/or **consent**.

## CAUSES OF ACTION:

i. **Violation of the 1st Amendment – Right to Petition for Redress of Grievances**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of law, unlawfully obstructed Plaintiff's constitutional right to petition the government for redress of grievances by employing fraudulent legal tactics to impede her ability to contest the custody matter fairly. These actions deprived Plaintiff of a fundamental 1st Amendment right and constitute an egregious abuse of judicial authority.

ii. **Violation of the 5th Amendment – Denial of Due Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants willfully deprived Plaintiff of life, liberty, or property without due process of law by unlawfully attempting to strip her of parental rights through coercion, fraudulent legal documentation, and procedural manipulation. Such acts constitute a direct violation of Plaintiff's constitutional due process protections.

iii. **Violation of the 6th Amendment – Right to a Fair and Impartial Legal Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting in bad faith, denied Plaintiff her right to a fair and impartial legal process by leveraging false allegations, inconsistencies in legal documents, and coercive legal maneuvers designed to mislead and pressure her into relinquishing parental rights. Such conduct constitutes a flagrant violation of Plaintiff's 6th Amendment protections.

### iv.  Violation of the 14th Amendment – Equal Protection Clause

(42 U.S.C. § 1983)

Defendants engaged in discriminatory and retaliatory legal actions with the intent to deprive Plaintiff of her parental rights without just cause. Such actions were undertaken with deliberate disregard for Plaintiff's right to equal protection under the law, resulting in a constitutionally impermissible deprivation of rights.

### v.  Violation of the 14th Amendment – Substantive Due Process Clause

(42 U.S.C. § 1983; Troxel v. Granville, 530 U.S. 57 (2000))

Defendants unlawfully interfered with Plaintiff's fundamental right to parent her child; a well-established liberty interest protected under the Due Process Clause. The Defendants' actions were arbitrary, capricious, and devoid of any legitimate legal justification, thereby violating Plaintiff's substantive due process rights.

27

### vi.    Violation Deprivation of Rights Under Color of Law

(18 U.S.C. § 242)

Defendants willfully deprived Plaintiff of her constitutional rights by knowingly utilizing false and misleading legal documents under the pretense of lawful judicial proceedings. Such misconduct constitutes an unlawful abuse of legal authority and a direct violation of federal law.

### vii.    Unlawful Deprivation of Parental Rights

(42 U.S.C. § 1983)

Defendants engaged in deceptive and coercive legal processes to unlawfully deprive Plaintiff of her parental rights. These actions constitute an abuse of judicial and legal authority, directly infringing upon Plaintiff's constitutionally protected rights as a parent.

### viii.    Fraud – Common Law and Statutory Violations

Defendants engaged in intentional misrepresentation and material omissions within the Custody Stipulation Packet, including falsified legal classifications and incorrect legal names, with the intent to deceive and induce Plaintiff into an

agreement under fraudulent pretenses. These actions constitute fraudulent inducement and an egregious abuse of the legal process.

### ix.  Coercion & Duress – Common Law Violations

(18 U.S.C. §§ 1503, 1512)

Defendants exerted wrongful pressure and undue influence upon Plaintiff, using false pretenses, threats, and/or deceptive legal maneuvers to coerce her into relinquishing parental rights. Any agreements obtained through such unlawful means are voidable as a matter of law.

### x.  Malicious Prosecution

Defendants knowingly initiated and pursued baseless legal proceedings against Plaintiff, employing fabricated allegations and deceptive legal claims with the intent to retaliate against her. Such actions constitute an abuse of the legal system and malicious prosecution under common law principles.

### xi.  Retaliation – Violation of 1st Amendment and Federal Law

Defendants engaged in unlawful retaliatory conduct against Plaintiff for asserting her legal rights in a custody dispute. Such actions, undertaken with the intent to

punish and suppress Plaintiff's legal advocacy, violate well-established federal protections against retaliatory legal abuse.

⁓

25. On **02 January 2025**, the Second Plaintiff, **Monique N. Holmes**, received a telephone call from **Ms. Elysia Ehrich, Assistant Principal** of **Spring Grove High School**, who informed the Plaintiff that the First Defendant, **Tracey L. Chance**, in concert with her legal counsel, **MPL Law Firm LLP**, had **disseminated** *an* **illegitimate Protection From Abuse (PFA) order**, to **said institution**; which is the **educational institution attended by the Plaintiff's child**, Third Defendant, **Ailani J. Orr**.

26. This **PFA**, submitted against First Plaintiff, **William E. Lewis, Jr.**, *only*, was **presented** as **legitimate grounds** to **prohibit any contact** between the **Monique N. Holmes** and **her child**.

(a) This **selective disclosure**, which appeared intentional, **resulted** in **confusion** and/or **misinformation** regarding the Second Plaintiff's **legal restrictions**, **over** the **ongoing custody matter**.

27. **Due to the omission** of the Second Plaintiff's **PFA** order, she was **required** to **clarify** to the Assistant Principal that she was **also subject** to a "**no contact**" **order regarding her own child**. (*Exhibit: 12*)

30

28. **As a direct result**, she was **unable to communicate with her child** and/or **address school-related matters until her scheduled court date**, which, I must emphasize, is *nonexistent and, therefore, **will not occur at any point in the future***.

   **(a)** This act resulted in **unwarranted public humiliation, emotional distress**, and **reputational harm** to the Plaintiffs.

29. **Upon requesting verification**, the Assistant Principal **sought and received confirmation** from the Plaintiff, **as verified in the evidence**. (*Exhibit: 11*)

   **(a) Since that time**, and for a **period preceding it**, the Plaintiff, **Monique N. Holmes**, has **not received any subsequent communication from her child** or the **school**.

30. The **dissemination** of this **falsified document constitutes** an **egregious violation** of the Plaintiffs' **right to privacy**, as protected under **42 U.S.C. § 1983**, which **safeguards against the unauthorized disclosure of personal information**.

   **(a)** The Plaintiffs assert this act was **executed** with **malicious intent**, to **mislead school officials**.

31. **Notably**, during the **same phone communication**, **Ms. Ehrich disclosed** that the Plaintiff's child, **Ailani J. Orr**, had been **spreading information** regarding an **impending relocation to the grandparents'**, **Tracey L. Chance** (*First Defendant*)

& **Wayne Chance** (*Second Defendant*), **residence**, and **subsequently** to **another school district**.

(**a**) **As evidenced by the documentation**, the **physical relocation** has been **recorded** on **paper without** the Plaintiff's, **Monique N**. **Holmes**, **knowledge** and/or **consent**. (*Exhibit*: *13*)

32. **Additionally**, the Plaintiff **requested** that the Assistant Principal **promptly provide the report regarding allegations made by her child** to the school principal, **Christopher Fake**, on the **same day** as the **alleged incident(s)** (**20 December 2024**), as **recorded** in the Protection From Abuse (**PFA**) orders. (*Exhibit*: *12*)

33. The **report provided** by the Assistant Principal **did not address or substantiate the allegations as described** in the PFAs, **failing to include any relevant details or information** regarding the incident(**s**).

34. **Furthermore**, on **20 December 2024**, a **phone call** made by **Spring Grove High School Principal**, **Christopher Fake**, to **Monique N**. **Holmes, following** the **conversation between himself** and **her child**, also **failed** to **address the incident(s) in question** and/or **provide any evidence** to **substantiate purported allegations**. (*Exhibit*: *12*)

32

**35. As a consequence** of this interaction, also, on **02 January 2025**, the Plaintiffs, **acting** in **good faith** and with **genuine intent** to **seek lawful assistance**, **initiated contact** with **multiple recognized** and **reputable legal aid organizations**.

(**a**) These entities included, but were not limited to, the **VA Crisis Line**, the **VA Justice Outreach Specialist**, the **Pennsylvania Bar Association** (**PBA**), and the **American Bar Association** (**ABA**) **Federal Division**. (*Exhibit: 14*)

(**b**) The Plaintiffs undertook these efforts with the **utmost sincerity**, relying in part on the **distinguished military service** of the First Plaintiff, **William E. Lewis, Jr.**, a **United States Armed Forces Veteran**, as grounds for eligibility and support, **as evidenced in the attached documentation**. (*Exhibit: 15*)

(**c**) Despite the Plaintiffs' **persistent** and **well-documented efforts** to **obtain aid**, they were **met** with a **pattern** of **consistent**, **unequivocal**, and **unjust denial** of the **requested services**.

## CAUSES OF ACTION:

i.  **Violation of the 1st Amendment – Right to Petition for Redress of Grievances**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of law, willfully suppressed Plaintiffs' ability to petition the government for redress of grievances by weaponizing falsified legal

documents against them. The dissemination and reliance upon these fraudulent documents impaired Plaintiffs' ability to defend themselves, maintain their reputation, and seek justice, thereby violating their 1st Amendment rights.

ii. **Violation of the 4th Amendment – Unlawful Intrusion and Privacy Violation** (42 U.S.C. § 1983)

Defendants unlawfully intruded upon Plaintiffs' private lives by disseminating falsified Protection From Abuse (PFA) orders to third parties, including school officials. This unauthorized and baseless disclosure violated Plaintiffs' right to privacy and security against unreasonable searches and seizures of personal information, in contravention of the 4th Amendment.

iii. **Violation of the 5th Amendment – Deprivation of Due Process** (42 U.S.C. § 1983; 18 U.S.C. § 242)

Plaintiffs suffered reputational harm, emotional distress, and substantial personal and professional hardship due to false and misleading legal claims advanced without affording them the fundamental right to fair adjudication. The Defendants' conduct constituted a deprivation of life, liberty, and property without due process of law, violating Plaintiffs' 5th Amendment rights.

34

**iv.  Violation of the 8th Amendment – Cruel and Unusual Punishment**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants engaged in a relentless campaign of harassment, despite the court's closure of related proceedings and Plaintiffs' explicit refusal to engage further. This conduct inflicted undue psychological distress and emotional suffering, amounting to a form of cruel and unusual punishment in violation of the 8th Amendment.

**v.  Violation of the 14th Amendment – Substantive Due Process Clause**

(42 U.S.C. § 1983)

Defendants, through the use of falsified legal claims and fraudulent documents, severely tarnished Plaintiffs' reputation, causing unwarranted disruptions to their personal and familial stability. Such actions directly interfered with Plaintiffs' ability to maintain a stable home and exercise their parental authority, in violation of their substantive due process rights under the 14th Amendment.

**vi.  Violation of the 14th Amendment – Equal Protection**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants engaged in discriminatory and targeted harassment against Plaintiffs by permitting falsified legal claims to unduly influence school officials and other decision-makers, without affording Plaintiffs proper investigation or recourse.

Such conduct deprived Plaintiffs of equal protection under the law, violating the 14th Amendment.

### vii.    Violation of the Right to Privacy

(42 U.S.C. § 1983)

Defendants unlawfully disclosed Plaintiffs' private and sensitive personal information, including the dissemination of false PFA orders and baseless allegations regarding their family and residence. These actions constituted an egregious violation of Plaintiffs' fundamental right to privacy.

### viii.    Violation of Family Integrity and Parental Rights

(Santosky v. Kramer, 455 U.S. 745 [1982])

Defendants interfered with Plaintiffs' constitutional right to make decisions regarding the upbringing of their child by acting under false pretenses to manipulate and influence school officials and other third parties. This unwarranted interference constituted an infringement upon Plaintiffs' parental rights.

### ix.    Defamation

(State & Federal Law)

Defendants willfully and maliciously disseminated false statements concerning Plaintiffs, resulting in reputational harm, diminished standing in the community, and erosion of Plaintiffs' parental authority. These defamatory statements caused substantial and lasting damage to Plaintiffs' personal and professional lives.

x. **Intentional Infliction of Emotional Distress**

(State & Federal Law)

Defendants engaged in extreme and outrageous conduct by deliberately transmitting falsified PFA orders to Plaintiffs' child's school, causing severe humiliation, emotional distress, and psychological suffering to Plaintiffs. Such conduct was willful, malicious, and designed to inflict maximum harm.

xi. **Deprivation of Rights Under Color of Law**

(18 U.S.C. § 242)

Defendants, acting under the guise of official authority, knowingly utilized falsified legal documents to violate Plaintiffs' constitutional and civil rights. These actions were undertaken in bad faith, in collaboration with government entities or with the intent to misuse official channels to cause harm.

xii. **False Light Invasion of Privacy**

37

(State Law)

Defendants publicly disclosed misleading and damaging information about Plaintiffs in a manner that portrayed them falsely and unjustly. This wrongful portrayal caused significant reputational harm, social stigma, and personal suffering.

**xiii.** **Mail Fraud & Wire Fraud**

(18 U.S.C. § 1341, 18 U.S.C. § 1343)

Defendants willfully engaged in fraudulent activities by transmitting falsified PFA documents through mail, email, and other electronic means with the intent to deceive third parties and inflict harm upon Plaintiffs. Such actions constitute federal offenses under the mail and wire fraud statutes.

∾

36. On or about **03 January 2025**, **Tracey L. Chance's** legal counsel, **Nautica D. Chance**, **transmitted another, unsolicited**, online **Custody Stipulation** to the Plaintiff, **Monique N. Holmes**, via email. (***Exhibit***: *16*)

37. The document was **drafted** in a **manner designed** to **coerce** the Plaintiff into **relinquishing** her **parental rights without due process** and/or a **fair trial**.

38

(a) The Defendants **conditioned** the **dismissal** of the **lawsuit** against First Plaintiff, **William E. Lewis, Jr.** (**2024-FC-002653-12A**), based upon the Second Plaintiff, **Monique N. Holmes**, **signing over** her **parental rights**.

(b) **Notably**, the Defendants **failed** to **disclose any information** regarding the **PFA lawsuit** (**2020-FC-001144-12A**), which was **directed towards** the Second Plaintiff, **Monique N. Holmes**, **despite** her **being** the **custodial parent**.

(c) *Please be advised that neither of the cases in question have any legal standing and/or substantive foundation, as they are, in effect, legally "nonexistent."*

(d) *Therefore, it is not possible for the plaintiff to "voluntarily dismiss" a lawsuit that "does not exist" in the eyes of the law.*

38. The Plaintiffs, **both**, **willing** to **contest** the **allegations** in **court**, **question** the **Defendants' true intent**:

(a) If the **allegations made** by the Defendants **were substantiated**, **it would be** in **their interest** to **proceed with litigation**, as a **successful outcome** would have **automatically resulted** in **judgment** and **custody of the child**, in question, **being awarded to them**.

(b) The **fact** that the Defendants are **seeking to drop the lawsuit** instead **raises serious concerns**.

(c) **These actions** by the Defendants, **reflect** a **deliberate attempt to circumvent lawful court proceedings**, further **undermining** the **legitimacy of their claims** and **casting doubt on their motives** throughout the course of this matter.

39. Despite the Plaintiff's, **Monique N. Holmes, clear and explicit communication** of **her refusal to sign any stipulation outside of a judicial proceeding**, the **Defendant continued to send coercive communications** in an **effort** to **compel** the **Plaintiff** to **sign** the **stipulation outside** of **court**. (***Exhibit***: *17, 45a, 45b*)

(a) The **ongoing harassment, absent any trial** and/or **judicial determination**, **demonstrates** a **reckless disregard** for the Plaintiffs' **civil** and **constitutional rights** and **constitutes** an **egregious violation thereof**.

## CAUSES OF ACTION

i. **Violation of the 1st Amendment – Right to Petition for Redress of Grievances** (42 U.S.C. § 1983; 18 U.S.C. § 242)

The Defendants, acting under color of law, unlawfully interfered with the Plaintiff's right to petition the government for a redress of grievances by engaging in coercive and harassing tactics to pressure the Plaintiff into signing legal documents outside of the judicial process. These actions sought to suppress the

40

Plaintiff's lawful right to contest the matter in court, constituting an

unconstitutional restraint on free speech and access to the courts.

### ii.    Violation of the 5th Amendment – Deprivation of Due Process

(42 U.S.C. § 1983; 18 U.S.C. § 242)

The Defendants deprived the Plaintiff of due process by employing coercion and

undue pressure to obtain the Plaintiff's signature on legal documents, effectively

compelling the relinquishment of parental rights without a fair trial or proper

judicial proceedings. Such actions circumvented constitutional safeguards,

rendering any agreement obtained through such means unlawful and voidable.

### iii.    Violation of the 6th Amendment – Right to a Fair Trial

(42 U.S.C. § 1983)

The Plaintiff was denied the right to a fair trial as the Defendants, through coercive

legal maneuvers, attempted to bypass the judicial system and deprive the Plaintiff

of an impartial hearing to contest the custody matter. The Defendants' actions

effectively undermined the Plaintiff's right to legal representation and a fair

adjudication of parental rights.

### iv.    Violation of the 9th Amendment – Unenumerated Rights

(42 U.S.C. § 1983)

The Defendants infringed upon the Plaintiff's unenumerated fundamental rights, including the right to personal liberty and the preservation of parental rights free from coercion. By engaging in manipulative and deceptive legal practices, the Defendants violated constitutional protections that safeguard individuals from undue governmental interference in personal and familial matters.

**v.    Violation of the 14th Amendment – Substantive Due Process Clause**

(42 U.S.C. § 1983)

The Defendants deprived the Plaintiffs of liberty and property interests without due process of law by coercively attempting to impose an involuntary settlement outside of the judicial system. Despite the Plaintiffs' clear intent to contest the matter in court, the Defendants sought to evade due process protections, thereby violating the Plaintiffs' fundamental constitutional rights.

**vi.    Violation of the 14th Amendment – Equal Protection**

(42 U.S.C. § 1983)

The Defendants engaged in discriminatory and coercive tactics that disproportionately affected the Plaintiff, as a parent, by exerting undue pressure to force an unjust legal outcome. Such actions constituted a denial of equal protection

under the law, as they placed the Plaintiff in an unequal and prejudicial position compared to similarly situated individuals in custody disputes.

### vii.    Deprivation Of Rights Under Color Of Law

(18 U.S.C. § 242)

The Defendant's attorney, acting under color of law, engaged in coercive and unlawful conduct, including the manipulation of legal documents and extrajudicial pressure tactics designed to compel the Plaintiff to relinquish parental rights. Such actions constitute a criminal violation under 18 U.S.C. § 242, as they involved the intentional deprivation of rights secured by the U.S. Constitution.

### viii.    Civil Rights Violations

(42 U.S.C. § 1983)

The Defendants' continuous harassment, including the transmission of falsified legal documents and coercive tactics, resulted in the violation of the Plaintiff's civil rights. The Defendants obstructed the Plaintiff's ability to contest custody matters through proper judicial channels, unlawfully attempting to force compliance through intimidation rather than legal due process.

### ix.    Legal Malpractice & Negligence

(State Law & Aba Model Rules Of Professional Conduct)

The Defendant's attorney engaged in professional misconduct by utilizing coercive and unethical legal practices that directly violated the Plaintiff's rights. Such actions breached the duty of care owed to the Plaintiff under applicable state & federal legal standards, including the rules governing attorney conduct as set forth by the state bar and the American Bar Association.

**x.    Fraud & Coercion**

(Common Law & State Statutes)

The Defendants engaged in fraudulent and coercive conduct by submitting falsified legal documents, including protection from abuse orders (PFAs), and by attempting to secure an illegitimate custody stipulation through deception and undue influence. Such actions constitute legal fraud and render any agreements obtained through such means null and void.

**xi.    Family Law Violations**

(State Family Code & Common Law)

The Defendants violated established family law principles by engaging in coercion and harassment within the context of child custody proceedings. The Plaintiff was deprived of the opportunity to contest parental rights in a fair and impartial forum,

44

as the Defendants attempted to impose an agreement without judicial oversight, in direct contravention of legal standards governing child custody disputes.

∼

40. On **05 January 2025**, the Plaintiffs, in a **state** of **urgency** and **distress, submitted** a **written request** for **assistance** via electronic mail to **Pennsylvania State Representative Carol Hill-Evans, detailing** the **severity** of their **circumstances** and **seeking immediate intervention**. (***Exhibit***: **18**)

41. **Despite** the **gravity** of the **matter** and the **clear plea** for **support**, no **genuine response has been received** as of the date of this filing.

(**a**) Such **inaction** has **resulted** in an **ongoing emotional** and **psychological hardship, resulting** in **perpetuated conditions**, which the Plaintiffs reasonably perceive as **punitive** and **unjust** and **inconsistent** with the **principles** of **fundamental fairness** and human dignity.

42. **Additionally**, on **05 January 2025**, the Plaintiffs, **motivated solely** by a **legitimate** and **urgent need** for **protection** and **fairness**, sought to issue (**2**) **Emergency Press Release**. (***Exhibit***: **19, 20**)

(a) This **action** was **taken due to** the Plaintiffs' **genuine** and **immediate fear** for **their safety** in **anticipation** of a **scheduled court hearing** on **06 January 2025**, **involving false accusations**, and **judicial overreach**.

43. The Plaintiffs' **request** for the **Emergency Press Release** was **denied**, citing the **eleventh-hour timing**.

(a) **This denial**, occurring at a **critical moment**, left the Plaintiffs in a **state** of **heightened vulnerability** and **distress**.

(b) The **above incidents illustrate** the **extraordinary lengths** the Plaintiffs were **compelled** to **undertake** in their **pursuit** of **justice** and the **severe challenges** they **encountered** while **seeking** to **protect themselves** and **their family**.

