## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM EDGAR LEWIS, et al.,** | : | **Civ. No. 1:25-CV-446** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **TRACEY CHANCE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I.    Factual and Procedural Background

This case was referred to the undersigned on April 24, 2025. Upon review, we note that the *pro se* plaintiffs had filed a prolix, 217 page complaint on March 11, 2025, which cites to various federal criminal and civil rights statutes but appears to name a number of private persons as defendants. (Doc. 1). In the past six weeks the plaintiffs had also filed a spate of wide ranging motions which includes some fifteen separate motions.

Included among these motions was a motion for entry of default judgment. (Doc. 27). This motion is fully briefed by the parties, who have also consented to magistrate judge jurisdiction. Therefore, the motion is ripe for resolution.

For the reasons set forth below, the motion will be denied.

## II.    <u>Discussion</u>

Under Rule 55 of the Federal Rules of Civil Procedure, a default judgment may only be entered when the party against whom the default judgment is sought was served and "has failed to plead or otherwise respond." Fed. R. Civ. P. 55(a). In ruling upon requests relating to default judgments it is well settled that these decisions are:

> [L]eft primarily to the discretion of the district court. <u>Tozer v. Charles A. Krause Milling Co.</u>, 189 F.2d 242, 244 (3d Cir. 1951). We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." <u>Id.</u> at 245. <u>See also</u> <u>Gross v. Stereo Component Systems, Inc.</u>, 700 F.2d 120, 122 (3d Cir. 1983); <u>Feliciano v. Reliant Tooling Company, Ltd.</u>, 691 F.2d 653, 656 (3d Cir. 1982); <u>Farnese v. Bagnasco</u>, 687 F.2d 761, 764 (3d Cir. 1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct.  <u>Gross v. Stereo Component Systems, Inc.</u>, 700 F.2d at 122; <u>Feliciano v. Reliant Tooling Company, Ltd.</u>, 691 F.2d at 656; <u>Farnese v. Bagnasco</u>, 687 F.2d at 764.

<u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 194-95 (3d Cir. 1984). In this case, we believe that these discretionary factors strongly favor denial of entry of default judgment.

Turning first to the question of whether all of the defendants have been properly served, the first prerequisite to entry of a default judgment, we find that service has not been made upon all defendants. Indeed, in the document filed by the plaintiffs styled as proof of service, it is acknowledged that service has not been made upon three defendants. As the plaintiffs concede: "All parties were successfully served, *with the exception of Defendants Tracey L. Chance, Wayne Chance, and Ailani J. Orr*." (Doc. 9, at 6) (emphasis added). Moreover, the remaining defendants contest the adequacy of service upon them. (Doc. 51).

We need not address the question of the adequacy of this service upon the remaining defendants, however, since they have filed waiver of service forms in this case. (Doc. 33). Such waivers of service are expressly authorized under Rule 4 of the Federal Rules of Civil Procedure as a useful, efficient, cost savings measure at the outset of litigation. Under Rule 4, a party who waives service has sixty days in which to respond to the complaint. Fed. R. Civ. P. 4(d). In this case, by virtue of the waiver form filed in the case, the defendants' response to the complaint is due on or before June 9, 2025. Therefore, as to these defendants, the plaintiffs' motion for entry of default judgment founders on a separate obstacle. By virtue of the waivers they have filed, these defendants do not need to respond to the compliant until June

9, 2025. Therefore, default judgments are not appropriate since the defendants simply have not yet failed to timely plead or otherwise respond to the complaint.

Further, in considering this motion we recognize that the law favors merits resolution of litigation. See United States v. $55,518.05 in U.S. Currency, 728 F.2d at 194-95. Therefore, our assessment of this request must take into account three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendants have a meritorious defense; and (3) whether the default was the result of the defendants' culpable conduct. In our view, these factors weigh against entry of default and favor a merits-based determination of this case.

While we accept the plaintiffs' view that they are suffering prejudice due to any delays in litigation, we have remedied this potential harm by acting with dispatch in this case promptly addressing the merits of these claims. By following this course, we can mitigate any prejudice suffered by the plaintiffs. Further, while we do not prejudge this case, we note that there may be potential defenses which warrant full consideration on their merits in this case, a factor which weighs against entry of default. For example, the plaintiffs' complaint appears to bring claims against a law firm for actions taken representing a client in some state litigation. To the extent that the plaintiffs seek to sue private attorneys and law firms alleging federal civil rights

violations, they fundamentally misconstrue the reach of the federal civil rights statute, 42 U.S.C. § 1983.

It is well established that § 1983 does not, by its own force, create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate and pre-existing legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well settled that:

> Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two essential elements of a § 1983 action are: *(1) whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg Univ., 893 F.Supp. 409, 416 (M.D. Pa. 1995), aff'd, 91 F.3d 122 (3d Cir. 1996) (emphasis added). Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendants were acting under color of law when that defendant allegedly violated the plaintiff's rights.

5

To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

This principle applies with particular force to civil rights plaintiffs who may also invite the courts to consider lawsuits against private attorneys for their roles representing clients in litigation. With respect to this state action requirement, it is well settled that the conduct of an attorney representing a client in a state case does not, by itself, rise to the level of state action entitling a plaintiff to bring a federal civil rights action against counsel. See, e.g., West v. Atkins, 487 U.S. 42, 50 (1988); Polk County v. Dodson, 454 U.S. 312 (1981); Pete v. Metcalfe, 8 F.3d 214 (5th Cir. 1993). Therefore, to the extent that the complaint seeks to sue attorneys and law firms for their role as counsel for a private party in state litigation, this claim may fail as a matter of law.

Finally, we note that the third factor we must consider—whether the default was the result of the defendant's culpable conduct—also favors denial of this motion. In this case, some defendants have not yet been properly served and other defendants have filed service waivers which enable them to respond to the complaint on or before June 9, 2025. On these facts, there simply has been no culpable conduct by

the defendants which would justify foregoing a determination of this case on its merits.

Simply put, allowing these claims to be resolved on their merits is a cardinal guiding principle in our legal system, and one which causes courts to view default judgments with disfavor. Furthermore, the plaintiff is not unfairly prejudiced by denying a default judgment at this early stage of the litigation. However, entry of default would be highly prejudicial to the defendants, who would be totally denied the opportunity to defend these claims. Accordingly, weighing these discretionary factors that govern entry of default judgments, the plaintiffs' motion for entry of default, (Doc. 27), will be DENIED.

An appropriate order follows.

*S/Martin C. Carlson*
MARTIN C. CARLSON
United States Magistrate Judge

DATED: May 9, 2025.