44. **Subsequently, as reflected in the submitted records**, on **05 January 2025**, Second Plaintiff, **Monique N. Holmes**, hereinafter referred to as **MoBetta**, certified culinary artist, photographer, aspiring author & business owner, **authored** and **published** a **book** entitled "**Gift of Custody: Tale of a Compassionate Mother & Her Daughter, Torn Apart by the Very STATE Sworn to Protect Them**." This **work** is **officially copyrighted** with the **U.S. Copyright Office** under Case No. **1-14629382591**. (***Exhibit: 21, 22***)

(a) The **book chronicles** the **significant** and **distressing disintegration** of **her family, an outcome** alleged to have been **directly influenced** by the **actions** and **decisions** of the **Defendants, in conjunction with State Officials**.

(b) Plaintiff, **MoBetta asserts** that the **Defendants, acting within** a **system entrusted** with the **protection** of **families**, instead **facilitated** the **breakdown** of **her familial structure**, resulting in **severe emotional** and **psychological distress**.

(c) Through the **publication** of this work, **MoBetta** seeks to **document** the **actions undertaken** by the Defendants, **which** she contends **constitute egregious misconduct** and a **fundamental failure**, of **entrusted powers** to **uphold** their **protective duties**.

45. Plaintiff **MoBetta** has **built** a **career dedicated** to **personal growth, wellness,** and **self-improvement**.

(a) **Defendants**, through their **deliberate** and/or **false statements**, have **mischaracterized** the **Plaintiff** as an **unfit parent**;

(b) A **claim** that **directly undermines** her **credibility** as an **author** and **professional**.

(c) These **defamatory allegations** have **exposed** the Second Plaintiff, **Monique N. Holmes**, to **public ridicule, reputational harm**, and **professional discreditation, significantly impacting** her **ability** to **present** and **market** her **work**.

47

**46. Furthermore, as reflected in the submitted records**, on the same day, First Plaintiff, **William E. Lewis, Jr.**, hereinafter referred to as **Lewdo**, professional artist, musician, fashion designer & business owner, authored an autobiography/play entitled "**The LOUDEST Silence: Pennsylvania on Trial**," officially copyrighted with the U.S. Copyright Office under Case No. **1-146292654211**. (*Exhibit: 23, 24*)

(**a**) Plaintiff, **Lewdo** alleges that the **publication** serves as a **documented account** of the **systemic efforts** by the **Pennsylvania judicial system** to **discredit** and **suppress his voice, restricting** his **1st Amendment right to speak** (*amongst others*), purportedly **due** to his **racial identity** as an **African American man**.

(**b**) In the publication, **Lewdo utilizes** the **Defendants' own self-incriminating evidence — documented statements** and **official records — as evidence** to **substantiate** his **claims**.

(**c**) **Plaintiffs contend** that the **Defendants, acting individually** and/or **collectively, sought** to **suppress** their **ability** to **speak, testify**, and/or **otherwise convey** their **experiences** and/or **perspectives, serving** as **essential evidence** to **support** their **claims** of **misconduct, misrepresentation**, and **systemic bias**.

47. First Plaintiff, **Lewdo**, has **lawfully trademarked** his **name & logo, as attached as evidence**, making his **personal identity indistinguishable** from his **professional brand**. (*Exhibit: 25*)

(**a**) **Lewdo, as documented through his oeuvre,** on his **business website** (www.**Lewdo**.com), **specializes** in **Black art**, with a **clearly stated mission** of **uplifting** and **inspiring** his **community**, through **creative expression**. (*Exhibit: 26*)

(**b**) **Additionally,** Plaintiff is a **Caricaturist** (www.**Lewdo**.com/**Caricatures**), **frequently working** in **environments involving children**. (*Exhibit: 26d, 26e*)

(**c**) Defendants' **false** and **defamatory allegations** not only **tarnish his personal reputation** but also **directly jeopardize** the **integrity** of his **business** and/or **artistic endeavors**.

(**d**) The **Plaintiffs bring this action against the Defendants for defamation,** including **libel** and **slander**; which has **potential** to **inflict severe financial** and/or **professional losses**, as well as **diminish** their **standing within their industry** and/or **community**.

## CAUSES OF ACTION

i.     **Violation of the 1st Amendment – Freedom Of Speech & Press**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under the color of law, unlawfully infringed upon Plaintiffs' 1st Amendment rights by coercing them into issuing an Emergency Press Release under duress, with the intent to suppress their ability to expose systemic injustices and protect their own lives. This deprivation of free speech and press obstructed Plaintiffs' ability to seek public awareness and advocacy regarding the injustices they endured.

ii.  **Violation of the 1st Amendment – Freedom Of Expression & Suppression Of Speech**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants engaged in a deliberate and systemic effort to suppress Plaintiffs' speech and expression by obstructing their ability to convey personal narratives and expose institutional failures, including but not limited to racial discrimination. Such suppression was effectuated through intimidation, coercion, and other unlawful means, thereby violating Plaintiffs' constitutional rights.

iii.  **Violation of the 5th Amendment – Deprivation Of Due Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

50

Defendants, acting under the color of law, unlawfully deprived Plaintiffs of life, liberty, and property without due process. Through systemic oppression, manipulation, and wrongful acts, Defendants impeded Plaintiffs' ability to seek redress, obstructed their access to justice, and directly contributed to the harm and suffering inflicted upon them.

iv.    **Violation of the 8th Amendment – Cruel And Unusual Punishment**
       **(42 U.S.C. § 1983; 18 U.S.C. § 242)**

Defendants' intentional neglect and refusal to provide necessary relief, despite Plaintiffs' urgent need for protection, subjected them to cruel and unusual punishment. The deliberate inaction and systemic refusal to address Plaintiffs' distress constituted punitive measures imposed extrajudicially, exacerbating their suffering in violation of constitutional protections.

v.    **Violation of the 14th Amendment – Substantive Due Process Clause**
      **(42 U.S.C. § 1983)**

Defendants, acting under the color of law, engaged in conduct designed to deprive Plaintiffs of their fundamental right to due process. By obstructing their ability to share truthful personal narratives and seek legal recourse for violations against them, Defendants unlawfully interfered with Plaintiffs' access to justice.

**vi.**  **Violation of the 14th Amendment – Equal Protection**

(42 U.S.C. § 1983)

Defendants engaged in unlawful discrimination against Plaintiffs on the basis of racial identity. This includes the intentional and systematic efforts to target, silence, and suppress Plaintiffs' voices due to racial bias, depriving them of equal protection under the law as guaranteed by the 14th Amendment.

**vii.**  **Legal Malpractice & Negligence**

(State & Federal Law)

Defendants, including legal professionals and public officials, failed in their legal and ethical duties by engaging in conduct that violated Plaintiffs' rights. This failure included but was not limited to the suppression of Plaintiffs' speech, obstruction of justice, and neglect of their professional obligations, thereby exacerbating Plaintiffs' suffering and denying them a fair opportunity to seek redress.

**viii.**  **Deprivation of Rights Under Color of Law**

(42 U.S.C. § 1983)

Defendants, acting in their official capacities and under the color of law, engaged in a pattern of conduct designed to suppress Plaintiffs' constitutional rights. This includes the unlawful suppression of speech, obstruction of legal recourse, and the systemic attempt to silence Plaintiffs and prevent them from exposing injustices.

ix. **Deprivation of Rights Under Color of Law – Criminal Violation**
(18 U.S.C. § 242)

Defendants willfully subjected Plaintiffs to the deprivation of rights, privileges, and immunities secured by the Constitution, including but not limited to their 1st and 14th Amendment rights. These actions were motivated by discriminatory intent and executed under the color of law, warranting appropriate legal accountability.

〜

48. On **06 January 2025**, the scheduled court proceeding was postponed due to the **York County Judicial Center's closure** resulting from **inclement weather**. The Plaintiffs **appeared** in **good faith**, **prepared** to **address** the **matter** before the **Court**; however, the unforeseen **closure delayed** the **judicial process**.

49. **As supported by the attached evidence**, despite the postponement, the Plaintiffs subsequently **received**, yet **another unsolicited email** from First Defendant, **Tracey L. Chance**, and her legal counsel, **MPL Law Firm LLP**, her *adoptive daughter*, Fourth Defendant, **Nautica D. Chance**, concerning the **Custody**

**Stipulation** at issue; **exactly one minute apart**, via two (**2**) separate means of communication (**text & email**), **subjecting the Plaintiffs to further harassment**. (**Exhibit**: **17b, 17c**)

(**a**) The **Plaintiffs** had **previously communicated**, in **clear** and **unequivocal terms**, their **refusal** to **sign** the **stipulation until** the **matter** was **properly adjudicated** in **court**. (**Exhibit**: **16c**)

(**b**) **Tracey L. Chance** & the **MPL Law Firm LLP's continued pursuit** of the **Plaintiffs' signature**, **despite full knowledge** of the **Plaintiffs' position** and the pending court proceedings, **demonstrates** a **pattern** of **misconduct** with **apparent disregard** for the **judicial process**; imposing **undue distress** upon the Plaintiffs, **constituting** a **violation** of **their civil liberties**.

## CAUSES OF ACTION

i.    **Violation of the 1st Amendment – Freedom Of Speech & Press**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under the color of law, deprived Plaintiff of their 1st Amendment rights by unlawfully continuing to pursue legal action outside of proper judicial channels, despite Plaintiff's explicit refusal. Defendants' actions constitute an unlawful interference with Plaintiff's right to free speech and to

54

petition the court for redress of grievances, as they sought to coerce Plaintiff into compliance through extrajudicial means. Such conduct not only violates fundamental constitutional protections but also establishes a chilling effect on Plaintiff's ability to exercise their legal rights freely.

ii.    **Violation of the 8th Amendment – Cruel And Unusual Punishment**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants engaged in persistent and oppressive conduct that subjected Plaintiff to undue psychological distress, amounting to cruel and unusual punishment. Despite the closure of court proceedings and Plaintiff's explicit refusal, Defendants knowingly and willfully continued their harassment, fully aware that the underlying stipulations were predicated on falsified allegations. Such conduct, inflicted with deliberate disregard for Plaintiff's well-being, imposed an undue and punitive burden, contravening the protections afforded under the 8th Amendment.

iii.    **Violation of the 14th Amendment – Substantive Due Process Clause**

(42 U.S.C. § 1983)

Defendants willfully deprived Plaintiff of due process by circumventing judicial oversight and persisting in their efforts to enforce a Custody Stipulation that

Plaintiff had unequivocally rejected. Defendants' actions, undertaken without proper judicial review and in reliance upon fabricated claims, constitute an egregious abuse of process, effectively stripping Plaintiff of their constitutional right to a fair and impartial legal proceeding. Such deprivation of due process directly contravenes the 14th Amendment and is actionable under federal law.

iv.    **Legal Malpractice & Negligence**

Defendants engaged in professional misconduct by pursuing actions inconsistent with established legal procedures and contrary to Plaintiff's rights. By failing to adhere to the agreed-upon legal framework and acting in a manner that caused undue distress, Defendants breached their duty of care. Their actions, exacerbated by the failure to address critical matters in court due to an unscheduled weather-related closure, amount to legal malpractice and negligence, warranting relief under state & federal law.

v.    **Harassment**

Defendants' continued and unwarranted pursuit of the Custody Stipulation, despite Plaintiff's clear and repeated refusals, constitutes harassment under applicable state law. Their actions, executed during a period when court proceedings were suspended, subjected Plaintiff to unnecessary emotional distress and coercive

pressure. Such conduct exceeds the bounds of lawful advocacy and constitutes an actionable violation of Plaintiff's rights under state harassment statutes.

∽

50. On **07 January 2025**, the Plaintiffs, **dressed above** the **occasion, appeared before** the **York County Judicial Center** to **reschedule** their **cases** following a weather-related closure.

51. Upon arrival, the Plaintiffs were informed by **Court Administration** and **Prothonotary Office** staff that their **case numbers** — Case No. **2020-FC-001144-12A** & Case No. **2024-FC-002653-12A** — were "**nonexistent**."

52. **Despite providing** the **case numbers**, the **Plaintiffs were told, repeatedly**, there was **no record or trace of the cases** in the **court's system, as evidenced in the attached documentation**. (***Exhibit: 27, 28***)

53. A **Prothonotary clerk**, named **Katrina**, after reviewing the records, **unequivocally informed** the **Plaintiffs** that the Protection From Abuse (**PFA**) orders associated with the provided **case numbers had been improperly** and **illegally created**.

54. **Simultaneously**, a **separate clerk**, then, **wrote** the **correct case numbers** on **separate sticky notes, as shown in the evidence attached hereto. (*Exhibit: 29*)**

**55.** In relation to the matter before this Court, the **Plaintiff respectfully submits** that the **same clerk**, acting on behalf of the relevant court, **confirmed** the **existence** of a Protection from Abuse (**PFA**) order concerning the Second Plaintiff, **Monique N. Holmes**. This order **2020-FC-001144-03** (*not 2020-FC-001144-12A*), originally issued in **2020**, appears to have been **altered to give** the **appearance of currency**.

**56.** The **clerk further alleged** that the **Defendants attempted to misrepresent** the **timeline of prior incidents** by **making it appear** as though the, *currently*, **alleged events had occurred (4) years earlier**. (***Exhibit: 2f***)

   (**a**) This **misrepresentation** was seemingly **intended** to **justify** its **inclusion** in the **current** Protection From Abuse (**PFA**) order (**2024-FC-002653-12A**), **alongside additional, unrelated charges**. (***Exhibit: 3f, 3g***)

**57.** It is further noted, **as supported by the attached evidence**, that said PFA pertains to a **case involving** both the First & Second Defendants, **Tracey L. Chance & Wayne Chance**, wherein **Wayne Chance**, is identified as the **primary point** of **contact** for the Plaintiff. (***Exhibit: 30***)

**58. Additionally**, the **same clerk further clarified** to the First Plaintiff, **William E. Lewis, Jr.**, that the **PFA** in question (**2024-FC-002653-12A**) **was also invalid**, with **no corresponding case existing** in the court system **involving either**

58

Plaintiff, **William E. Lewis, Jr**. and/or **Monique N**. **Holmes** and/or the Third

Defendant, **Ailani J**. **Orr**. (***Exhibit: 31***)

(a) **York County Judicial Center's own clerk noted** that **both PFA orders** in

question **were erroneous** and **did not match any legitimate case records**;

(b) Thus, **voiding any legitimate legal basis** for the **actions initiated** against the

Plaintiffs.

59. **Another clerk**, identified as the **Manager Clerk**, informed the Plaintiffs that she

was **currently investigating** a **separate matter** in which **official documents** had

**been fabricated** and/or **altered** within a **divorce case**.

(a) The Manager Clerk indicated that she would **report this issue** but **abruptly**

**left**, with **no subsequent communication** and/or **follow-up** with the Plaintiffs.

60. **Despite** their **awareness** of the **wrongful nature** of these **actions**, the **York**

**County Judicial Center's personnel took no remedial measures** to **correct** the

**injustices inflicted**.

61. **As a direct result** of, **07 January 2025**, while at **York County Judicial Center's**

**Prothonotary Office**, the Plaintiffs **sought** to **address** their **concerns** regarding

the **illegitimate** Protection from Abuse (**PFA**) orders **directly** with a **judge**.

**62.** Plaintiffs were informed that **all inquiries must be made via telephone**, and that **judges do not meet with citizens** in person.

(**a**) Despite presenting a matter of significant legal concern, the Plaintiffs' request for judicial review was met with **immediate dismissal** and **hostility**, rather than the professional courtesy to which they were entitled.

(**b**) The Plaintiffs assert that this **denial was discriminatory**, as they, as **Black Americans**, were **treated** in **observable manners** that was **not comparable** to the **treatment** of **other individuals** within the institution.

**63.** The **absence** of these **records** has **resulted** in the Plaintiffs' **inability** to **proceed** with their **lawful right** to **countersue**, thereby **obstructing** their **access** to **due process**.

(**a**) The **disappearance** of these **case records**, under these circumstances, **presents** a **substantial** and **unjust impediment** to the Plaintiffs' **ability** to **receive** a **fair** and **impartial hearing**.

(**b**) The **Plaintiffs assert** that this **occurrence**, whether through **negligence** and/or **deliberate** action, **constitutes** a **severe breach** of **procedural integrity**, raising **significant concerns regarding** the **administration** of **justice** in this matter.

60

64. Consequently, on **07 January 2025**, after **confirming** that the **PFAs** were **entirely without merit**, acting in **good faith**, the Plaintiffs took the necessary step of **filing Civil Complaints** at the **Self-Help Center** located within the **York County Judicial Center, as reflected in the submitted records**. (*Exhibit: 32, 33*)

65. **At the time of filing**, the **Plaintiffs were misinformed** by the **center's staff**, who **falsely assured them** that **financial documentation was not required — relying** on this **official guidance**, the Plaintiffs **proceeded** with the **filing — However**, just **eight (8) days later**, the Plaintiffs' **civil complaints** were **dismissed** on the **grounds** of **insufficient financial documentation**. (*Exhibit: 34, 35*)

(a) This outcome **directly contradicted** the **guidance provided** at the **time** of **filing**, resulting in the Plaintiffs' claims being **procedurally rejected without consideration** of their **merits (21 February 2025)**. (*Exhibit: 36, 37*)

66. **Upon inquiry regarding** the procedural **allowance for multiple Plaintiffs to join in a single action** and **the consolidation of multiple Defendants within one complaint**, the **Self-Help Clerk** provided information **indicating** that **such** joinder **was not permitted**.

67. **As a direct consequence** of this **information**, the Plaintiffs were **led to believe** that they were **required** to **initiate separate legal actions** for **each Defendant**.

**(a)** Such an approach necessitated the **filing** of **multiple cases** for **claims arising** from the **same set of circumstances**, resulting in **substantial** and **unnecessary financial burdens** for the Plaintiffs, **who initially intended to bear these costs personally**.

**(b)** The **Plaintiffs contend** that this **guidance, whether due** to **miscommunication** and/or **misapplication** of **procedural rules**, placed them at a **significant disadvantage** by **compelling them** to **consider multiple filings** rather than a **singular, consolidated action**.

**(c)** The **undue financial** and **procedural hardship** resulting from this **misinformation constitutes** a **material impediment** to the Plaintiffs' **access** to **justice** and **fair litigation**.

68. **Following** this **discovery**, the Plaintiffs made **multiple good-faith efforts** to **notify** the **offices** of **Representative Carol Hill-Evans** and **Governor Josh Shapiro**, informing them of the **malicious conspiracy perpetrated** against the Plaintiffs. (***Exhibit: 39***)

**(a)** Despite the **gravity** of the **information presented, both offices failed** to **provide any response** and/or **acknowledgment** of these **serious allegations**.

**69. Furthermore**, the Plaintiffs became **aware** of **information indicating** that **privileged details**, which had only been discussed within the confines of the courthouse, **were inexplicably disclosed** to the opposing party's legal counsel.

(**a**) This **knowledge could not have been obtained through standard legal discovery** or **public record**, **suggesting** a potential **breach of confidentiality**, by the **York County Judicial Center**.

**70.** As a direct result, on **09 January 2025**, the Plaintiffs, in an **effort** to **understand** the **circumstances surrounding** the **rapid acquisition of their sensitive information** by the opposing party, **contacted** the **York County Judicial Center's Self-Help Center** via **email**. (***Exhibit: 40***)

(**a**) The Plaintiffs *expressed concern regarding the apparent irregularities* and, in good faith, *offered to pay for expedited processing of their own filings*, fearing that their cases might otherwise be **improperly denied** and/or **misplaced**.

**71.** The **Self-Help Center**, in response, **as corroborated by the documentation provided herein**, **disclaimed any responsibility** and **directed** the Plaintiffs to **seek private legal counsel**. (***Exhibit: 41***)

63

# CAUSES OF ACTION

i.  **Violation of the 1st Amendment – Right to Petition**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of law, unlawfully obstructed Plaintiffs' right to petition the government for redress of grievances by impeding their ability to file legal actions, including countersuits. This obstruction was effectuated through fraudulent or negligent administrative practices, depriving Plaintiffs of their constitutional rights.

Defendants intentionally misinformed and obstructed Plaintiffs from effectively filing their civil complaints, resulting in an unlawful hindrance of their access to justice and denial of their right to seek legal remedies

ii.  **Violation of the 5th Amendment – Due Process Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, through intentional and/or negligent acts, caused the disappearance of Plaintiffs' case records, depriving them of their right to challenge or defend themselves in court. This deprivation effectively denied them due process of law, as guaranteed under the 5th Amendment.

Defendants deliberately misrepresented filing requirements and provided fabricated misinformation, thereby denying Plaintiffs the opportunity to present their claims and violating their right to due process under the 5th Amendment

### iii.  Violation of the 6th Amendment – Right to a Fair Trial

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants' failure to maintain and produce case records obstructed Plaintiffs' ability to engage in the legal process, depriving them of a fair trial and preventing them from presenting their claims and defenses in court.

Defendants, acting in their official capacity, misled Plaintiffs through incorrect legal guidance, thereby obstructing their ability to pursue their claims and violating their 6th Amendment right to a fair trial

### iv.  Violation of the 9th Amendment – Infringement of Fundamental Rights

(42 U.S.C. § 1983)

Defendants' actions in withholding essential legal information and interfering with Plaintiffs' ability to file claims, knowingly and/or unknowingly, unlawfully infringed upon their fundamental, unenumerated rights protected by the 9th Amendment.

65

v.     **Violation of the 14th Amendment – Equal Protection Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants engaged in discriminatory conduct by obstructing Plaintiffs' access to legal remedies, potentially based on bias or prejudicial intent, thereby denying them equal protection under the law in violation of the 14th Amendment.

vi.     **Violation of the 14th Amendment – Due Process Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, through the provision of incorrect legal information and/or administrative obstruction, deprived Plaintiffs of their procedural due process rights, preventing them from pursuing legal claims in a fair and timely manner.

Defendants intentionally and/or negligently erased and/or concealed Plaintiffs' case records, thereby depriving them of an opportunity to be heard in court and fully participate in the legal process, in violation of their due process rights

vii.     **Criminal Conspiracy**

(18 U.S.C. § 371)

Defendants conspired to obstruct justice by deliberately removing and/or altering

case records with the intent to interfere with Plaintiffs' legal proceedings. If

coordinated among multiple parties, this conduct constitutes criminal conspiracy

under federal law.

**viii.  Malicious Prosecution**

(42 U.S.C. § 1983)

Defendants' actions, motivated by malice, caused the wrongful erasure of

Plaintiffs' case records, thereby preventing them from accessing the courts and

constituting malicious prosecution.

**ix.  Deprivation of Rights Under Color of Law**

(18 U.S.C. § 242)

Defendants, acting in an official capacity, engaged in intentional acts of

misinformation and procedural sabotage, thereby depriving Plaintiffs of their

constitutional rights under color of law.

**x.  Legal Malpractice & Negligence**

(State Law)

Defendants, through negligent case management and failure to maintain accurate court records, obstructed Plaintiffs' legal rights, amounting to legal malpractice and negligence under applicable state law.

## xi.    Abuse of Process

(State Tort Law)

Defendants engaged in abuse of process by manipulating legal procedures to frustrate and impede Plaintiffs' attempts to seek justice, using the judicial system for improper and unlawful purposes.

## xii.    Breach of Confidentiality

(State & Federal Law)

Defendants, by disclosing sensitive legal information to unauthorized parties, violated confidentiality obligations owed to Plaintiffs, constituting an unlawful breach under both state & federal legal standards.

## xiii.    Obstruction of Justice

(18 U.S.C. § 1503)

Defendants' acts of deliberate misinformation, procedural obstruction, and rejection of Plaintiffs' claims constitute obstruction of justice, as they actively interfered with the administration of law.

### xiv.    Fraud & Misrepresentation

(State Law)

Defendants knowingly provided Plaintiffs with false information regarding financial documentation and filing requirements, directly resulting in the wrongful rejection of their claims, constituting fraud and misrepresentation.

### xv.    Deprivation of Rights Under Color of Law

(18 U.S.C. § 242)

Defendants, as government employees acting under color of law, engaged in unlawful conduct that deprived Plaintiffs of their constitutional rights to a fair trial and due process, warranting liability under federal law.

❧

72. On or about **08 January 2025**, the Plaintiffs received an **unsolicited** and **alarming voicemail** from the First Defendant's, **Tracey L. Chance**, legal counsel, the **MPL Law Firm, LLP**… The **content** of this **communication pertained**

**directly** to the **custody** and **Protection From Abuse** (**PFA**) **orders** that the Plaintiffs had **reported** as **fraudulent** just **one day prior**. (***Exhibit: 42***)

(**a**) The **timing** and **nature** of this **unwarranted contact**, **occurring** so **soon after** the Plaintiffs' **formal filing** of their civil complaints, **raises significant concerns** regarding the **integrity** of the **legal process**.

(**b**) These incidents, **taken together**, indicate a **pattern** of **misconduct** and **potential collusion** within the **judiciary**, **undermining** the Plaintiffs' **trust** in the **fairness** and **impartiality** of **legal proceedings**.

(**c**) **The Plaintiffs respectfully present these facts for the Court's consideration**; **emphasizing** the **egregious nature** of the **unauthorized contact** and **disclosure** of **protected information**.

## CAUSES OF ACTION

i.  **Violation of the 1st Amendment – Right to Petition for Redress of Grievances**
    (42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of law, unlawfully deprived Plaintiffs of their 1st Amendment right to petition the government for redress of grievances by willfully obstructing their access to justice. The Self-Help Center, under the direction of court personnel, refused to provide necessary assistance to Plaintiffs regarding

70

urgent legal matters, including concerns over the rapid and unauthorized acquisition of sensitive information. This deliberate obstruction effectively denied Plaintiffs the ability to properly engage in legal proceedings, constituting a violation of their constitutional rights.

ii.     **Violation of the 5th Amendment – Deprivation of Due Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Plaintiffs were unlawfully denied due process of law when court personnel provided false and misleading information regarding procedural requirements for filing civil complaints. Plaintiffs were explicitly assured that certain paperwork was unnecessary, only to have their filings later rejected on those very grounds. This deception resulted in the arbitrary denial of their right to a fair legal process, causing undue delay and harm. Defendants' actions, undertaken under color of law, constitute a violation of Plaintiffs' due process rights.

iii.     **Violation of the 14th Amendment – Equal Protection Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants engaged in systemic racial discrimination against Plaintiffs, who are Black Americans, in violation of their 14th Amendment rights. Plaintiffs were subjected to disparate treatment by courthouse personnel, including the willful

refusal of assistance by the Self-Help Center and the improper rejection of their filings. Plaintiffs' experiences reflect a clear pattern of intentional discrimination, wherein similarly situated non-Black individuals received assistance and procedural fairness. The Defendants' conduct, executed under color of law, deprived Plaintiffs of equal protection and access to justice.

iv.    **Violation of the 14th Amendment – Due Process Clause**

(42 U.S.C. § 1983)

Defendants violated Plaintiffs' procedural and substantive due process rights by knowingly providing misleading legal guidance that directly led to the improper rejection of their filings. Plaintiffs, relying in good faith on the representations of court personnel, suffered unnecessary delays and obstruction in their pursuit of justice. By engaging in deceptive practices that denied Plaintiffs fair access to the courts, Defendants deprived them of fundamental due process protections under the law.

v.    **Deprivation of Rights Under Color of Law**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, while acting under the authority of their official positions, engaged in conduct that deprived Plaintiffs of federally protected rights, including the right to

access the courts, petition for redress, and receive equal treatment under the law. Through intentional misrepresentation, obstruction, and discriminatory actions, Defendants willfully violated Plaintiffs' civil rights in contravention of 42 U.S.C. § 1983 and 18 U.S.C. § 242.

vi.    **Legal Malpractice & Negligence**

(State & Federal Law)

Defendants, including courthouse staff and the Self-Help Center, owed Plaintiffs a duty to provide accurate and non-misleading procedural guidance regarding their legal filings. Defendants breached this duty by failing to properly inform Plaintiffs of the necessary documentation required, directly resulting in the wrongful rejection of their complaints. This negligence caused Plaintiffs undue delay and obstruction in their pursuit of justice, constituting legal malpractice and warranting appropriate relief.

～

73. On **14 January 2025**, the Plaintiffs made a **concerted effort** to **seek assistance** by **contacting various government agencies** and **media outlets** regarding the injustices they experienced, **as substantiated by the enclosed exhibits**. (*Exhibit: 43*)

73

**74.** The entities contacted include, but are not limited to, the **Federal Bureau** of **Investigation (FBI)**, the **Office** of the **Attorney General**, the **United States Department** of **Justice**, and **Pennsylvania state officials**, including **Governor Josh Shapiro** and **Representative Carol Hill-Evans**.

(a) **Additionally**, the Plaintiffs reached out to **major media organizations**, including **CNN**, **ABC**, **NBC**, and **Reuters**.

**75. Despite** these **repeated** and **reasonable attempts** to obtain assistance, the Plaintiffs' **requests** for such **were met with no** *substantive* **response**.

(a) The perceived **inaction** by these institutions contributed to the Plaintiffs' **growing sense** of **isolation** and **distrust toward the justice system**, exacerbating the already **compounding psychological anguish** they had endured.

(b) **Perpetuating** reflections of the **ongoing concerns** regarding the **equitable administration** of **justice** for **Black Americans** within the **United States judicial system**.

**76.** Additionally, ~~14 January 2025~~, in ~~adherence~~ to the ~~instructions provided (07~~ January 2025), the Plaintiffs contacted the **York County Judicial Center's Administration Office**, to **request** a **meeting** with a **judge**… Upon identifying themselves and their intent to address the illegitimate PFAs, **they were informed**

74

that **only licensed attorneys were permitted to speak directly with a judge** and **instructed to submit their concerns in writing**.

(a) The Plaintiffs **identified themselves** as **Pro Se litigants**, yet their efforts to obtain clarification and/or assistance were met with **repeated refusals** and **procedural stonewalling**.

77. Later that same day, **14 January 2025**, **within hours** of the denial, the Plaintiffs **submitted** a **written letter** to the **presiding judge**, comprising of **over 30 pages** of **supporting evidence**, in compliance with the instructions received. (***Exhibit: 44***)

(a) Despite their diligence and adherence to procedural guidance, there was **no response** from the judge, as the Plaintiffs faced persistent barriers that impeded their ability to seek judicial relief.

## CAUSES OF ACTION

i.  **Violation of the 1st Amendment – Right to Petition the Government**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of law, unlawfully impeded the Plaintiffs' right to petition the government by preventing Pro Se litigants from directly communicating with the judiciary. This obstruction effectively denied Plaintiffs

access to the courts to challenge the legitimacy of fabricated legal documents, thereby violating their constitutional right to seek redress for grievances.

ii.    **Violation of the 14th Amendment – Equal Protection Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Plaintiffs, identified as Black Americans, were subjected to disparate treatment within the courthouse, wherein they experienced dismissive and discourteous conduct from court personnel. This discriminatory treatment, in contrast to the courteous reception afforded to non-Black individuals, constitutes a violation of the Equal Protection Clause.

iii.    **Violation of the 14th Amendment – Due Process Clause**

(42 U.S.C. § 1983)

Defendants deprived Plaintiffs of their right to due process by obstructing their ability to address a judge concerning falsified court documents. Despite judicial acknowledgment of the documents' illegitimacy, Defendants failed to afford Plaintiffs an opportunity to be heard, thereby violating procedural due process rights.

iv.    **Violation of Title VI of the Civil Rights Act of 1964**

(42 U.S.C. § 2000d)

Defendants engaged in racially discriminatory conduct by unlawfully denying Plaintiffs access to judicial remedies. The differential treatment Plaintiffs received, based on race, constitutes unlawful discrimination in violation of Title VI, which prohibits racial discrimination in programs receiving federal financial assistance.

v.   **Deprivation of Rights Under Color of Law**

(18 U.S.C. § 242)

Defendants, acting in an official capacity, willfully deprived Plaintiffs of their constitutional rights through discriminatory practices, procedural obstruction, and unjust denial of access to the judiciary. These actions constitute a violation of federal law prohibiting deprivation of rights under color of law.

vi.   **Legal Malpractice & Negligence**

(State Law)

Defendants exhibited gross negligence and legal malpractice by failing to address Plaintiffs' legitimate legal concerns despite acknowledging the presence of falsified legal documents. Their failure to take corrective action or provide redress resulted in substantial harm to Plaintiffs, violating their right to competent legal process.

**vii.    Violation of the 5th Amendment – Due Process Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants denied Plaintiffs due process by failing to respond to their formal legal submissions, thereby depriving them of a fair and impartial judicial review. This constitutes a deprivation of life, liberty, or property without due process of law.

**viii.    Violation of the 6th Amendment – Right to a Fair Trial**

(42 U.S.C. § 1983)

Defendants obstructed Plaintiffs' access to justice by ignoring their attempts to engage with the court, thereby violating their right to a fair and impartial trial. The denial of meaningful participation in legal proceedings directly infringes upon their 6th Amendment protections.

**ix.    Violation of the 8th Amendment – Cruel and Unusual Punishment**

(42 U.S.C. § 1983)

The prolonged legal and emotional distress suffered by Plaintiffs, exacerbated by Defendants' refusal to address their legitimate concerns, amounts to cruel and unusual punishment. The systemic neglect displayed by the courthouse further constitutes a violation of Plaintiffs' constitutional protections.

**x.    Violation of the 14th Amendment – Equal Protection Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants denied Plaintiffs equal protection under the law by subjecting them to unjust procedural barriers and discriminatory treatment. This unequal application of judicial access and redress constitutes a direct violation of their 14th Amendment rights.

**xi.    Violation of the 14th Amendment – Due Process Clause**

(42 U.S.C. § 1983)

Defendants disregarded Plaintiffs' formal legal submission, depriving them of a fair hearing and violating their fundamental right to due process under the law.

**xii.    Deprivation of Rights Under Color of Law**

(State & Federal Law)

The deliberate failure of the judge and/or other court officials to acknowledge or respond to Plaintiffs' formal submissions, particularly in the context of a potential conspiracy to obstruct justice, constitutes a willful deprivation of Plaintiffs' rights under the color of law. This obstruction unlawfully impedes Plaintiffs' ability to seek and obtain judicial relief.

∾

78. On or about **15 January 2025**, the First Defendant's legal counsel, **knowingly** and **repeatedly** asserted the existence of a **"Protection From Intimidation (PFI)"** order in **another attempt** to **pressure** the Plaintiff, **Monique N. Holmes**, into **relinquishing** their **custodial rights**. (***Exhibit: 45***)

79. The **document referenced was, in fact, a "Protection From Abuse" (PFA)** order, **which pertains exclusively to allegations of abuse**, and is **distinct in its legal purpose** and **wholly unrelated to the circumstances at issue** suggested by the Defendants.

80. The Defendant's statements concerning the PFI order were **materially false** and **misleading, constituting** an **act** of **deliberate misrepresentation**.

81. **Notwithstanding** the Plaintiffs' **clear** and **consistent assertion** of their right to have their case **heard before** a **judge**, the Defendant **persisted** in **efforts** to **coerce** the Plaintiffs into withdrawing their claims, while, simultaneously, relinquishing their custodial rights.

   **(a)** The **Defendant's conduct involved** the **use** of **deceptive tactics**, including the **presentation** of **false legal claims**, to compel the Plaintiffs to abandon their claims.

**(b) Such actions were undertaken with knowledge of their falsity** and with the intent to influence the Plaintiffs' decisions through misleading information, **calculated** to **induce fear** and/or **confusion**.

**(c) Defendant's conduct**, as **described herein**, **represents** a **willful** and **systemic disregard** for the Plaintiffs' **constitutional rights**, **including** but not limited to their **right to due process**.

## CAUSES OF ACTION

i.    **Violation of the 1st Amendment – Right to Petition the Government**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, under color of law, unlawfully interfered with Plaintiffs' 1st Amendment right to petition the government for redress of grievances by coercing and manipulating them into surrendering their custody rights under false pretenses. Defendants' actions obstructed Plaintiffs' ability to have their case fairly heard, thereby violating their constitutional rights.

ii.    **Violation of the 5th Amendment – Deprivation of Due Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants deprived Plaintiffs of life, liberty, and property without due process of law by fraudulently misrepresenting legal documents, including a fictitious

81

Protection From Intimidation (PFI) order. Such misrepresentations misled

Plaintiffs, preventing them from effectively contesting the charges against them

and undermining their fundamental due process rights.

### iii.    Violation of the 6th Amendment – Right to a Fair Trial

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Plaintiffs were denied their constitutional right to a fair and impartial trial due to

Defendants' fraudulent claims and manipulative tactics, which were designed to

pressure Plaintiffs into forfeiting their legal rights. These actions circumvented the

judicial process and obstructed the fair hearing of their case, amounting to a

violation of the 6th Amendment.

### iv.    Violation of the 14th Amendment – Due Process Clause

(42 U.S.C. § 1983)

Defendants intentionally misled Plaintiffs through the use of false legal claims and

fabricated documents, including the fictitious PFI order. Such actions coerced

Plaintiffs into abandoning their custody rights and deprived them of a fair trial,

constituting a direct violation of the Due Process Clause of the 14th Amendment.

### v.    Fraudulent Misrepresentation

(State Civil Fraud Law; 18 U.S.C. § 1341; 42 U.S.C. § 1983)

Defendants knowingly and willfully misrepresented the existence of a Protection From Intimidation (PFI) order, when in fact a Protection From Abuse (PFA) order was referenced. This fraudulent misrepresentation altered the outcome of Plaintiffs' case, causing material harm and constituting actionable fraud under state & federal law.

### vi.     Deprivation of Rights Under Color of Law

(18 U.S.C. § 242)

Defendants, acting under color of law, deprived Plaintiffs of their constitutional rights through deceptive and fraudulent legal tactics, coercing them into surrendering custody rights under false legal pretenses. Such conduct violates 18 U.S.C. § 242.

### vii.     Civil Rights Violations

(42 U.S.C. § 1983)

Defendants' actions directly resulted in the deprivation of Plaintiffs' constitutional rights, including the right to due process and a fair hearing. The use of fraudulent documents and coercive tactics obstructed Plaintiffs' ability to participate in a fair legal process, thereby constituting a violation of 42 U.S.C. § 1983.

**viii.  Conspiracy to Defraud**

(18 U.S.C. § 371; 42 U.S.C. § 1983)

Defendants engaged in a coordinated scheme to manipulate, deceive, and coerce Plaintiffs into surrendering their legal rights by fabricating legal documents and misrepresenting legal actions. This conspiracy constitutes a violation of 18 U.S.C. § 371 and supports a claim under 42 U.S.C. § 1983.

**ix.  False Statements**

(18 U.S.C. § 1001)

Defendants knowingly made false statements regarding the nature and existence of a Protection From Intimidation order, thereby violating federal law. These deliberate falsifications were intended to manipulate Plaintiffs and obstruct the administration of justice, in direct contravention of 18 U.S.C. § 1001.

**x.  Mail and Wire Fraud**

(18 U.S.C. § 1341, 18 U.S.C. § 1343)

Defendants transmitted fraudulent documents and misrepresentations via mail and electronic means as part of their scheme to manipulate Plaintiffs. These acts

constitute mail fraud under 18 U.S.C. § 1341 and wire fraud under 18 U.S.C. § 1343.

### xi.    Conspiracy to Violate Civil Rights

(42 U.S.C. § 1985)

Defendants, including legal representatives from DEF666666 LLP, conspired with others to deprive Plaintiffs of their constitutional rights through fraudulent and deceitful means. This coordinated effort constitutes a civil rights conspiracy under 42 U.S.C. § 1985.

### xii.    Ethical Violations – Professional Misconduct

(ABA Model Rules of Professional Conduct)

Defendants engaged in conduct involving dishonesty, fraud, and coercion in violation of the ABA Model Rules of Professional Conduct, including Rule 4.1 (Truthfulness in Statements to Others) and Rule 8.4 (Misconduct). Their actions constitute professional misconduct warranting legal and disciplinary action.

∼

82. On **16 January 2025**, **as supported by the attached evidence**, the Plaintiffs sought legal assistance and pursued avenues for justice by reaching out to various courts:

**83.** The Plaintiffs initially contacted the **Pennsylvania Supreme Court**, who directed them to the **Pennsylvania Superior Court**. (***Exhibit: 46a, 46b***)

**84.** Upon contacting the **Superior Court**, they were informed that the matter was beyond its jurisdiction and were referred back to the **Supreme Court**. (***Exhibit: 46c***)

**85.** After presenting their situation to the **Supreme Court**, they were referred to the **Pennsylvania Attorney General**, who subsequently referred them to the **Administration Office of Pennsylvania Courts**. (***Exhibit: 46d***)

(**a**) Upon speaking with the **Administration Office of Pennsylvania Courts**, the Plaintiffs were unable to obtain a direct contact number and were instead transferred to the **Judicial District Operations line**. (***Exhibit: 46e***)

(**b**) The Plaintiffs left **two messages**, including their **contact information** and a **brief description** of the **issue**… To date, **no response has been received**.

(**c**) The **clerk** at the **Administration Office** of **Pennsylvania Courts** indicated that **if the Plaintiffs did not receive a callback**, as is customary, they would have **legal grounds** to **file** a **civil rights lawsuit**.

(**d**) ***Records of these calls will be appended to this claim for evidentiary purposes***.

**86. Additionally**, on **16 January 2025**, the Plaintiffs made a **subsequent**, **good-faith effort** to obtain **legal assistance** by **contacting** the **American Bar Association**

(ABA) **Federal**. Despite presenting their status as Veterans, their request for assistance was denied. (*Exhibit: 47*)

(a) This **denial**, compounding prior **rejections**, alongside **persistent, systemic barriers impeding** their **ability** to **exercise** their **lawful rights** has **exacerbated** the Plaintiffs' **emotional distress** further **intensifying** their **hardship** and **suffering**.

87. On **17 January 2025**, the Second Plaintiff, **Monique N. Holmes**, received a **phone call** from her aunt, **Pamela Scott**, during which the Plaintiff was **subjected** to **severe emotional distress**. (*Exhibit: 48*)

88. **During this call**, the Plaintiff's aunt, **acting upon unfounded information**, **accused** the Plaintiff of **failing** to **protect and maintain custody rights** over **her child**.

(a) The aforementioned allegations were **directly influenced by false** and **defamatory claims propagated** by the First & Third Defendants, **Tracey L. Chance & Ailani J. Orr**.

(b) **Specifically**, the **Defendants maliciously alleged** that the Plaintiff **exhibited a lack of protective parenting** and **engaged** in **purported acts of misconduct** of a **sexual nature**. These statements were **wholly false, inflammatory**, and **without merit**.

87

89. **As evidenced in the attached documentation**, the Plaintiff's **aunt** is **prepared** to **testify** that the First Defendant **contacted** the Second Plaintiff's mother, **Karen Macklin** — who is also the **aunt's sister** — and **conveyed** the **same false allegations previously mentioned**.

90. **During this communication**, the First Defendant, **Tracey L. Chance, advised** the Second Plaintiff's mother, **Karen Macklin**, who is **also** the **grandmother** of the Third Defendant, **Ailani J. Orr**, to **prevent Ailani J. Orr from visiting her own mother**, Second Plaintiff, **Monique N. Holmes**.

   (a) *This directive was allegedly justified by the aforementioned falsified PFAs.*
   (b) The **Defendants, acting in concert**, with the **intent to defame, inserted these false allegations** into Protection from Abuse (**PFA**) orders **without supporting evidence, causing severe emotional** and **reputational harm**.

91. **As substantiated by the attached phone records & phone recording**, on **26 December 2024, Anthony J. Orr, Sr.**, the **biological paternal grandfather** of the Third Defendant, **Ailani J. Orr, contacted** the **Plaintiffs via telephone prior** to the **Plaintiffs being formally served** with the two (**2**) Protection From Abuse (**PFA**) orders.

92. **During** the **aforementioned phone call, as corroborated in the phone recording** (*Exhibit: 49a 13:20 mark*), the **grandfather explicitly informed the**

**Plaintiffs** that the First Defendant, **Tracey L. Chance**, **had contacted** the Second Plaintiff's, **Monique N. Holmes**, **mother** and **sister**, **Karintha Holmes**, to **convey** that the **Monique N. Holmes' child**, the Third Defendant, **could no longer reside in the home with her** and/or **have contact with her**.

*(a) Notably, this information, considering the date, was communicated prior to these subsequent affirmations by the Plaintiff's aunt.*

93. The **grandfather further asserted** that the First Defendant, **Tracey L. Chance**, had **purportedly attempted to contact** the Second Plaintiff, **Monique N. Holmes**, to **explain** the **circumstances surrounding** *her* **child's removal**. (*Exhibit: 49a 17:10 mark*)

(a) However, **as evidenced by the phone records**, no such attempt was made.

(b) **Should the Defendant claim otherwise**, *her own phone records can be presented* to **verify the absence** and/or **existence of such communication**.

94. As a direct and proximate result of **Tracey L. Chance & Ailani J. Orr's** actions, **Monique N. Holmes' relationship with her mother has been irreparably damaged** and is **now completely severed,**

(a) With **both Plaintiffs suffering ongoing erosion of other critical family relationships**; with unity among family members being deeply compromised.

**95.** The Second Plaintiff, **Monique N. Holmes, due to the profound emotional anguish caused by the Defendants'** conduct, **no longer wishes to maintain** and/or **restore this familial relationship.**

**(a) Accordingly,** the **Plaintiffs respectfully petition this Honorable Court to impose the maximum permissible sanctions,** including, where applicable, terms of **incarceration, considering the egregious conduct exhibited** by the First Defendant, **Tracey L. Chance;**

**(b) Said conduct constitutes fraud, deception,** and **conspiracy,** resulting in **substantial violations** of the Plaintiffs' **constitutionally protected rights,** in contravention of the **United States Constitution** and the **Civil Rights Act of 1964.**

## CAUSES OF ACTION

i.    **Violation of the 1st Amendment – Right to Petition the Government**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Plaintiffs allege that Defendants willfully and/or maliciously engaged in defamatory conduct designed to suppress Plaintiffs' right to free speech and damage their reputations. Defendants knowingly made false, injurious, and defamatory statements with the intent to cause reputational and professional harm, thereby violating Plaintiffs' constitutional protections under the 1st Amendment.

ii.    **Violation of the 5th Amendment – Deprivation of Due Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants engaged in the fraudulent procurement and enforcement of Protection from Abuse (PFA) orders against Plaintiffs, resulting in the deprivation of Plaintiffs' liberty and property interests without due process of law. The issuance and enforcement of said orders were executed without just cause or a fair hearing, violating Plaintiffs' constitutional rights under the Due Process Clause of the 5th Amendment.

iii.    **Violation of the 14th Amendment – Equal Protection Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants engaged in discriminatory and selective enforcement of fraudulent allegations, subjecting Plaintiffs to undue harm, emotional distress, and reputational damage while failing to provide them the same legal protections afforded to others. This constitutes a violation of Plaintiffs' rights under the Equal Protection Clause of the 14th Amendment.

iv.    **Violation of the 14th Amendment – Due Process Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

91

Defendants, in concert with government officials, willfully engaged in the misuse of legal mechanisms, including the fraudulent issuance and enforcement of PFA orders, thereby depriving Plaintiffs of their right to due process. Plaintiffs were denied a fair and impartial proceeding, resulting in unwarranted legal, emotional, and reputational consequences.

**v.     Defamation**

(State Law)

Defendants engaged in willful and malicious defamation by making false, damaging, and injurious statements against Plaintiffs, including baseless allegations of "sexual misconduct" and "unprotective behavior." These statements were made with the intent to harm Plaintiffs' reputations, causing lasting emotional distress and professional damage.

**vi.     Intentional Infliction of Emotional Distress**

(State Law Tort)

Defendants intentionally inflicted severe emotional distress upon Plaintiffs by fabricating and disseminating false and degrading allegations. Said conduct was extreme, outrageous, and designed to cause Plaintiffs substantial mental and emotional suffering, disrupting their personal and professional lives.

vii. **False Light**

(State Law)

Defendants publicized false and misleading information that placed Plaintiffs in a highly offensive and misleading light. The fraudulent PFA orders and accompanying false accusations were knowingly disseminated with reckless disregard for the truth, causing severe reputational harm and undue hardship to Plaintiffs.

viii. **Conspiracy to Defraud**

(18 U.S.C. § 371; 42 U.S.C. § 1983)

Defendants, in concert with personnel from the York County Judicial Center & the York County Police Department, conspired to defraud Plaintiffs through the fabrication of false allegations, issuance of fraudulent PFA orders, and intentional misrepresentation of facts. This coordinated effort resulted in severe emotional, professional, and social harm to Plaintiffs.

ix. **Deprivation of Rights Under Color of Law**

(18 U.S.C. § 242)

To the extent that government officials were complicit in enabling or failing to prevent the unlawful issuance and enforcement of fraudulent PFA orders, such actions constitute a violation of Plaintiffs' civil rights under 18 U.S.C. § 242. Plaintiffs were subjected to unlawful state action, depriving them of their constitutional protections and legal safeguards.

∾

96. From about **26 December 2024**, through **15 January 2025**, the Plaintiffs **identified numerous, significant inconsistencies** in **official documentation** related to their case.

97. These **discrepancies, upon reasonable belief**, were **not mere clerical errors** but appeared to be **deliberate tactics** employed as **part of a coordinated scheme**.

(**a**) Plaintiffs assert that these **actions were orchestrated by the Defendants**, with the alleged **cooperation** of the **York County Judicial Center**, its **Prothonotary Office**, and the **York County Police Department, as corroborated by the documentation provided herein**.

98. **In response to these concerns**, the **Plaintiffs diligently sought assistance from various reputable professionals, public officials** and **institutions**, including Governor **Josh Shapiro**, Representative **Carol Hill-Evans**, Attorney **Ben Crump, David Trevaskis**, Judges **Robert A. Eckenrode & Gregory M. Snyder**, the

Federal Bureau of Investigation (**FBI**), and the Veterans Affairs (**VA**) Crisis Line, **among others**. (***Exhibit: 50***)

(a) **These outreach efforts were made in good faith**, with the **intent of obtaining clarification**, **guidance**, and/or **potential intervention** regarding the perceived irregularities.

(b) Despite these extensive outreach efforts, **no effective resolution was achieved**.

(c) **Consequently**, the **Plaintiffs were left to navigate** the **complexities of the legal system without legal representation** and/or **professional guidance**;

(d) *Shouldering the entirety of the legal burden on their own*.

(e) The **Plaintiffs respectfully request that the Court give due consideration to these circumstances** and the **impact they have had on their legal standing and personal well-being**.

(f) This **experience** has **caused** the Plaintiffs **significant distress** and has **raised substantial concerns** about the **integrity** of the **process** in **question**.


## CAUSES OF ACTION

i.    **Violation of the 1st Amendment – Right to Petition the Government**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of law, unlawfully obstructed Plaintiffs' constitutionally protected right to petition the government for redress of grievances. This obstruction was effectuated through the deliberate manipulation of legal processes, hindrance of access to legal counsel, and interference with Plaintiffs' ability to seek governmental intervention. Such actions constitute a willful deprivation of Plaintiffs' rights and an egregious abuse of authority.

ii.     **Violation of the 5th Amendment – Deprivation of Due Process**
(42 U.S.C. § 1983)

Defendants deprived Plaintiffs of their constitutional right to due process by engaging in the manipulation of official legal documents and systematically obstructing Plaintiffs' access to lawful recourse. The Defendants' deliberate actions caused significant emotional distress, financial harm, and undue suffering, all while depriving Plaintiffs of fundamental protections guaranteed under the 5th Amendment.

iii.    **Violation of the 14th Amendment – Due Process Clause**
(42 U.S.C. § 1983)

Defendants willfully denied Plaintiffs their right to procedural due process by intentionally withholding legal guidance, obstructing access to legal representation,

and creating an environment where Plaintiffs were left to navigate a complex legal system without proper assistance. This systemic obstruction directly impaired Plaintiffs' ability to pursue justice and deprived them of the protections afforded under the 14th Amendment.

### iv. Conspiracy Against Rights

(18 U.S.C. § 241)

Defendants, in coordination with the York County Judicial Center and the York County Police Department, conspired to deprive Plaintiffs of their constitutional rights by engaging in a calculated and orchestrated effort to manipulate legal documents, obstruct access to justice, and interfere with Plaintiffs' ability to receive a fair legal process. Such concerted actions constitute a direct violation of 18 U.S.C. § 241 and demonstrate an egregious abuse of governmental power.

### v. Deprivation of Rights Under Color of Law

(18 U.S.C. § 242)

Defendants, including officials within the court and law enforcement, unlawfully deprived Plaintiffs of their constitutional rights through actions taken under the color of law. These actions included deliberate obstruction of Plaintiffs' access to

legal assistance and representation, thereby violating 18 U.S.C. § 242 and resulting in the systemic denial of Plaintiffs' fundamental protections.

### vi.    Civil Rights Violations Under Color of Law

(42 U.S.C. § 1983)

Defendants, acting under the authority of state and local government, engaged in conduct that deprived Plaintiffs of their constitutional rights, including their right to a fair legal process. The willful obstruction of Plaintiffs' attempts to expose systemic legal manipulation, coupled with the failure of government officials to act in accordance with their duties, constitutes a direct violation of 42 U.S.C. § 1983.

### vii.    Legal Malpractice and Professional Negligence

(State & Federal Law)

Defendants, including attorneys, legal professionals, and public officials, breached their professional and ethical duties by failing to provide Plaintiffs with proper legal guidance. As a direct result of this negligence, Plaintiffs were unlawfully forced to represent themselves in a complex and deliberately hostile legal environment, significantly impairing their ability to receive fair adjudication.

### viii.    Conspiracy to Defraud

98

(18 U.S.C. § 371; 42 U.S.C. § 1983)

Defendants, in concert with personnel from the York County Judicial Center & the York County Police Department, conspired to defraud Plaintiffs through the fabrication of false allegations, issuance of fraudulent PFA orders, and intentional misrepresentation of facts. This coordinated effort resulted in severe emotional, professional, and social harm to Plaintiffs.

ix.    **Violation of the RICO Act**

(18 U.S.C. § 1961 et seq.)

If the coordinated actions of Defendants—including the York County Judicial Center and the York County Police Department — constitute a pattern of racketeering activity designed to manipulate legal outcomes for personal or institutional gain, such conduct falls within the scope of the Racketeer Influenced and Corrupt Organizations Act (RICO). Plaintiffs reserve the right to present further evidence demonstrating an ongoing criminal enterprise designed to subvert justice through systemic corruption and abuse of power.

∾

99. On or about **21 January 2025**, the Plaintiffs, **after more than a week of diligent communication with the York County Judicial Center,** including the **submission of a formal letter to Judge Robert A. Eckenrode, confirmed** that **no**

**cases were found** within the court's system under the provided Protection From Abuse (**PFA**) case numbers: **2020-FC-001144-12A** and **2024-FC-002653-12A**. (*Exhibit: 27, 28*)

100.    The Plaintiffs **also verified the absence of any scheduled appointments** associated with their **names** or **birthdates**. This was further **corroborated through screenshots of the York County Judicial Center's Active Docket, which reflected no pending matters** related to the Plaintiffs (*Exhibit: 51*)

101.    **Despite the verified absence of any active cases**, the First Defendant, Tracey L. Chance, through counsel at the **MPL Law Firm LLP**, **inexplicably scheduled a court hearing for 22 January 2025**, concerning the aforementioned **non-existent cases**.

102.    **At no point** did the **MPL Law Firm LLP** or the **York County Judicial Center** provide **proper service** and/or **documentation substantiating the existence** and/or **legitimacy of the scheduled hearing**. (*Exhibit: 45, 52*)

(a) **As shown in the records**, notification was only provided via email by **Suzanne H Griest** on the evening of **21 January 2025 (6:36** p.m.), mere hours before the scheduled proceeding (**8:30** a.m., **22 January 2025**).

(b) The Plaintiffs contend that **this notification was unreasonable and legally insufficient**, as it **failed to adhere to established procedural requirements for notice and service**, resulting in an **unfair disadvantage** to the Plaintiffs.

**(c) Additionally, no orders** and/or **related documentation were reflected** in the court's online database, as **evidenced by timestamped screenshots**. (*Exhibit: 27, 28, 51*)

**(d)** *As shown in the evidence attached hereto, the Plaintiffs also appeared in person at the courthouse, 07 January 2025, further demonstrating their clear intent and willingness to participate in legal proceedings.* (*Exhibit: 32, 33*)

103.    **Notwithstanding these facts**, the **Defendants falsely reported the Plaintiff(s) as having failed to appear, unjustly categorizing them** as a "*no-show*" despite physical evidence to the contrary.

(a) The **Defendants' actions effectively obstructed** the **Plaintiff's right** to a **fair trial, constituting** a **direct violation** of their **constitutional rights**, including but not limited to the **6th Amendment**.

104.    **As shown in the evidence attached hereto**, prior to the scheduled court date, the Plaintiffs informed the **MPL Law Firm LLP**, the legal counsel for the **Tracey L. Chance & Ailani J. Orr**, that **due** to the **improper notice**, a "**continuance**" **was necessary** to ensure fair legal representation.

105.    The Plaintiff explicitly stated that failure to accommodate this request would result in further legal action for the infringement of their constitutional rights.

(a) **Despite clear legal prohibitions**, Defendants have **willfully** and **unlawfully proceeded** with **court actions** that are **improper** and **without merit**. Their continued engagement in such proceedings **constitutes** a **blatant disregard** for the **law** and the **rights** of the **Plaintiffs**.

(b) Accordingly, **Plaintiffs respectfully request that this Court grant** an **Immediate Summary Judgment** in **their favor**. Given the unlawful nature of Defendants' actions, Plaintiffs assert that **such relief is warranted without delay**.

## CAUSES OF ACTION

i.  **Violation of the 1st Amendment – Right to Petition the Government**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

The Defendants, acting under the color of law, deprived Plaintiffs of their 1st Amendment right to petition the government for redress of grievances by obstructing their access to due process. Specifically, Defendants scheduled hearings for non-existent cases, failed to provide notice, and prevented Plaintiffs from obtaining necessary information regarding their legal matters. These actions effectively barred Plaintiffs from properly challenging judicial proceedings, thereby infringing upon their constitutional rights.

### ii.    Violation of the 5th Amendment – Deprivation of Due Process

(42 U.S.C. § 1983; 18 U.S.C. § 242)

The Defendants deprived Plaintiffs of their right to due process under the 5th Amendment by scheduling hearings for cases that did not exist, failing to provide adequate notice, and denying Plaintiffs the opportunity to respond. These actions resulted in an arbitrary and capricious deprivation of Plaintiffs' life, liberty, and property without due process of law. Plaintiffs were not afforded a meaningful opportunity to prepare for or contest proceedings that were falsely initiated against them.

### iii.    Violation of the 6th Amendment – Denial of Fair and Impartial Trial

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants violated Plaintiffs' 6th Amendment rights by scheduling hearings for non-existent cases, failing to provide sufficient notice, and impeding Plaintiffs' ability to effectively prepare for legal proceedings. These actions resulted in the denial of Plaintiffs' right to a fair and impartial trial, thereby infringing upon their fundamental constitutional protections.

### iv.    Violation of the 14th Amendment – Due Process Clause

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants violated Plaintiffs' procedural due process rights under the 14th Amendment by failing to provide proper notice of scheduled hearings, failing to officially record court orders, and obstructing Plaintiffs' ability to access and verify case records. These actions deprived Plaintiffs of a fair opportunity to present their case, thereby constituting a violation of their constitutional rights.

v.    **Deprivation of Rights Under Color of Law**

(18 U.S.C. § 242)

Defendants, acting under color of law, willfully deprived Plaintiffs of their constitutional rights by manipulating the court system to create false case records, schedule fictitious hearings, and withhold critical case information. Despite Plaintiffs' efforts to clarify the situation, Defendants deliberately misrepresented the existence and scheduling of cases, thereby engaging in conduct that constitutes an unlawful deprivation of rights under 18 U.S.C. § 242.

vi.    **Civil Rights Violations Under Color of Law**

(42 U.S.C. § 1983)

Defendants, including public officials, legal representatives, and agents of MPL Law Firm, LLP and the York County Judicial Center, acted in concert to manipulate judicial proceedings, falsify records, and improperly schedule hearings

104

for cases that did not exist. These actions constitute a direct violation of Plaintiffs'
civil rights under 42 U.S.C. § 1983, as they resulted in the deprivation of
fundamental constitutional protections.

### vii.    Fraud & Misrepresentation

(State & Federal Law)

Defendants knowingly and/or intentionally misrepresented material facts regarding
court proceedings, including the false scheduling of hearings for non-existent cases
and the failure to provide official notice to Plaintiffs. This conduct constitutes fraud
and misrepresentation, as it was designed to deceive and obstruct Plaintiffs from
exercising their legal rights, causing them significant harm.

### viii.   Violations of State Rules of Civil Procedure & Local Court Rules

Defendants' actions, including improper case scheduling, failure to provide proper
notice, and inaccurate case recordkeeping, violate established state procedural rules
and local court rules. These violations undermine the integrity of the judicial
system and have caused irreparable harm to Plaintiffs by denying them a fair and
lawful legal process.

106.    On **22 January 2025**, Defendants obtained a "***Final* Protection From Abuse Order**" (***FPFA***) against First Plaintiff, **William E. Lewis, Jr.**, based on the **fictitious Case** No. **2024-FC-002653-12A**. This **order** was **issued** following a court hearing for which Plaintiffs were provided with notice at the last minute, effectively **preventing any opportunity to appear** and/or **defend** against the **alleged claims** in a ***nonexistent case***. (***Exhibit: 53, 54, 55***)

107.    **Further compounding this violation**, the PFA was **signed by Judge Richard K. Renn**, who had **no affiliation** with the **original case**, as confirmed by **Nautica D. Chance**, and the **MPL Law Firm LLP**. (***Exhibit: 52a, 53e, 54d***)

(**a**) If the Protection From Abuse (**PFA**) **orders were issued against** the First Plaintiff, **William E. Lewis, Jr.**, it is **unclear why the Defendants'** legal representatives, **MPL Law Firm LLP**, **failed** to **communicate directly** with **him**.

(**b**) The **Defendants had access to his contact information**, including his **email**, **phone number**, and **residential address**... **Despite this**, they **continued to direct all correspondence through** the Second Plaintiff, **Monique N. Holmes**, while ***simultaneously asserting that the legal matter pertained to William E. Lewis, Jr. and not Monique N. Holmes***. This raises significant procedural concerns regarding proper notice and due process.

**108.** **Furthermore**, the Defendants **executed** a **transfer of custody** concerning the Second Plaintiff, **Monique N. Holmes**, **basing this action upon** the First Plaintiff's, **William E. Lewis, Jr., final PFA**.

(a) This **action** was taken **without proper legal authority** or **adherence to due process**, constituting an **unlawful deprivation of rights**. The Plaintiffs contend that this **transfer was improper, legally unsound**, and in **direct violation** of **established legal procedures governing custody determinations.** **Request for Immediate Summary Judgment**.

**109.** **Due to the egregious nature of these violations**, including the **failure to provide appropriate notice** and the **unauthorized custody transfer**, the Plaintiffs **respectfully request** an **immediate summary judgment**.

(a) **Given** the **clear procedural** and **substantive legal infractions**, *a 20-day response period is unnecessary*, as the **matter warrants urgent judicial intervention**.

**110.** **Notably**, the Second Plaintiff, **Monique N. Holmes, was not served** with any **Final PFA** order, yet, **as a direct result**, Plaintiff's **parental rights were wrongfully revoked, depriving her of custody of her minor child until the child reaches adulthood**.

(a) This **action constitutes** a **clear violation** of the Plaintiff's **parental rights**, **protected** under the **9th & 14th Amendments** of the **U.S. Constitution**.

(b) **Furthermore**, these **actions constitute** a **violation** of **42 U.S.C. § 1983** by denying the **Plaintiffs due process** and/or **equal protection under the law**.

111.    **Additionally**, **22 January 2025**, the Plaintiffs reached out to the **United States District Court** in **Scranton, PA**. to **explain their circumstances**. They were **advised** to **file** a **Civil Rights Complaint** with the **United States District Court** for the **Middle District** of **Pennsylvania**. (*Exhibit: 56*)

(a) **Consequently**, the Plaintiffs are **once again compelled** to **file** this **Civil Complaint** in **search** of **justice**.

(b) *This ongoing cycle of frustration has caused severe physical, emotional, financial, and spiritual distress, resulting in significant anguish.*

## CAUSES OF ACTION

i.    **Violation of the 1st Amendment – Right to Petition the Government**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of law, willfully obstructed Plaintiffs' fundamental right to petition the government for redress of grievances by imposing unreasonable barriers to their access to legal remedies. Plaintiffs were subjected to

108

unnecessary, duplicative, and deliberately confusing procedures that impeded their ability to file a Civil Rights Complaint, effectively depriving them of meaningful access to justice.

### ii.     Violation of the 5th Amendment – Deprivation of Due Process
(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants deprived Plaintiffs of their constitutionally protected right to due process by creating an unjust cycle of legal obstruction, confusion, and misinformation, preventing them from effectively asserting their legal claims. As a direct result, Plaintiffs suffered undue physical, emotional, and financial distress, constituting an egregious deprivation of their fundamental rights.

### iii.     Violation of the 6th Amendment – Right to a Fair and Impartial Trial
(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants' conduct, including but not limited to the intentional obstruction of access to legal resources and assistance, materially hindered Plaintiffs' ability to prepare and present their case, effectively depriving them of their right to a fair trial. The systemic failure to provide necessary guidance forced Plaintiffs into an inefficient and confusing legal process, thereby violating their 6th Amendment rights.

**iv.    Violation of the 14th Amendment – Equal Protection Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of law, denied Plaintiffs equal protection by arbitrarily and selectively withholding access to legal information and assistance that was readily available to others similarly situated. Plaintiffs were subjected to differential treatment without a legitimate basis, amounting to discrimination and an egregious violation of their 14th Amendment rights.

**v.    Violation of the 14th Amendment – Due Process Clause**

(42 U.S.C. § 1983)

Defendants failed to establish or maintain fair, transparent, and accessible legal procedures, thereby depriving Plaintiffs of their due process rights. The systemic mismanagement and obstruction caused undue delay, confusion, and emotional distress, exacerbating Plaintiffs' harm and effectively barring them from pursuing their claims in a just and timely manner.

**vi.    Deprivation of Civil Rights Under Color of Law**

(42 U.S.C. § 1983)

Defendants, acting in their official capacity within the York County Judicial

Center's Self-Help Center, willfully obstructed Plaintiffs' ability to file a Civil

Rights Complaint by failing to provide appropriate assistance or by intentionally

misleading Plaintiffs regarding the filing process. These actions directly

contributed to Plaintiffs' ongoing cycle of legal distress and unjust denial of

constitutional protections.

### vii.  Willful Deprivation of Rights Under Color of Law

(18 U.S.C. § 242)

Defendants knowingly and willfully engaged in conduct designed to deprive

Plaintiffs of their constitutionally guaranteed rights. The intentional obstruction

and undue hardship imposed upon Plaintiffs constitute a violation of federal law, as

Defendants acted with deliberate indifference to Plaintiffs' rights and suffering,

prolonging their legal struggles and exacerbating their injuries.

∾

**112.**      On **23 January 2025, pursuant** to an **illegitimate** Protection from Abuse

**(PFA)** order, Case No. **20204-FC-002653-12A, Sheriff Deputies** from the **York**

**County Sheriff's Office** (Badge Nos. **12-334 & 12-235) served** the First Plaintiff,

**William E. Lewis, Jr.**, with a **second copy** of the **Final PFA, previously issued**

by the courthouse, a **day earlier**, notably on **different textured paper**. (*Exhibit: 54*)

113.     During said service, deputies **entered into the Plaintiffs' home** and **seized** the First Plaintiff's **lawfully owned firearms**, specifically two **identical, never-before-fired Sig Sauer P320 9mm Carry-Size pistols** (excluding cartridges) and one (**1**) *never-before-fired* **Mossberg 590 Shockwave 12-gauge pump shotgun**, **equipped** with a **tactical sling**, **red dot sight**, and **side-saddle shell holder**, **fitted** with **tactical, handle-grip tape, as evident in the submitted video footage**. (*Exhibit: 57a 2:40 mark, 57b 00:20, 57b 00:45 mark*)

114.     The **court order unjustly suspends** the Plaintiff's **2nd Amendment rights** for, a **minimum** of (**3**) **three years** based on **unsubstantiated allegations**.

(a) The **Plaintiff** also **fears** that the **York County Judicial Center** and/or **York County Sheriff's Office** may have **filed charges without his knowledge**, potentially **leading to retaliation** and/or **incarceration under** what the Plaintiff perceives as a **corrupt law enforcement system**. Based on the publicly documented hearing concerning **Everett Palmer, Jr.**, an **African American** citizen who **died** while **under** the **supervision** of the *same* **department**. (*Exhibit: 58*)

**115.**    When presenting the **"Seizure of Weapons"** order to First Plaintiff, **William E. Lewis, Jr.**, Officer No. **12-334** stated the form was **handwritten** due to *printer issues*. (***Exhibit: 55g*** *00:10 mark*)

(**a**) This explanation **casts doubt on the authenticity of the documentation** and the **legality of the seizure**.

(**b**) The Plaintiffs believe this was an **improper method of service**, given the **case number's nonexistence** in the **system**, and **suspect broader systemic corruption**.

(**c**) The **York County Sheriff's Office** unlawfully **confiscated** the Plaintiff's, **William E. Lewis, Jr.**, **firearms** and **may have stolen them outright**, as evidenced by the **lack of any legitimate case** and **irregular documentation**.

(**d**) **Additionally**, the Plaintiffs assert that these **actions** were **racially discriminatory**, as they believe **such actions would not have been taken against** a *white individual* and/or *white family*.

**116.**    **Officer Badge No**. **12-334** allowed First Plaintiff, **William E. Lewis, Jr.**, to **retain his ammunition** despite the **Plaintiff offering to surrender** it and the **PFA explicitly prohibiting possession of firearms** and/or **ammunition**.

(**a**) This **selective enforcement** appeared to be a **deceptive tactic** to **create grounds** for **future arrest**.

113

**117.**    **As a direct result**, the Plaintiff, **William E. Lewis, Jr.**, **disposed** of **all lawfully owned ammunition** to **avoid potential legal consequences**.

**(a)** This **seizure** occurred **without probable cause**, violating the Plaintiff's **4th Amendment right** against **unreasonable searches and seizures** and infringing upon the Plaintiff's **2nd Amendment right to keep and bear arms**. The Plaintiff *respectfully requests that the Court acknowledge these constitutional violations* and **provide appropriate relief** in **accordance with the law**.

**(b)** Moreover, the **public nature of the search**, conducted in **view** of **neighbors** and **schoolchildren**, caused significant **embarrassment** and **reputational harm** to the Plaintiff.

**(c)** The **confiscation** of property was based on a **fabricated court order with no legal validity**, infringing upon the Plaintiff's **privacy** and **property rights**.

**(d)** The **baseless PFA order** and the **suppression** of the Plaintiff's **ability** to **legally challenge** the **allegations infringed upon** the Plaintiff's **1st Amendment rights**. By **obstructing** the Plaintiff's **right to petition the government** and **defend himself**, the Defendants intentionally stifled the Plaintiff's voice and **deprived** him of his **constitutional right** to a **fair defense**.

**(e)** **Upon inquiry**, officers indicated that the Plaintiff's firearms were to be surrendered under **"Federal Law,"** despite the alleged victim **not residing in the same household**. The Plaintiff's response, **"*That's cool... That means there will be***

114

*a Federal Case against them*," is the basis for the Plaintiffs' decision to bring this matter before **Federal Court**. (***Exhibit: 55g*** *01:25 mark*)

118.     **As a direct result of the illegitimate PFA**, Second Plaintiff, **Monique N. Holmes**, was **unlawfully stripped of her custodial rights to her minor child**, *without being convicted of any crime*, violating her constitutional rights under the **9th** and **14th Amendments**. The Defendants' actions directly infringed upon her parental rights without due process, in violation of **42 U.S.C. § 1983**.

(**a**) These actions are **unconscionable**, causing irreparable emotional harm to the Plaintiffs, including the **fear of further retaliation** and/or **wrongful incarceration**.

(**b**) The Plaintiffs assert that the actions of the **York County Judicial Center**, the **York County Sheriff's Office**, and the **Defendants**, **reflect** a **deliberate conspiracy** of **corruption**.

(**c**) The Defendants' **motives were malicious**, and their **conduct** was a **gross violation** of the law, *obliterating any claim to qualified immunity*.

119.     Second Plaintiff, **Monique N. Holmes**, who also received an "**Initial**" PFA, **did not have her firearm license revoked**, highlighting further **procedural inconsistencies**.

115

120.    However, the **York County Judicial Center** and/or the **York County Sheriff's Department**, in conjunction with the **Defendants**, failed to serve Second Plaintiff, **Monique N. Holmes**, with a **corresponding "Final" PFA** documentation *despite her direct involvement in the case.*

121.    **Additionally**, **custodial rights** were **granted** to First Plaintiff, **William E. Lewis, Jr.,** *who is not the biological parent,* **without legal basis** and/or **justification**.

122.    **Further investigation**, the Plaintiffs have **discovered a pattern of systemic misconduct** involving the **fabrication of allegations and legal documents,** *over the past decade,* pointing to a **broader conspiracy** in **violation** of **42 U.S.C. § 1985**.

(a) This **conspiracy,** *involving multiple cases and actors,* illustrates a **systematic pattern of malicious intent** and **abuse of power**, violating **42 U.S.C. § 1985**, aimed at depriving the Plaintiffs of their civil rights.

(b) The Plaintiffs assert that these **actions represent** a **concerted effort** to **intimidate, harm,** and **unlawfully deprive** them of their **civil** and **constitutional rights** under the color of law.

## CAUSES OF ACTION

i.    **Violation of the 1st Amendment – Right to Petition the Government**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of law, unlawfully infringed upon the Plaintiff's 1st Amendment rights by preventing the Plaintiff from defending themselves in legal proceedings, thereby stifling their ability to challenge fraudulent actions in court. Such actions constitute an unconstitutional restraint on the Plaintiff's right to free speech and the right to petition the government for redress of grievances.

ii.    **Violation of the 2nd Amendment – Right to Bear Arms**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants deprived the Plaintiff of their constitutional right to bear arms by unlawfully confiscating their firearms under a fraudulent Protection From Abuse (PFA) order. Said confiscation was executed without probable cause, valid legal justification, or due process, thereby violating the Plaintiff's 2nd Amendment rights.

iii.    **Violation of the 4th Amendment – Protection Against Unlawful Search and Seizures**

117

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of law, conducted an unlawful search and seizure of the Plaintiff's property, including firearms, based on a fabricated and invalid court order. Said actions directly infringed upon the Plaintiff's right to privacy and protection against unreasonable searches and seizures, in violation of the 4th Amendment.

iv.   **Violation of the 5th Amendment – Deprivation of Due Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants unlawfully deprived the Plaintiff of liberty and property without due process of law. This includes the unlawful suspension of the Plaintiff's parental rights and the forcible confiscation of their firearms absent a valid court order or lawful justification. Such actions constitute a direct violation of the Due Process Clause of the 5th Amendment.

v.   **Violation of the 9th Amendment – Unenumerated Rights**

(42 U.S.C. § 1983)

Defendants unlawfully deprived the Plaintiff of unenumerated constitutional rights, including the fundamental right to parental care and custody. The wrongful

removal of the Plaintiff's child without adequate due process constitutes a direct

violation of the 9th Amendment.

vi. **Violation of the 4th Amendment – Due Process Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants deprived the Plaintiff of their right to due process under the 14th

Amendment by obstructing their ability to fairly contest the fraudulent PFA order

in court. The Plaintiff was denied a meaningful opportunity to participate in legal

proceedings concerning the wrongful deprivation of their parental rights,

constituting an egregious due process violation.

vii. **Violation of the 4th Amendment – Equal Protection Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants subjected the Plaintiff to disparate and discriminatory treatment based

on their protected status, thereby denying them the equal protection of the laws as

guaranteed under the 14th Amendment. The Plaintiff was intentionally targeted

through fraudulent legal actions and deprived of constitutional protections afforded

to others similarly situated.

viii. **Deprivation of Civil Rights Under Color of Law**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of state law, willfully deprived the Plaintiff of their constitutional rights by enforcing fraudulent legal orders, engaging in judicial and law enforcement misconduct, and failing to uphold the Plaintiff's civil liberties. These actions directly violated the Civil Rights Act, 42 U.S.C. § 1983.

### ix.    Conspiracy to Interfere with Civil Rights

(42 U.S.C. § 1985)

Defendants engaged in a coordinated conspiracy to deprive the Plaintiff of their civil rights through fraud, collusion, and the deliberate manipulation of legal proceedings. This conspiracy involved judicial and law enforcement officials who fabricated evidence, falsified documents, and obstructed justice to the detriment of the Plaintiff, in violation of 42 U.S.C. § 1985.

### x.    Legal Malpractice & Negligence

(State & Federal Law)

Defendants, in their capacity as legal professionals, failed to act in accordance with their professional and ethical duties by negligently allowing, facilitating, or failing to challenge the fraudulent PFA order and its subsequent harm to the Plaintiff. Such

120

dereliction of duty constitutes legal malpractice and gross negligence, warranting

liability under applicable state & federal laws.

～

**123.**    On **24 January 2025**, First Plaintiff, William E. Lewis, Jr, contacted the

**Prothonotary Office** of the **York County Judicial Center** to **ascertain** the **court**

**fees imposed** due to a default judgment entered against him. (***Exhibit: 59***)

**(a)** The default judgment in question was purportedly issued as a direct result of

the Plaintiffs' alleged failure to appear for a scheduled court date. However, upon

inquiry, the **Prothonotary Office itself confirmed that no such court date was**

**ever scheduled**.

**124.**    **Despite this**, the Plaintiffs were **assessed court costs** totaling **$377**,

consisting of **$277** in **base fees** and a **$100 surcharge**, purportedly to cover the

Defendants' **court costs**.

**(a)** First Plaintiff, **William E. Lewis, Jr.**, was further **mandated** to **remit payment**

**within 90 days** from **22 January 2025**, with a **deadline set** for **24 April 2025**.

**Failure to comply**, as stated by the documentation, **may result in the arrest** and

**incarceration** of First Plaintiff.

(**b**) The Plaintiffs assert that the ***punitive demand for payment under threat of incarceration constitutes a violation of their Constitutional rights***, specifically under the **13th Amendment**, as it **imposes involuntary servitude absent any lawful conviction**.

(**c**) The Plaintiffs maintain that the **Defendants**, including both the **York County Sheriff's Office** & the **York County Judicial Center, were fully aware of the Plaintiffs' clear and documented intent to appear before court and contest the allegations**, associated with Case Nos. **2020-FC-001144-12A** and **2024-FC-002653-12A**.

125.    Upon being served, initially, **26 December 2024**, and subsequently, **23 January 2025**, as evidenced by **York County Sheriff Department's own body camera footage**, the Plaintiffs **explicitly communicated their intent to challenge the documentation presented, asserting its illegitimate nature**.

126.    Despite this, the Defendants **willfully** and **knowingly mischaracterized** the Plaintiffs' **intentions, alleging** an **unwillingness** to **appear**, thereby **securing** a **prejudicial judgment** through the **suppression** of **due process**, to **secure** a **favorable outcome**.

(**a**) The Plaintiffs respectfully submit that the actions of the Defendants constitute a **grave injustice**; the **imposition** of **potential imprisonment** for **non-payment** of

fees associated with a **procedurally defective judgment**, and the **mischaracterization** of the Plaintiffs' **lawful intent, represents** an **undue** and **unjust hardship**.

**(b)** Given the evidence presented and the **egregious nature of these violations**, the **Plaintiffs request the Court to intervene** by **granting** an **expedited Summary Judgment** in **their favor**, thereby **preventing** the **imminent infringement** of their **constitutional rights**.

**127.**     On or about **25 February 2025**, the Second Plaintiff, **Monique N. Holmes**, was effectively deterred from visiting her biological maternal grandmother, who had been admitted to the local hospital, **due to the hostile** and/or **distressing environment created by the Defendants' ongoing false allegations**. (*Exhibit: 88*)

**(a)** The Defendants, having **wrongfully obtained both an initial and a final fraudulent Protection From Abuse (PFA) order, intentionally disseminated these documents within the community**, including to the Plaintiff's family members, thereby **unjustly vilifying the Plaintiff** and/or **isolating her from critical familial support**.

128.    As a direct result of the Defendants' deceptive actions, **the Plaintiff's family**, including her ailing grandmother, **was led to believe the Defendants' fabrications**, further exacerbating the Plaintiff's distress and alienation.

129.    Additionally, due to the (2) fraudulent PFA orders, the Plaintiff faced the risk of further legal consequences if she **inadvertently came into proximity** with the Defendant and/or her child, making it impossible for her to visit her grandmother **without fear of additional criminal allegations**.

(a) The Defendants' intentional and/or malicious conduct directly deprived the Plaintiff of the opportunity to be present with her grandmother during her delicate moments, **causing severe and irreparable emotional anguish**.

130.    The Defendants **knowingly** and/or **willfully disseminated false information** about the Plaintiffs, including but not limited to the (2) **fraudulent PFA orders**, to members of the Plaintiffs' **families** and the **broader community**.

(a) These **intentional misrepresentations** not only damaged the Plaintiff's reputation but also resulted in tangible harm, including the unjustified estrangement from their own families. The **dissemination of these falsified documents constitutes libel**, as they were presented in written and tangible form, while any **spoken false accusations constitute slander**.

**(b)** The Defendants' deliberate and/or reckless actions in **spreading falsehoods** have directly contributed to the Plaintiff's **public humiliation, loss of familial relationships**, and **severe emotional distress, warranting legal redress**.

**131.** The Defendants **misused the legal system** by **fraudulently obtaining** and **enforcing Protection From Abuse orders** against the Plaintiff with **malicious intent**.

**(a)** These orders **were not sought in good faith** but rather as a means to manipulate the Plaintiffs' circumstances, justify the **removal of their child, depriving Plaintiffs of their fundamental rights** and **further isolating them from their families**.

**(b)** By securing and wielding fraudulent legal orders **as a tool for harassment and coercion**, the Defendants have **engaged in an egregious abuse of process, warranting appropriate legal and equitable relief**.

**132.** Through the **dissemination of fraudulent legal documents** and/or **false accusations**, the **Defendants intentionally** and/or **negligently interfered with the Plaintiffs' ability to maintain meaningful relationships with their families**, including **Monique N. Holmes'** terminally ill grandmother. The Plaintiff was wrongfully denied the ability to provide comfort and/or support during her

grandmother's uppermost days **due to the malicious** and/or **defamatory actions of the Defendants**.

133.    The Defendants' **calculated actions in severing these familial bonds** have caused lasting emotional trauma, distress, and irreparable harm to the Plaintiffs' well-beings.

(a) *Such conduct is **both legally and morally reprehensible, necessitating judicial intervention**.*

134.    On or about **28 February 2025**, state official **Carol Hill-Evans** and/or her office issued a public newsletter rather than directly responding to Plaintiffs' prior inquiries... This newsletter, **as verified by the evidence**, promoted the **Veterans' Specialist Outreach Justice Program** — the **same program Plaintiffs had attempted to contact approximately two months earlier (02 January 2025) without receiving any response** and/or **assistance**. (***Exhibit**: 87*)

(a) **This action**, and/or **lack thereof**, reasonably led **Plaintiffs** to **believe** that **their concerns** had not only been **deliberately ignored** but that the issuance of the newsletter served as a **dismissive** and/or **disingenuous act** by state official **Carol Hill-Evans** and/or **her office**.

(b) The fact that an official communication was disseminated demonstrates that state official **Carol Hill-Evans** and/or her team were fully capable of issuing

responses, yet they consciously chose to disregard Plaintiffs' repeated requests for assistance.

**(b)** *Given the nature of Plaintiffs' outreach and the urgency of their concerns, the decision to issue a promotional newsletter — while failing to acknowledge and/or address Plaintiffs' direct appeals — reflects an intentional neglect of duty and/or a blatant disregard for Plaintiffs' rights and urgent needs.*

## CAUSES OF ACTION

### i.   Violation of the 1st Amendment – Right to Petition the Government

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of law, unlawfully deprived Plaintiffs of their 1st Amendment right to petition the government for redress of grievances by obstructing their ability to contest a default judgment. Plaintiffs were denied the opportunity to present evidence of falsified documentation and intent to sue, thereby suppressing their legal recourse and access to due process.

### ii.  Violation of the 5th Amendment – Deprivation of Life, Liberty, or Property Without Due Process

(42 U.S.C. § 1983; 18 U.S.C. § 242)

127

Defendants deprived Plaintiffs of their property and liberty interests without due process of law by improperly entering a default judgment based on falsified information. Plaintiffs were denied the fundamental right to present a defense, constituting a direct violation of the 5th Amendment's due process protections.

### iii.   Violation of the 6th Amendment – Right to a Fair Trial

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants willfully denied Plaintiffs their 6th Amendment rights, including the right to contest charges in court, present evidence, and challenge the default judgment, which was entered under the pretense of an alleged non-existent court date. By failing to ensure Plaintiffs' access to a fair trial, Defendants violated their fundamental legal protections.

### iv.   Violation of the 8th Amendment – Excessive Punishment

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants imposed an unjust and excessive financial burden on Plaintiffs through an improperly entered default judgment, subjecting them to potential incarceration for failing to comply with a penalty of $377 in fees. This act constitutes cruel and unusual punishment in violation of the 8th Amendment.

v.    **Violation of the 13th Amendment – Involuntary Servitude**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants' imposition of financial penalties and the imminent risk of incarceration as a result of a wrongful default judgment directly infringe upon Plaintiffs' rights under the 13th Amendment, as such actions effectively amount to involuntary servitude and a deprivation of fundamental freedoms.

vi.    **Violation of the 4th Amendment – Due Process Clause**

(42 U.S.C. § 1983)

Defendants, acting under color of law, deprived Plaintiffs of their right to due process by circumventing established legal procedures and obstructing their ability to contest the fraudulent judgment. This intentional denial of procedural fairness constitutes a violation of the 14th Amendment's Due Process Clause.

vii.    **Violation of the 4th Amendment – Equal Protection Clause**

(42 U.S.C. § 1983)

Defendants engaged in discriminatory treatment by unjustly targeting Plaintiffs and mischaracterizing them as unwilling to appear in court, despite clear evidence to the contrary. Plaintiffs were treated differently from similarly situated individuals, constituting a violation of the Equal Protection Clause of the 14th Amendment.

**viii.  Deprivation of Constitutional Rights Under Color of Law**

(42 U.S.C. § 1983)

Defendants, including the York County Judicial Center's Prothonotary Office and the York County Police Officers, knowingly and willfully engaged in conduct that deprived Plaintiffs of their constitutional rights. By mischaracterizing Plaintiffs' actions and obstructing their ability to contest the judgment, Defendants acted under color of law to suppress Plaintiffs' legal recourse.

**ix.  Criminal Deprivation of Rights Under Color of Law**

(18 U.S.C. § 242)

Defendants, including government officials, willfully engaged in misconduct by manipulating the judicial process to secure a fraudulent default judgment against Plaintiffs. These actions constitute a direct criminal violation of Plaintiffs' rights under 18 U.S.C. § 242.

**x.  Legal Malpractice & Negligence**

(State & Federal Law)

Defendants, including York County Judicial Center officials and York County Police Officers, breached their professional and legal duties by failing to uphold a

fair and just legal process. Their negligence resulted in improper judgments, obstruction of due process, and mischaracterization of Plaintiffs' intentions, thereby causing significant harm and damages.

### xi.    Fraud

(Common Law and Criminal Law)

Defendants intentionally misrepresented or concealed material facts, including the existence of a court date and falsified documentation, leading to the wrongful entry of a default judgment against Plaintiffs. These fraudulent actions resulted in undue financial penalties and legal hardship, warranting legal and equitable relief.

❧

**(Past) Violations:**

**135.**    On or about **09 July 2015**, the Second Plaintiff, **Monique N. Holmes**, visited the **York County Judicial Center** to file a **petition** seeking *FULL custody* of the **minor child**, the Third Defendant, **Ailani J. Orr**, against the child's biological father, **Anthony J. Orr, Jr.**, who is the **son** of the First Defendant, **Tracey L. Chance**. The case was filed under Case No. **2012-FC-001935-03**. (*Exhibit: 60*)

(a) The **petition for** *full* **custody** was based on **documented criminal charges**, filed by the **Commonwealth of Pennsylvania**, against the child's father, **Anthony J. Orr, Jr.**, involving **sexual misconduct with a minor**, Docket No. **CP-67-CR-0007883-2014**. (*Exhibit: 61*)

136.    The **father** subsequently **pleaded guilty to lesser charges** related to these offenses. (*Exhibit: 62f*)

137.    **As corroborated in the evidence attached**, the **original charges included**: two (**2**) counts of **possession of child pornography**, **corruption of minors & contact/communication with a minor-sexual abuse**. (*Exhibit: 62*)

138.    The child's father, **Anthony J. Orr, Jr.**, **explicitly stated** that **his actions were motivated** by "*going through rough times at home & knew what he was doing was wrong*." (*Exhibit: 62d*)

(a) *These **actions** were of* **such an egregious nature** *that Plaintiff,* ***Monique N. Holmes***, *deemed it necessary to* **seek full custody** *of her minor child*.

139.    Despite **presenting evidence in support of her custody claim**, the Plaintiff, **Monique N. Holmes**, was **subjected** to **procedural** and **legal irregularities** facilitated by the opposing **legal counsel**, and the **York County Judicial Center**.

(a) **Evidence demonstrates** that the Plaintiff's rights were undermined through **improper legal maneuvers**.

(b) The Plaintiffs reasonably believe that **these prior charges** and the **custody petition** serve as a **motivating factor for the Defendants' subsequent actions**.

(c) Specifically, Plaintiffs assert that the Defendants have since sought retaliation by **fabricating similar allegations against the First Plaintiff**... Unlike the **official offenses** involving the First Defendant's, **Tracey L. Chance**, son **&** Third Defendant's, **Ailani J. Orr**, father, **Anthony J. Orr, Jr.**, the allegations against the First Plaintiff, **William E. Lewis, Jr.**, remain **unsubstantiated**. (*Exhibit: 28, 61*)

140.    **Upon filing** the **petition**, the **Plaintiffs** received an **official court-stamped order** from the **York County Judicial Center's Prothonotary Office**. This order **contained material inaccuracies**, including:

(a) **Misidentifying the Plaintiff** as the Defendant. (*Exhibit: 60a, 60e*)

(b) **Listing** the (misspelled) **minor child, born** in **2009, as a 63-year-old adult**. (*Exhibit: 60a*)

141.    The Plaintiff, **as the initiating party**, was *improperly* **reclassified as the Defendant** within official court records. (*Exhibit: 60a, 60e*)

133

142.     This **misclassification** led to the **contradictory assertion** wherein the opposing party, **Anthony J. Orr, Jr.**, was **simultaneously** the **Plaintiff & Defendant, in the same action**, essentially, *suing himself*.

(a) These **errors**, substantiated by **timestamped court records**, reflect a **pattern** of **judicial misconduct** and **systemic bias against** the Plaintiff, **Monique N. Holmes**, which, **materially compromised** her **custody petition** and the **integrity** of the **judicial process**.

(b) The **Plaintiffs further assert** that, *as corroborated by the submitted evidence*, the **Defendants**, *along with their families*, have **engaged** in a **prolonged** and **coordinated**, *decade or more*, **effort to exploit the judicial system to infringe upon** the Plaintiff's, **Monique N. Holmes**, **parental rights**.

143.     Despite **providing substantial evidence supporting the petition**, the **York County Judicial Center** *repeatedly* **rescheduled critical court hearings** *without* **providing proper notification** to the Plaintiff, **Monique N. Holmes**.

(a) As a **direct result, Monique N. Holmes** was made **unaware** of the **revised hearing schedule** and **consequently missed the hearing**.

144.     The **court subsequently dismissed** the **Monique N. Holmes' petition** for **full custody**, citing her **absence**, as the **basis**.

134

**(a)** This **procedural manipulation resulted** in the Plaintiff's, **Monique N.**

**Holmes, permanent loss** of the **opportunity** to **secure _full_ custody,** thereby

**enabling continued injustices** against her.

*** The Plaintiffs asserts; *a pattern which appear strikingly similar to these exact*

*occurrences* ***

**145.**     In **further support** of their claims, Plaintiffs present **video evidence** and

**additional materials,** including a **copyrighted** song, "**Upper Scales of Justice,**"

from **2015** (Copyright Case No. **SRu001241209**), in which Plaintiff, **Lewdo,**

*previously highlighted these injustices. (**Exhibit:63**)*

**(a)** (https://www.lewdo.com/music?wix-vod-video-

id=f40a3235c26842459e3dcd1b533dd993&wix-vod-comp-id=comp-kll66xpn)

**(VIDEO)**

**(b)** (https://cocatalog.loc.gov/cgi-

bin/Pwebrecon.cgi?Search_Arg=SRu001241209&Search_Code=REGS&PID=mfg

27JJ-

g3MrKXIhnOaTvpUD7NXKWZu&SEQ=20250308234637&CNT=25&HIST=1)

**(COPYRIGHTS)**

## CAUSES OF ACTION

**i.   Violation of the 1st Amendment – Right to Petition the Government**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of law, unlawfully denied Plaintiff the fundamental right to petition the government for redress of grievances. Through unjust procedural barriers, including the wrongful denial of an opportunity to present her case, Defendants obstructed Plaintiff's access to a fair and impartial legal process, depriving her of the ability to seek relief through lawful channels.

**ii.   Violation of the 5th Amendment – Deprivation of Life, Liberty, or Property Without Due Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants willfully and unlawfully deprived Plaintiff of her protected rights under the 5th Amendment by altering her legal identity without due process and manipulating court records to her detriment. These actions resulted in the unlawful interference with Plaintiff's legal standing and property interests, constituting an egregious violation of due process protections.

**iii.   Violation of the 6th Amendment – Denial of Fair and Impartial Trial**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

136

Defendants engaged in fraudulent and deceptive legal practices, including arbitrary changes of court dates, failure to provide proper notice, and procedural misconduct that deprived Plaintiff of her constitutionally guaranteed right to a fair and impartial trial. Such acts deliberately obstructed Plaintiff's ability to prepare and present her case, constituting a direct violation of her 6th Amendment protections.

iv.    **Violation of the 9th Amendment – Infringement on Fundamental Rights**
(42 U.S.C. § 1983)
Defendants' fraudulent court proceedings directly infringed upon Plaintiff's unenumerated fundamental rights, including her parental rights and her right to personal liberty. These violations, executed under color of law, unlawfully restricted Plaintiff's ability to exercise rights implicitly protected under the 9th Amendment.

v.    **Violation of the 10th Amendment – Unlawful Expansion of Federal Power**
(42 U.S.C. § 1983)
Defendants engaged in unauthorized actions that encroached upon powers reserved to the states and individuals, exceeding constitutional limitations. By unlawfully exercising authority not explicitly granted by the Constitution, Defendants violated the 10th Amendment and undermined Plaintiff's protected rights.

**vi.    Violation of the 4th Amendment – Denial of Equal Protection & Due Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants deprived Plaintiff of equal protection and due process by engaging in fraudulent legal proceedings, including misclassification of Plaintiff as a Defendant and obstructing her right to a fair hearing. Such deliberate actions resulted in Plaintiff being subjected to arbitrary and unlawful treatment, in direct violation of the 14th Amendment.

**vii.    Violation of Title VI of the Civil Rights Act of 1964 – Discriminatory Treatment**

(42 U.S.C. § 2000d, 42 U.S.C. § 1983)

Defendants engaged in discriminatory conduct, depriving Plaintiff of a fair and impartial legal process. Such actions constitute a violation of Title VI, which prohibits discrimination within federally funded institutions, including the judiciary.

**viii.    Violation of Title VII of the Civil Rights Act of 1964 – Unlawful Discriminatory Practices**

(42 U.S.C. § 2000e, 42 U.S.C. § 1983)

To the extent Defendants, acting in official capacities, engaged in discriminatory conduct in the execution of judicial or administrative duties, their actions constitute a violation of Title VII. Such unlawful conduct further deprived Plaintiff of her right to a just legal proceeding free from bias or prejudice.

～

146.　　On or about **07 April 2020**, Third Defendant, **Ailani J. Orr**, both **verbally** and in **written form, disclosed** to the Plaintiffs that First Defendant, her grandmother, **Tracey L. Chance,** *directed her to make false statements regarding her mother*, Second Plaintiff, **Monique N. Holmes**. Specifically, the **child was instructed to assert that she no longer wished to reside in the mother's household**. (*Exhibit: 64*)

147.　　The child, **Ailani J. Orr**, admitted to agreeing to grandmother's, **Tracey L. Chance**, directive but **claimed she had not executed the plan** *at the time of disclosure.*

(**a**) This admission, **as attached as evidence**, demonstrates the **undue influence and coercion exerted by** First Defendant, **Tracey L. Chance, over** Third Defendant, **Ailani J. Orr**, with the **apparent intent** to **create** a **false narrative** to the **detriment** of First Plaintiff, **William E. Lewis, Jr**.

**148.**    Subsequent documentation from Third Defendant's **psychologist, Dr**. **Loredana Craig, indicates professional concern** regarding Third Defendant's **mental** and **emotional well-being**. The records explicitly note the "*extreme influence*" of First Defendant, **Tracey L. Chance**, who employed **manipulative tactics**, including *excessive gifts*, *recreational outings*, and *unhealthy food*, to **exert control over** Third Defendant, **Ailani J. Orr**. (*Exhibit: 65c*)

(a) These **documented tactics** reflect a **sustained pattern of psychological manipulation** and **deceptive conduct by the grandmother**, **Tracey L. Chance**, resulting in harm to the Plaintiffs and contributing to the subsequent, egregious violations now presented before this Honorable Court.

(b) *The Defendants' actions, as described herein, constitute a pattern of manipulation and deceit, culminating in an infringement upon the Plaintiffs' civil rights.*

(c) *The Plaintiffs respectfully request that this Court take notice of these incidents as part of the broader pattern of misconduct underlying this civil complaint.*

## CAUSES OF ACTION

i.    **Violation of the 1st Amendment – Right to Petition the Government**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under coercion and undue influence, violated Plaintiffs' right to free speech and expression by compelling the Plaintiff's child to issue knowingly false statements against her, at the direction of her grandmother, First Defendant. This act of coercion resulted in the suppression of truthful expression under duress, thereby infringing upon Plaintiff's constitutionally protected rights.

ii.     **Violation of the 5th Amendment – Deprivation of Life, Liberty, or Property Without Due Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Plaintiff was deprived of her liberty interests without due process when Defendants knowingly and willfully provided false information, leading to legal actions against her. The child's coerced statements, obtained through improper influence, resulted in adverse consequences that undermined Plaintiff's fundamental right to fair and lawful treatment.

iii.    **Violation of the 14th Amendment – Due Process Clause**

(42 U.S.C. § 1983)

Defendants engaged in a deliberate and manipulative scheme that deprived Plaintiff of procedural due process. By manufacturing and perpetuating false accusations, Defendants facilitated an unjust legal and/or familial proceeding,

subjecting Plaintiffs to harm without appropriate legal recourse, in direct violation of the Due Process Clause of the 14th Amendment.

### iv.    Violation of the 14th Amendment – Equal Protection Clause

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, through intentional and malicious conduct, subjected the Plaintiff to disparate and discriminatory treatment by falsely accusing her under the influence of personal animus and familial bias. This conduct resulted in Plaintiff being denied equal protection under the law, as similarly situated individuals were not subjected to such false allegations or unjust treatment.

### v.    Fraudulent Misrepresentation

(State Law)

The child under the improper influence of her grandmother, knowingly engaged in fraudulent misrepresentation by making false statements that directly harmed her mother, the Plaintiff. These statements, made with reckless disregard for the truth, resulted in significant personal and legal consequences for the Plaintiffs, constituting a violation of state law.

### vi.    Coercion & Emotional Abuse

142

(State Law)

Defendant, through the use of undue influence, manipulation, and material incentives, coerced the child into making false statements against the Plaintiffs. This conduct constitutes a form of emotional abuse and coercion, violating Plaintiffs' rights to be free from undue psychological manipulation and wrongful influence.

### vii.    Psychological Manipulation & Negligence

(State Law)

The Defendants' actions, as outlined by the Defendant's psychologist, demonstrate a pattern of psychological manipulation that resulted in significant harm to the Plaintiffs. Defendants' willful misconduct, reckless disregard, or negligence in their actions inflicted emotional distress upon the Plaintiff, escalating into broader legal and civil rights violations.

### viii.    Violation of Title VII of the Civil Rights Act of 1964 – Unlawful Discriminatory Practices

(42 U.S.C. § 1983)

Defendants, through coercion, deceit, and manipulation, engaged in conduct that deprived Plaintiffs of their fundamental civil rights. Their actions resulted in unjust

143

harm, particularly infringing upon Plaintiffs' rights to be free from coercion, abuse, and the malicious influence of individuals in positions of power or familial control.

ix.    **Conspiracy to Violate Civil Rights**

(42 U.S.C. § 1985)

Defendants, through coordinated and deliberate actions, conspired to manipulate legal and familial proceedings by fabricating false accusations against the Plaintiff. This scheme, carried out in concert, directly violated federal conspiracy laws designed to protect individuals from collaborative efforts to deprive them of their civil rights.

∽

149.    On or about **24 June 2020**, First Defendant, **Tracey L. Chance**, transmitted a **set** of **officially sworn, York County Judicial Center, court-ordered documents**, to the Second Plaintiff, **Monique N. Holmes**, purportedly signed by **Tracey L. Chance** on **17 March 2020**, approximately three months prior. (***Exhibit: 66l***)

150.    **Additionally**, the document was **devoid** of **any assigned case number**, a ***fundamental procedural requirement***. (***Exhibit: 66m***)

151.    **Despite these irregularities**, the document was **stamped** by the **York County Judicial Center's Prothonotary Office**, on **24 June 2020**, creating

144

significant confusion and raising concerns regarding the **document's authenticity** and/or **procedural integrity**. (***Exhibit: 66a, 66e, 66g, 66m***)

**152.** **Further inconsistencies contained therein**, including:

(a) **Handwritten** entries **without** corresponding **signatures** and/or **authorizing marks**, (***Exhibit: 66a, 66f***)

(b) **Pages labeled** as **confidential** that **lacked official stamps**, (***Exhibit: 66f***)

(c) and the **Inclusion** of **names unfamiliar** to the Plaintiffs (***Dominique Madrick***). (***Exhibit: 66e***)

(d) *These foregoing discrepancies, when considered collectively, suggest a willful and systematic effort to misrepresent material facts, thereby infringing upon the Plaintiff's civil rights as protected under applicable law.*

(e) **The Plaintiff asserts that these actions, whether through negligence and/or intentional misconduct, constitute a violation of procedural due process and request that the Court investigate the origins and validity of the documents in question, as well as the circumstances surrounding their issuance and transmission.**

## CAUSES OF ACTION

i.    **Violation of the 1st Amendment – Right to Petition and Access Legal Redress**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendant, acting under the color of law, engaged in the fraudulent alteration and manipulation of official documents, thereby obstructing Plaintiff's constitutional right to petition the government for redress of grievances. By falsifying legal records and submitting altered documentation, Defendant interfered with Plaintiff's ability to access legal remedies, effectively suppressing their 1st Amendment rights.

ii.    **Violation of the 5th Amendment – Deprivation of Due Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendant knowingly issued fraudulent legal documents containing material discrepancies, depriving Plaintiff of their constitutional right to due process. The manipulation of these documents obstructed Plaintiff's ability to challenge or respond effectively, thereby compromising their right to a fair legal process and depriving them of property or liberty interests without due process of law.

iii.    **Violation of the 6th Amendment – Denial of Fair Trial**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Through the deliberate alteration and submission of misleading legal records, Defendant created an environment of confusion and misinformation, directly

146

impeding Plaintiff's ability to present an accurate and complete case. Such actions constituted an infringement of Plaintiff's 6th Amendment right to a fair and impartial hearing, as the falsified records materially impacted judicial proceedings.

### iv.    Violation of the 14th Amendment – Procedural Due Process

(42 U.S.C. § 1983)

Plaintiff was subjected to a legal process tainted by fraudulent and misleading documentation, depriving them of a fair and unbiased proceeding. Defendant's actions undermined the fundamental principles of procedural due process by distorting the factual record, effectively denying Plaintiff the opportunity to assert their legal rights in a just manner.

### v.    Violation of the 14th Amendment – Equal Protection Clause

(42 U.S.C. § 1983)

Defendant, acting under color of law, engaged in discriminatory practices through the deliberate creation and use of falsified legal documents, subjecting Plaintiff to unjust treatment under the law. Such actions denied Plaintiff equal protection, placing them at a distinct disadvantage within the judicial system and violating their constitutional rights.

vi.    **Deprivation of Rights Under Color of Law**

(18 U.S.C. § 242)

By altering official legal documents and submitting fraudulent records with courthouse authentication, Defendant knowingly and intentionally deprived Plaintiff of their civil rights. These actions, conducted under the guise of lawful authority, constitute a direct violation of federal law, as they resulted in the unlawful deprivation of Plaintiff's constitutional protections.

vii.    **Legal Malpractice and Fraud**

(State & Federal Law)

Defendant engaged in professional misconduct by intentionally falsifying legal documents, constituting fraud, malpractice, and an abuse of authority in an official capacity. Such misconduct represents a gross deviation from professional and legal standards, further exacerbating the harm inflicted upon Plaintiff.

viii.    **False Statements or Entries in Official Records**

(18 U.S.C. § 1001)

Defendant willfully submitted falsified documents containing incorrect information and material omissions, constituting a violation of federal law prohibiting false

148

statements or entries in official records. These acts were committed with the intent to mislead, obstruct, and pervert the course of justice.

ix.    **Falsification or Destruction of Records with Intent to Obstruct Justice**

(18 U.S.C. § 1519)

Defendant knowingly altered, falsified, and submitted fraudulent legal records, including but not limited to custody orders and other judicial documents, with the intent to impede and obstruct legal proceedings. These actions constitute a direct violation of federal statutes governing the integrity of official records.

x.    **Fraudulent Misrepresentation**

(State Law)

Defendant engaged in intentional misrepresentation by falsifying legal documents with the specific intent to deceive and manipulate Plaintiff. This fraudulent conduct resulted in significant harm, directly impacting Plaintiff's legal rights and standing within judicial proceedings.

⁓

153.    On or about **08 September 2020**, the Plaintiff discovered **unauthorized alterations to official documents** that had been **prepared during a mediation session** intended to **finalize** the **terms** of a **stipulated custody arrangement**.

(a) These modifications were allegedly made by the Defendant, **Tracey L. Chance**, and her legal counsel, **Sandra Thompson**, knowingly and unlawfully, without the Plaintiff's knowledge or consent, and in direct contradiction to the agreement reached during mediation, as **shown in the evidence attached hereto**. (*Exhibit: 67, 68*)

154.    Following this discovery, the Plaintiff made **reasonable efforts** to **address** the **issue** with the Defendants, **requesting that the custody order be restored** to its **original terms**. (*Exhibit: 68a*)

(a) The Plaintiff observed a **lack** of **immediate corrective action** by Defendants to **address** the **unauthorized modifications**.

155.    It was only upon the **mediator**, ~~Katherine L. Doucette~~, learning of the document alterations, personally contacted **Sandra Thompson** to address the discrepancies, **instructing her to correct the improperly modified court orders**, in **accordance** with the **original agreement**; an action that raises serious concerns regarding **legal malpractice**. (*Exhibit: 68b, 68c, 68d*)

(a) This conduct, **whether by omission or acquiescence**, has **compromised** the **integrity** of the **judicial process** and **resulted** in a **violation** of the Plaintiff's **civil rights**.

(**b**) The Defendants' actions, **as described herein**, demonstrate a pattern of **intentional** and **malicious conduct**, characterized by the **unauthorized manipulation** of **official court documents**.

(**c**) It is strongly alleged, ***though not definitively established***, that at the time of the aforementioned occurrence, the Fourth Defendant, **Nautica D. Chance**, may have been **employed as a paralegal** for the aforementioned attorney, **Sandra Thompson**, ***creating a potential conflict of interest***. (***Exhibit: 69***)

(**d**) Further, **as shown in the evidence attached hereto**, said attorney has represented **multiple members** of the **same family** in **separate legal** matters **against the Plaintiff**; ***all including cases involving altered official documents***. (***Exhibit: 60, 66, 68***)

(**e**) Given the **totality** of these **circumstances** — including potential **ethical violations**, **conflicts of interest**, and the **handling** of **official documents** — the ***Plaintiffs respectfully requests that the Court conduct a thorough investigation*** into **all cases** involving the Defendant, **Tracey L. Chance**, her **family** and her attorney, **Sandra Thompson**, to **determine** their **legitimacy** and **ensure** the **integrity** of the **judicial process**. (***Exhibit: 70***)

156.    The attorney in question, **Sandra Thompson**, was **previously involved** in a **high-profile case**, the "**Grandview Golf Club**" **lawsuit**, which centered around

allegations of **racial and gender discrimination**, particularly against her & four other **African American women** seeking justice for their mistreatment.

(**a**) This case **garnered national attention**, bringing to light significant concerns about **racism** and **sexism** in the **York County**, PA area. (***Exhibit: 71***)

157.    *Despite the attorney's prior involvement in publicly advocating for racial and gender equality*, **Sandra Thompson**, alongside **Tracey L. Chance**, acting in concert, *are now*, *allegedly*, *complicit in actions that unjustly deprive another African American woman and mother of her fundamental rights and liberties*.

158.    **As a reminder to the Court**, said attorney representing the Defendant in this matter previously served as legal counsel for the Defendant's son in Docket No. **CP-67-CR-0007883-2014**. (***Exhibit: 61d***)

(**a**) In that case, the son, **Anthony J. Orr, Jr.**, a **32-year-old** former **employee** of the **York County Youth Development Center**, faced *criminal charges* arising from allegations that he **engaged** in the **exchange** of *sexually explicit text messages* and *Facebook communications with a minor* resident of the facility.

(**b**) The Plaintiff, **Monique N. Holmes**, received a copy of the **criminal docket** directly from the child's father, **Anthony J. Orr, Jr.**

(**c**) Notably, **as evidenced in the submitted exhibit**, the docket, in question, was **printed** on the *day following the father's birthday*. (***Exhibit: 61***)

(d) **Additionally**, the **date of printing coincides with** and/or **closely aligns with** the **issuance of multiple court orders** and/or **legal matters concerning** the First Defendant, **Tracey L. Chance**, *suggesting a retaliatory motive*.

(e) The ***Plaintiffs find it deeply concerning*** that an **attorney who claims to uphold high moral** and/or **ethical standards** would **represent an individual accused of such egregious crimes**, particularly *against a minor female child*.

(f) *This **raises serious questions regarding the attorney's motivations** and **possible personal** and/or **professional connections** to the defendant, **Tracey L. Chance**, and/or **her family**.*

(g) **Moreover**, the Plaintiffs find it highly troubling that **in between engaging in these cases**, the attorney was ***simultaneously* pursuing legal action on her own behalf** for *alleged **offenses that are demonstrably less egregious than the ones she was actively involved in overseeing**.*

159.    **Over** a **(7) seven-year period (2012–2020)**, two **(2) separate clients** — who are **immediate family members** (mother & son) — **were involved in ongoing litigation over custody** of the **same minor child**, Third Defendant, **Ailani J. Orr.** (***Exhibit: 60, 66***)

(a) **Evidence indicates** that **under the legal representation of** attorney, **Sandra Thompson**, these **individuals were**, *both*, **able to manipulate official court records** and/or **orders to their benefit**, *to the detriment of the Plaintiff.*

160.    **Further noted**, the Fourth Defendant, **Nautica D**. **Chance**, the *adoptive daughter* of the First & Second Defendants, **Tracey L**. **Chance & Wayne Chance** (*Sterling W. Chance*), based on official court orders **submitted as evidence**, has **also identified herself as the cousin of the minor child**, Third Defendant, **Ailani J**. **Orr**;

161.    **Nautica D**. **Chance**, currently employed as a paralegal for the Defendants, **Tracey L**. **Chance & Tracey L**. **Chance**, in this matter, by the **MPL Law Firm LLP**, the Plaintiffs assert that [**Nautica D**. **Chance**] involvement **presents a *clear and serious conflict of interest***, *particularly given allegations of document alterations.* (***Exhibit: 69a, 69b***)

(a) *In light of this assumption, the **Plaintiffs respectfully request that the Court investigate this matter to verify its accuracy***.

162.    **As evidenced by the attached documentation**, throughout the duration of the custody arrangement, the **Defendants** have **repeatedly altered** and/or **manipulated** the **terms of the custody order to suit their personal preferences**.

154

(a) Despite these alterations, **they have failed to adhere even to the terms they unilaterally imposed**, *disregarding their own stated conditions, demands, and obligations*, **by refusing to pick up the child at the designated times**. (*Exhibit: 72e, 72f*)

(b) **Their justifications for noncompliance** are **without merit** and/or **lack legal justification**.

## CAUSES OF ACTION

i.    **Violation of the 1st Amendment – Right to Petition and Access Legal Redress**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under the color of law, unlawfully deprived Plaintiff of their constitutional right to petition the government for redress of grievances and their right to free speech. Defendants' actions, including the unlawful alteration of an Official Custody Order, forced Plaintiff to publicly expose Defendant Tracey L. Chance and her attorney, Sandra Thompson, for their illegal conduct, thereby infringing upon Plaintiff's 1st Amendment protections.

ii.    **Violation of the 5th Amendment – Deprivation of Due Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

155

Defendants willfully deprived Plaintiff of life, liberty, or property without due process of law by knowingly and intentionally altering an Official Custody Order. This unlawful modification directly undermined Plaintiff's legal rights and protections, causing severe legal and personal harm.

### iii. Violation of the 6th Amendment – Right to a Fair Trial
(42 U.S.C. § 1983; 18 U.S.C. § 242)

By engaging in the deliberate manipulation of an Official Custody Order, Defendants obstructed the fairness and integrity of legal proceedings. Plaintiff was denied their fundamental right to a fair and impartial process, thereby violating the 6th Amendment's guarantee of due and proper legal proceedings.

### iv. Violation of the 14th Amendment – Procedural Due Process
(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants engaged in unlawful conduct that denied Plaintiff equal protection under the law. The intentional alteration of legal documents disadvantaged Plaintiff, depriving them of fair and equal access to justice and legal remedies, in direct violation of the 14th Amendment.

### v. Violation of the 14th Amendment – Equal Protection Clause

156

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants engaged in unlawful conduct that denied Plaintiff equal protection under the law. The intentional alteration of legal documents disadvantaged Plaintiff, depriving them of fair and equal access to justice and legal remedies, in direct violation of the 14th Amendment.

vi.    **Fraudulent Misrepresentation**

(State & Federal Law)

Defendants knowingly and intentionally engaged in fraudulent misrepresentation by altering official court documents with the intent to mislead and deprive Plaintiff of a fair legal process. These actions constitute a direct breach of their duty to uphold the accuracy, integrity, and truthfulness of legal records.

vii.    **Deprivation of Rights Under Color of Law**

(18 U.S.C. § 242)

Defendants, acting under the guise of legal authority, unlawfully altered official court documents to Plaintiff's detriment. Such actions, conducted under the color of law, directly violated Plaintiff's civil rights and exacerbated their suffering and injustice.

157

viii.   **Deprivation of Rights Under Color of Law**

(42 U.S.C. § 1983)

Defendants' deliberate and unlawful actions resulted in the deprivation of

Plaintiff's constitutional rights. The intentional manipulation of official legal

documents constitutes a violation of the Civil Rights Act, directly infringing upon

Plaintiff's legal protections and causing undue harm.

ix.   **Conspiracy to Defraud**

(18 U.S.C. § 371, State Law)

Defendants engaged in a coordinated effort to alter an Official Custody Order,

thereby conspiring to defraud Plaintiff of their legal rights. The subsequent refusal

to amend these unlawful changes until intervention by the mediator further

demonstrates Defendants' willful intent to manipulate legal proceedings for

improper purposes.

x.   **Abuse of Power**

(State & Federal Law)

Defendants, Tracey L. Chance, Wayne Chance, and their attorney Sandra

Thompson, and all other involved parties willfully abused their legal authority to

manipulate an official legal order, causing direct harm to Plaintiff. The necessity of

intervention by mediator Katherine L. Doucette to rectify Defendants' actions underscores the egregious misuse of power to subvert justice.

$\sim$

163.    Upon **review of public court records**, it has been determined that First Defendant, **Tracey L. Chance**, *previously* **initiated legal proceedings to obtain custody of a minor child with whom she had no legal** and/or **biological right**.

(**a**) In that prior case, First Defendant, **Tracey L. Chance**, pursued legal action **against her own son, Jaren L. Orr** (also, the son of **Anthony J. Orr, Sr.**), *in an attempt to secure custody of his child.* (***Exhibit: 70d, 70e***)

(**b**) This **past conduct demonstrates** a **pattern of engaging in custody disputes under questionable circumstances**.

(**c**) In the **present matter**, First Defendant, **Tracey L. Chance**, is **once again attempting to obtain custody of a minor child** to whom she **has no legal entitlement**.

(**d**) **Notably**, Fifth Defendant, **Suzanne H. Griest**, who *previously represented Tracey L. Chance's son, Jaren L. Orr, in opposition to her prior custody claim, now appears to be collaborating with her in this current action.* (***Exhibit: 10b, 10c, 70e, 73***)

(e) *This apparent alliance raises significant concerns regarding the legitimacy of their efforts and the motivations underlying this case.*

164.    The **actions** of First Defendant, **Tracey L. Chance**, *both* **past** and **present**, **reflect** a **consistent pattern** of **behavior intended to interfere with the lawful custody rights of biological parents**.

(a) **The alignment** of **Suzanne H. Griest** with **Tracey L. Chance**, *despite their adversarial history*, **further supports the inference** of a concerted effort to **unlawfully deprive** the Plaintiff, **Monique N. Holmes**, of her **parental rights**.

(b) ***The Plaintiffs respectfully requests that the Court take notice of this pattern of conduct***, *as it* ***evidences*** *a* ***deliberate*** *and* ***egregious attempt to undermine*** *the Plaintiff's* ***custodial rights through improper*** *and potentially* ***unlawful means***.

## CAUSES OF ACTION

i.    **Violation of the 1st Amendment – Right to Petition for Redress of Grievances**
(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants have engaged in fraudulent legal processes to manipulate custody proceedings, both historically and in the present case. By obstructing the Plaintiff's ability to fairly contest custody, Defendant has effectively deprived the Plaintiff of

their constitutional right to petition the government for redress of grievances. Such actions constitute a violation of 42 U.S.C. § 1983 and 18 U.S.C. § 242.

ii.    **Violation of the 5th Amendment – Deprivation of Life, Liberty, or Property Without Due Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Plaintiff's parental rights and custody of their child are being unlawfully challenged through fraudulent and illicit legal maneuvers. This has resulted in significant harm to the Plaintiff's family unit, constituting a deprivation of liberty and property without due process, in violation of the 5th Amendment, enforceable under 42 U.S.C. § 1983 and 18 U.S.C. § 242.

iii.    **Violation of the 6th Amendment – Right to a Fair Trial**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

The Plaintiff has been subjected to unethical and biased legal practices designed to unlawfully deprive them of custody. These actions have severely undermined the fairness of the judicial process, depriving the Plaintiff of the right to a fair and impartial proceeding, in violation of the 6th Amendment and actionable under 42 U.S.C. § 1983 and 18 U.S.C. § 242.

iv.    **Violation of the 14th Amendment – Procedural Due Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, through deceptive and unlawful legal tactics, has sought to remove the

Plaintiff's child without affording them adequate notice, a fair hearing, or an

unbiased adjudication. Such conduct constitutes a direct violation of the Due

Process Clause of the 14th Amendment and is actionable under 42 U.S.C. § 1983.


v.    **Violation of the 14th Amendment – Equal Protection Clause**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants has created an unjust and unequal legal situation for the Plaintiff,

unfairly impeding their fundamental parental rights and subjecting them to an

arbitrary and discriminatory legal process. This conduct constitutes a violation of

the Equal Protection Clause of the 14th Amendment and is enforceable under 42

U.S.C. § 1983 and 18 U.S.C. § 242.


vi.    **Civil Rights Violations**

(42 U.S.C. § 1983)

The Defendants have engaged in a sustained pattern of malicious and unlawful

behavior, manipulating the judicial system in a manner that directly harms the

Plaintiff's parental rights and obstructs justice. The willful misuse of legal

authority to deprive the Plaintiff of their constitutional rights constitutes a violation of 42 U.S.C. § 1983.

### vii.   Deprivation of Rights Under Color of Law

(18 U.S.C. § 242)

Defendant, Tracey L. Chance & her legal counsel, the MPL Law Firm, LLP, acting under the pretense of legal authority, have unlawfully attempted to remove the Plaintiff's child in direct violation of their constitutional rights. Their actions, executed under color of law, constitute a violation of 18 U.S.C. § 242.

### viii.   Legal Malpractice and Conflict of Interest

(State & Federal Law)

Defendant, Suzanne H. Griest, who previously represented the opposing party, is now representing Defendant, Tracey L. Chance, in the current custody proceedings. This constitutes an egregious conflict of interest, unethical legal practice, and legal malpractice, in direct violation of State Bar Ethics Rules and the ABA Model Rules of Professional Conduct.

### ix.   Fraudulent Misrepresentation and Abuse of Process

(State Law)

163

Defendants, in concert with their legal counsel, the MPL Law Firm, LLP, has deliberately misused the judicial system to pursue unlawful custody of the Plaintiff's child. Through deceptive practices and demonstrable malicious intent, they have engaged in fraudulent misrepresentation and abuse of process, in violation of applicable State Civil Procedure Rules.

～

### *** PROTECTION FROM ABUSE ORDER: ALLEGATIONS ***

165.    The **Plaintiffs assert** that the **Protection From Abuse (PFA) orders** in question **were improperly and unlawfully obtained through the presentation of false and misleading information**.

166.    The **Plaintiffs possess substantial**, **credible evidence fully demonstrating** that the **allegations contained within** these **PFAs are unsubstantiated** and/or **were filed with malicious intent**, *as shown in the evidence attached hereto*.

167.    On **20 December 2024**, the Third Plaintiff, **Ailani J. Orr**, was placed in the custody of the First & Second Defendants, **Tracey L. Chance & Wayne Chance**.

(a) This **transfer occurred** the **same day** (*hours after*) the **alleged incident** in question **took place**. (*Exhibit: 74*)

164

168.     The **custodial period extended until 26 December 2024**, *excluding a 24-hour period on 24 December 2024*, when the Third Plaintiff, **Ailani J. Orr**, was returned to the Plaintiffs pursuant to the custody order, **which is attached hereto as evidence**. (*Exhibit: 17b, 66, 75*)

169.     During the Third Defendant's, **Ailani J. Orr**, time with the Plaintiffs, **no signs of distress**, **discomfort**, and/or **adverse behavior were observed** and/or **reported**.

(**a**) *The interactions between* **Ailani J. Orr** *& the **Plaintiffs** remained **peaceful and without incident***.

(b) This pattern of behavior persisted until the morning of **25 December 2024**, when the Third Defendant departed to the Defendants' residence, specifically with the Fourth Defendant, **Nautica D. Chance**, **as corroborated by text message records submitted as evidence**. (*Exhibit: 17b, 74*)

170.     **Notably**, this is the same day, **25 December 2024**, First Defendant, **Tracey L. Chance**, purportedly held an **ex parte meeting** with **Judge Eckenrode**. (*Exhibit: 01*)

(**a**) It is alleged that the records of this meeting were unlawfully altered, **as evidenced by discrepancies in official documentation**.

165

**(b) The Defendants initially filed the petition against one Plaintiff but subsequently altered the documentation**, *striking out the name of the originally named Plaintiff,* ***Monique N. Holmes,*** *and replacing it with the other Plaintiff's,* ***William E. Lewis, Jr.,*** *name*; ***the altered petition is attached as evidence***. (***Exhibit: 01b, 01c***)

**(c)** *Despite these irregularities, the* ***requested emergency relief was subsequently denied***. (***Exhibit: 01a***)

171.     The First Defendant, **Tracey L. Chance, having been aware that no legal grounds existed to withhold Monique N. Holmes' child from her,** *proceeded to involve law enforcement officials,* of the **York County Sheriff's Office,** *under false pretenses.*

**(a)** *The* ***Defendants waited six (6) days before reporting the alleged incident*** *to* ***law enforcement, despite having had immediate access to authorities***. (***Exhibit: 01e***)

172.     The First Defendant, **Tracey L. Chance,** *while* ***expressing concerns regarding a minor child,*** **Ailani J. Orr,** ***failed to undertake reasonable steps to verify the accuracy of the allegations prior to reporting them.***

173.     The First Defendant, **Tracey L. Chance,** had prior knowledge of the Third Defendant's, **Ailani J. Orr,** pattern of dishonesty, **as evidenced by text message**

**communications** wherein **Tracey L. Chance** explicitly conveyed to the Second

Plaintiff, **Monique N. Holmes**, the child's mother, that she, **Tracey L. Chance**,

had **ongoing concerns** regarding the child's, **Ailani J. Orr**, credibility. (***Exhibit:***

***72a, 72k, 80***)

(**a**) ***Despite possessing such knowledge, Tracey L. Chance proceeded with the***

***report without conducting independent verification,***

(**b**) ***Thereby acting with reckless disregard for the truth*** *of the allegations*

*presented.*

174.    On **24 December 2024, as shown in the evidence attached hereto**, day

before the Defendants' alleged ex parte hearing, the Plaintiff, **William E. Lewis,**

**Jr.**, sent himself a copy of **Form DL-80**, an **official application for the change,**

**correction**, and/or **replacement of address**. (***Exhibit: 76***)

(**a**) The **Defendants**, particularly the First Defendant, **Tracey L. Chance**, has been,

allegedly **obtaining** and **disseminating illegally printed** Protection from Abuse

Orders (**PFAs) within the community**.

(**b**) These **acts were done** with the **intent to damage** the Plaintiffs' **reputations**,

**manipulate public perception**, and **further justify wrongful actions against the**

**Plaintiffs**.

175.    The **Plaintiffs**, having **exhausted all reasonable efforts** to **address the ongoing disrespect** and **negative influence exerted** by the First Defendant, **Tracey L. Chance**, **upon the minor child**, *reluctantly*, determined that it would be in the **child's best interest** to **remain** in the **care** of the **Defendants**.

(a) The **Defendants' actions** have **deliberately fostered a pattern of defiance** and **disregard** toward the Second Plaintiff, **Monique N. Holmes**, the child's mother.

(b) **Furthermore**, the Defendants, **leveraging their judicial and law enforcement affiliations**, have **engaged** in a **concerted effort** to **undermine** and **systematically disadvantage** the **Plaintiffs**.

(c) Faced with persistent and coordinated adversity, the **Plaintiffs were compelled to relinquish further attempts** at intervention.

176.    ***Before the Plaintiff could execute the intended custodial decision***, the Defendants **engaged in an orchestrated effort to falsely accuse** the Plaintiff of **unfounded charges**.

(a) The **Plaintiffs were subsequently denied access to a fair trial** to refute these allegations, **constituting a direct violation of their due process rights**.

177.    *This **action involved** the **misuse** of a **Protection From Abuse (PFA)** petition.*

178.     **As evidenced by the attached documentation**, during the period in which a "**no contact**" order was in effect, on about **28 December 2024**, the Third Defendant, **Ailani J. Orr**, sent a **text message** to her mother, Second Plaintiff, **Monique N. Holmes**, stating that **she did not wish to return home until after the scheduled court date** on **06 January 2025**. (*Exhibit: 75a, 75b, 75c*)

(a) *In this communication*, the Third Defendant, **Ailani J. Orr**, *instructed* **Monique N. Holmes**, *her mother*, to **bring specific clothing items to court —** *SZA* (*'Good Days'*) **t-shirt** and a **jean skirt —** *clothing allegedly worn during the incident referenced in the Protection From Abuse* (**PFA**) *order*.

(b) The **description of this attire**, *as indicated in the text message*, is **critical to this case** and **serves to substantiate the Plaintiffs' account**. (*Exhibit: 75c*)

179.     Upon receiving the message, the Second Plaintiff, **Monique N. Holmes**, responded by instructing *her* child, **Ailani J. Orr**, to **comply with the terms of the existing court order**, *which expressly prohibits contact between the parties*.

(a) *As shown in the evidence submitted,* in response, the child, **Ailani J. Orr**, **replied with apparent confusion regarding the mention of "court,"** *despite having referenced the upcoming court date in her own prior message*. (*Exhibit: 75a, 75c*)

(b) Subsequently, **Video footage provided** of the **York County Sheriff's Office confirms** that the First Defendant, **Tracey L. Chance, made the report** on behalf of the Third Defendant, **Ailani J. Orr. (*Exhibit: 04e 00:15 mark*)**

(c) **There is no indication** that the *alleged* victim, **Ailani J. Orr, personally appeared** at the station to file the report, *raising concerns about the authenticity of the claims made therein.*

(d) *Based on this inconsistency and the language used in the message*, the Plaintiffs **reasonably contend** that the First Defendant, **Tracey L. Chance, may have composed** and/or **influenced the message while posing as** the Third Defendant, *without legitimate cause and/or authorization*.

180.     **Court records further substantiate this belief**. As of the date of the incident, **the only cases involving Ailani J. Orr in the York County Judicial Center's database were those initiated by the Plaintiffs** on **07 January 2025**. (*Exhibit: 31b, 32b, 32c, 33b, 33c*)

(a) **On that date**, the **Plaintiffs also filed civil complaints against all other parties involved** in this matter, *as evidenced by the attached documentation*. (*Exhibit: 32, 33*)

181.     Additionally, **19 February 2025, the Defendants willfully and/or knowingly violated the existing No Contact Order by initiating direct**

**communication with the Second Plaintiff, Monique N. Holmes, via telephone. Despite being fully aware of the legal restrictions in place, the Defendants disregarded the order and attempted to make contact, as evidenced by the attached phone records.** (*Exhibit: 77*)

(**a**) The Second Plaintiff, **Monique N. Holmes**, **in full compliance with the order**, **refrained from responding**.

(**b**) However, the Defendants' deliberate actions **constitute harassment** and/or a **flagrant disregard for the legal directive** they themselves sought to impose.

(**c**) Their conduct demonstrates **an apparent attempt to provoke the Plaintiffs** into violating the order, while simultaneously breaching it themselves. **Such actions reflect a pattern of intentional misconduct and warrant appropriate legal recourse**.

182. *The Plaintiffs respectfully request that the Court take note of these actions and review of the submitted evidence for appropriate legal consideration.*

(**a**) Which **demonstrate** a **clear pattern of misinformation**, **improper use of legal processes**, and **misconduct** with the **intent to interfere** with **custodial rights**.

**183.**      **In regard to the referenced attire**, *submitted as evidence*, is **demonstrably inappropriate for a minor**. (*Exhibit: 78*)

(**a**) The items include a **shirt** with the text "**SZA 'Good Days,'**" a **skirt**, and **slippers**, *all of which the mother, Monique N. Holmes, deemed unsuitable for school*.

**184.**      ***Attached hereto as evidence*** are **screenshots** from the **official music video** for "***Good Days***" by the artist ***SZA***. (*Exhibit: 79*)

(**a**) ***These materials are submitted for the Court's consideration*** *in determining whether the content is appropriate for a minor child*.

(**b**) ***The video's evidence*** depicts a woman attired in sheer, **translucent lingerie engaging in overtly suggestive movements**, *on a stripper's pole*.

(**c**) The Second Plaintiff **Monique N. Holmes**, *the child's mother*, **in agreeance with** the First Plaintiff, **William E. Lewis, Jr.**, *asserts that it is **inappropriate for a minor child***.

**185.**      *The mother*, **Monique N. Holmes**, **instructed her child, Ailani J. Orr**, "**change into more appropriate clothing**," *citing concerns about the attire being overly suggestive for a minor*.

(a) The **assertion** that Plaintiff, **Monique N**. **Holmes**, *the child's mother*, *passively observed* the **incident** and **took no action** is **categorically false and unsubstantiated**. (*Exhibit: 1b, 2f, 3f, 3g*)

186.    *First Plaintiff,* **William E**. **Lewis, Jr**., *the mother's fiancé*, *supported this decision*; *both* **parents acting in unison** *out of concern* **for the child's well-being**.

(a) ***Contrary to the Defendants' assertions*** in their **altered Ex Parte Petition for Emergency Relief —** *denied by the court* **—** the Plaintiffs' actions were motivated by a **legitimate parental concern** to *prevent early exposure to sexual misconduct*.

187.    The First Defendant's, **Tracey L**. **Chance**, *documented purchase* *of said items*, **reflects a disregard for the child's age-appropriate appearance** *and* **contributes** to the *concerns raised by* **the Plaintiffs**. (*Exhibit: 80*)

188.    The Third Defendant, **Ailani J**. **Orr**, *a minor child*, has a ***documented history*** of **engaging in sexually inappropriate behavior**, *as evidenced by the attached exhibits*. (*Exhibit: 81*)

189.    The child's **sexually inappropriate conversations**, *allegedly* **exchanged between the child and her peers**, were **discovered by the mother upon confiscating the phone**.

190.    **The phone was seized due to the child's, failure to complete schoolwork**, *at which time the inappropriate communications came to light*. (*Exhibit 82*)

191.    *Due to this history*, the child's mother, **Monique N**. **Holmes**, *does not permit the child to possess a phone* and/or to *use the phone* **provided by** First & Second Defendants, *Tracey L*. *Chance & Wayne Chance*.

192.    **Despite having knowledge of Ailani J**. **Orr's past behavior**, **Tracey L**. **Chance & Wayne Chance** *deliberately* **and** *repeatedly* **circumvent Monique N**. **Holmes' parental restrictions**. (***Exhibit: 13, 72, 83***)

(**a**) ***Specifically***, *the* ***Defendants***, *allegedly*, ***facilitated*** *the child's unauthorized possession of a phone* ***by assisting her in secretly bringing it into the Plaintiffs' home without parental consent***.

193.    **Subsequent**, the **allegations set forth** by the Defendants **fail to provide a complete** and/or **accurate account of the incident** in question.

194.    The **accusations omit critical contextual details**, including:

(**a**) The **origins**, **escalation**, and/or **resolution** of the events.

(**b**) *A* ***thorough investigation*** *of these* ***omitted elements would have readily discredited the claims***, ***as evidenced by the school's prior dismissal*** *of similar accusations*. (***Exhibit: 2f, 3f, 3g, 12***)

195.    *Furthermore*, the ***timeline of events raises serious questions regarding*** *the* ***credibility of the allegations***:

(a) *The mother*, Second Plaintiff, **Monique N. Holmes, left for work immediately after the alleged incident**, *and the minor Defendant, Ailani J. Orr, departed for school.*

(b) *Ailani J. Orr was, subsequently, **picked up by the Defendants (Nautica D. Chance) later that same day, as documented by submitted evidence**. (Exhibit: 74)*

196.    *The **Defendants have alleged** that the First Plaintiff,* **William E. Lewis, Jr., attempted to view underneath the clothing of the minor Defendant, Ailani J. Orr**, *with the **specific intent of seeing the Defendant's undergarments**. (Exhibit: 3f)*

197.    The **documented allegations** put forth by the Defendants **expressly attribute** to the First Plaintiff, **William E. Lewis, Jr.**:

(a) **Intent** – *The alleged **desire to see underneath the Defendant's skirt**.*

(b) **Motive** – The alleged **purpose of viewing the Defendant's undergarments**.

(a) **Opportunity** – *The claim that the incident allegedly occurred **in direct view of the mother**, Second Plaintiff, **Monique N. Holmes, immediately before the minor child** defendant, Ailani J. Orr, was required to attend school.*

198.    **The Plaintiffs categorically deny the allegation that the child routinely sleeps in their room… Both Plaintiffs will testify that this assertion is false.**

175

**199.** The Plaintiffs state that the **child slept in their room on a single occasion** — *the night preceding the incident,* **19 December 2024** — *due to the presence of a rodent in her own room.*

(**a**) The Defendant, **Ailani J. Orr**, *as documented in her attached psychological report, has a known habit of consuming snacks in her room.* (***Exhibit: 65c***)

(**b**) *The child informed the Plaintiffs that a mouse had been seen in the child's room.*

(**c**) **Upon verifying the presence of the rodent**, *the Plaintiffs permitted the Defendant to sleep in their room* **that evening**.

**200.** **The Plaintiffs' decision was made in consideration of the fact that the child's Christmas break was set to commence the following day,**

(**a**) **At which time**, *per the Custody Stipulation*, **the child was scheduled to be in the care of the Defendants**.

(**b**) This **arrangement provided sufficient time** for the Plaintiffs to address and/or **remove the rodent issue** in the child's room.

**201.** **Furthermore**, this **factual sequence demonstrates that no conflict existed** between the Plaintiffs and the Defendant **at the time**…

(a) *If such a conflict had existed*, it is *illogical* to *suggest* that the ***Plaintiffs would have permitted the child to stay in their room***, or that ***the child would have willingly chosen to do so***.

202.     **Further noted**, the child, **Ailani J. Orr**, has **exhibited** a **pattern** of **behavioral concerns**, including **intimidation** and **harassment of peers**.

(a) ***As documented by school officials*** at ***West York High School***, **20 September 2023**, **Ailani J. Orr** was **involved** in an **incident** of **bullying** that **resulted** in the **issuance** of a "***no-contact***" **directive between her** *and* **another student**. (***Exhibit: 84***)

(b) The **school administration** *directly* **communicated this directive to** the Second Plaintiff, **Monique N. Holmes**, with the ***explicit warning*** that **any further misconduct would lead to the child's**, **Ailani J. Orr**, **removal** from the institution.

(c) *As a direct consequence of said events*, **Ailani J. Orr** was **required** to **sign** and **comply** with the '**No Contact Order**' *pursuant to the applicable legal requirements*.

203.     ***Further substantiating the Plaintiffs' concerns***, the **biological paternal grandfather** of **Ailani J. Orr**, **Anthony J. Orr**, **Sr.**, *disclosed to the Plaintiffs*, *during a private conversation*, that he *previously* was **required** to **attend court**

**proceedings** involving the First Defendant, **Tracey L**. **Chance**, *as documented in the attached evidence*. (*Exhibit 70i*)

(**a**) The **Plaintiffs respectfully request the Court to take judicial notice of these events**, *as it establishes documented instances wherein a "no contact" order was lawfully issued against the Defendants*.

(**b**) *The **Plaintiffs present these facts without prejudice**, with **due regard** for the **Court's integrity** and the **principles of justice**, **seeking fair consideration** of the events as described herein*.

**204.**      The **Plaintiffs assert that the Defendants' allegations were orchestrated to shield** the Third Defendant, **Ailani J**. **Orr**, from **facing academic** and **behavioral consequences**.

(**a**) The child's academic records, ***attached as evidence***, **demonstrate** a **pattern** of **declining performance** in ***both*** general *and* **special education** *studies*. (***Exhibit: 13, 82***)

(**b**) *As part of the disciplinary measures*, the **Plaintiffs restricted the child's access to electronic devices**, *including a phone provided by the First & Second Defendants*, **Tracey L**. **Chance** & **Wayne**. **Chance**.

(c) The *timing*, *nature* and *inconsistencies* of the **Defendants'** **claims align** with the **imposition** of these **restrictions**, *indicating a concerted effort to circumvent parental authority and/or accountability*.

(d) *The Plaintiffs present these facts with deference to the Court and in the interest of ensuring the accurate representation of events*.

(e) *The evidence provided substantiates the Plaintiffs' actions as* **reasonable**, **protective**, *and justified in* **light of the circumstances**.

(f) *All supporting evidence is attached hereto for the Court's consideration*.

205.    The First Plaintiff, **William E. Lewis, Jr.**, has been a **long-term guardian** of the Third Defendant, **Ailani J. Orr**, *as evidenced by records submitted*; *having provided care for the* **Defendant** *on a daily basis for over a decade*, *and on* **hundreds of occasions**, *without incident*.

206.    On **27 June 2018**, the **father of the minor child tragically passed away**. At that time, Plaintiff **William E. Lewis, Jr.** was the **primary source** of **emotional support** and **consolation for the child**.

(a) **Notably, this date coincided with William E. Lewis, Jr's ten (10) year anniversary of graduating from Full Sail University as a Recording Artist.**

**(b)** *Despite this personal milestone,* **William E. Lewis, Jr. set aside his own celebration to provide comfort and support to the child,** *during this period of grief.* (***Exhibit: 23a, 89***)

207.    **Furthermore,** First Plaintiff, **William E. Lewis, Jr.**, Second Plaintiff, **Monique N. Holmes,** had **been in a prior relationship long before the birth of the minor child,** Ailani J. Orr, or the **events giving rise to this matter.**

**(a)** *This history underscores the longstanding and significant relationship between Plaintiff and the minor child, further establishing the depth of his involvement in the child's life during this time of loss.*

208.    **William E. Lewis, Jr.,** *alongside Second Plaintiff,* **Monique N. Holmes,** *have been solely responsible for supervising the Defendant,* **Ailani J. Orr,** *without any prior accusations of misconduct.*

209.    Despite **multiple,** **prior attempts** by the Defendants **to file meritless legal actions** against the Plaintiffs, there **has never been a single prior reported allegation of this nature against either Plaintiff.**

**(a) If such an event had ever occurred, the Defendants would have immediately pursued criminal charges** and **sought to remove the minor child from the custody of the mother.**

180

210.      This **incident** is **part** of an **ongoing pattern** wherein the First Defendant, **Tracey L. Chance**, **repeatedly attempts** to **undermine the mother's**, **Monique N. Holmes**, **authority** regarding the **child's education** and/or **well-being**, *despite not having legal and/or custodial rights to do so*.

211.      **As supported by the attached evidence**, on **04 September 2023**, the First Defendant, **Tracey L. Chance**, sent a **message** to the Second Plaintiff, **Monique N. Holmes**, **expressing frustration over Monique N. Holmes' decision to deny permission for** the Third Defendant, **Ailani J. Orr**, her minor child, **to attend a vacation trip**. (*Exhibit: 86*)

212.      The Second Plaintiff, **Monique N. Holmes**, as the child's mother, had previously informed **Tracey L. Chance** that the **trip was not permissible because it conflicted with the child's schooling**.

(**a**) At the time of this decision, the child was experiencing academic difficulties, particularly in math and reading, **as evidenced by attached special education reports**. (*Exhibit: 82*)

213.      *Despite being made fully aware of these concerns*, the First Defendant, **Tracey L. Chance**, **disregarded** the **mother's**, **Monique N. Holmes**, *authority and expressed clear dissatisfaction with the decision*.

## CAUSES OF ACTION

**i.    Violation of the 1st Amendment – Right to Petition for Redress of Grievances**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of law, violated Plaintiffs' rights under the 1st

Amendment of the United States Constitution by obstructing their ability to

petition the government for redress of grievances. Plaintiffs were unlawfully

denied the opportunity to present compelling, irrefutable evidence that would have

refuted baseless and malicious allegations. This deprivation effectively barred

Plaintiffs from meaningful access to justice, thereby constituting an egregious

constitutional violation.

**ii.    Violation of the 5th Amendment – Deprivation of Life, Liberty, or Property Without Due Process**

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants deprived Plaintiffs of their constitutional right to due process by

unjustly denying them the ability to confront false allegations and submit

exonerating evidence in their defense. This denial resulted in fundamentally unfair

legal proceedings that stripped Plaintiffs of their right to life, liberty, or property

without due process of law. The actions of the Defendants directly contributed to an unjust adjudication and a miscarriage of justice.

### iii.    Violation of the 6th Amendment – Right to a Fair Trial

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Plaintiffs were unlawfully deprived of their 6th Amendment right to a fair and impartial trial due to the Defendants' willful interference with their ability to present clear and irrefutable evidence in court. Defendants, through improper judicial conduct and systemic corruption, obstructed Plaintiffs' right to confront fraudulent accusations, thereby rendering the legal proceedings inherently biased and unjust.

### iv.    Violation of the 14th Amendment – Procedural Due Process

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Defendants, acting under color of law, engaged in conduct that violated Plaintiffs' rights under the Due Process Clause of the 14th Amendment by preventing them from introducing critical evidence that would have disproven the false allegations against them. This deliberate obstruction resulted in unjust legal outcomes and inflicted prolonged and undue harm upon the Plaintiffs.

### v.    Violation of the 14th Amendment – Equal Protection Clause

(42 U.S.C. § 1983; 18 U.S.C. § 242)

Plaintiffs were denied the equal protection of the laws as guaranteed by the 14th Amendment. The legal process to which they were subjected was inherently biased, depriving them of a fair opportunity to challenge false accusations. Plaintiffs were treated in an unequal and discriminatory manner, thereby violating their constitutional right to equal justice under the law.

### vi.    Deprivation of Rights Under Color of Law

(18 U.S.C. § 242)

Defendants, acting under the guise of legal authority, willfully and maliciously deprived Plaintiffs of their fundamental rights by obstructing the presentation of exonerating evidence. The deprivation of these rights was not only unlawful but indicative of a broader pattern of systemic corruption within the judicial process, which further exacerbated the Plaintiffs' injustice.

### vii.    Civil Rights Violations

(42 U.S.C. § 1983)

Defendants, including judicial officers and other individuals acting under color of law, engaged in a concerted effort to violate Plaintiffs' constitutional rights.

Through acts of judicial misconduct, obstruction of justice, and deliberate denial of due process, Defendants directly contributed to the Plaintiffs' inability to obtain a fair and just legal proceeding. The intentional nature of these acts constitutes a direct violation of 42 U.S.C. § 1983.

### viii.  Legal Malpractice and Judicial Misconduct

(State & Federal Law)

Defendants, including members of the judiciary and legal profession, breached their professional and ethical obligations by failing to uphold their duty to administer justice impartially. The improper denial of Plaintiffs' right to present exonerating evidence, coupled with Defendants' misconduct, constitutes gross legal malpractice and judicial impropriety. These acts have directly contributed to the continued harm, injustice, and deprivation of Plaintiffs' constitutional and legal rights.

∽

### LEGAL DISCLAIMER AND NOTICE OF LIABILITY:

(a) The Plaintiffs assert that the legal representatives, including the Fourth Defendant, Paralegal **Nautica D. Chance**, and the Fifth Defendant, Attorney **Suzanne H. Griest**, both, which are represented by the Sixth Defendant, the **MPL Law Firm LLP**, knowingly and/or willfully **participated in an unlawful scheme**

**to deprive the Plaintiffs of their constitutional rights**. (***Exhibit: 69a, 69b, 73a, 73b***)

(**b**) Such participation included **fraudulent misrepresentation**, **legal malpractice**, **gross negligence**, and the **aiding** and **abetting** of **fraudulent legal proceedings**.

(**c**) First Defendants' legal counsel engaged in conduct designed to obstruct due process and equal protection under the law. This conduct constitutes a direct violation of the Plaintiffs' rights as guaranteed by the United States Constitution and applicable statutory provisions.

(**d**) The legal representatives involved, acting with knowledge and intent, breached their ethical and professional duties as defined by the Model Rules of Professional Conduct. These breaches include, but are not limited to, knowingly submitting false statements, filing frivolous motions, and engaging in conduct prejudicial to the administration of justice.

(**e**) The aforementioned actions constitute violations of multiple federal statutes, including but not limited to:

1. **42 U.S.C. § 1983** – Civil Rights Violations

2. **18 U.S.C. § 241** – Conspiracy Against Rights

3. **18 U.S.C. § 242** – Deprivation of Rights Under Color of Law

4. **18 U.S.C. § 371** – Conspiracy to Defraud the United States

5. **18 U.S.C. § 1341 & § 1343** – Mail and Wire Fraud

186

6. **18 U.S.C. § 1621** – Perjury and Subornation of Perjury

7. **18 U.S.C. § 1001** – False Statements and Fraud

8. **Federal Rules of Civil Procedure**, **Rule 11** – Sanctions for Frivolous or Fraudulent Filings

9. **Model Rules of Professional Conduct** – Ethical Breaches in Legal Representation.

**(f)** The Plaintiffs respectfully submit that no legal representative named herein may claim qualified immunity, good faith defense, or ignorance of wrongdoing. The pattern of conduct evidenced in these proceedings demonstrates clear, intentional, and egregious misconduct.

**(g)** Any assertion of qualified immunity, lack of knowledge, or procedural error shall be construed as an attempt to obstruct justice and may serve as an admission of complicity.


© *This Civil Complaint, along with all accompanying documents, are strictly intended for the exclusive review and use of the designated recipient. Any unauthorized access, disclosure, reproduction, dissemination, or utilization of this legal filing by any party other than the intended recipient is expressly prohibited and may constitute a violation of law. If you are not the intended recipient, you are hereby directed to immediately cease any further review, notify the sender without*

*delay, and permanently delete or destroy all copies in your possession. Failure to comply may result in legal consequences.*

*(Copies of the Exhibits, corresponding to their respective Factual Statements, will be appended to this Civil Rights Complaint)*

**Dated: 11 March 2025**

*Plaintiffs, under penalty of perjury, verify & admit that the factual allegations contained in this complaint are true and correct to the best of their knowledge and beliefs, based on evidence and records obtained to date.*

**WILLIAM EDGAR LEWIS, JR**. a.k.a. **Lewdo**

**(1)** Plaintiff, **pro se**

132 Chesapeake Estates

Thomasville, PA 17364

(717) 714 – 1174

Lewdo@Lewdo.com

188

_Monique N. Holmes_

**MONIQUE NATÉ HOLMES** a.k.a. **MoBetta**

**(2)** Plaintiff, **pro se**

132 Chesapeake Estates

Thomasville, PA 17364

(717) 495 – 0260

MoBetta@BettaEdibles.com