IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM EDGAR LEWIS, et al.,** | : | Civ. No. 1:25-CV-446 |
| **Plaintiffs,** | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **TRACEY CHANCE, et al.,** | : | |
| **Defendants.** | : | |

**MEMORANDUM AND ORDER**

**I.    Factual Background and Procedural History**

This *pro se* case comes before us for consideration of a motion filed by the plaintiffs (Doc. 108), which seeks to strike a defense motion to dismiss. (Doc. 92). As discussed below, this motion to strike (Doc. 108) will be DENIED but we will afford the plaintiffs an extension of time in which to respond to the motion to dismiss.

By way of background, this motion arises in the context of what appears to be contentious domestic relations litigation in the Court of Common Pleas of York County. For their part, the *pro se* plaintiffs have filed a prolix, 217 page complaint on March 11, 2025 which alleges misconduct in the course these state proceedings by a wide array of officials and cites to various federal criminal and civil rights

statutes but appears to name a number of private persons as defendants. (Doc. 1). Along with this complaint, the plaintiffs have filed a number of motions which, in essence, sought sweeping preliminary injunctive relief at the outset of the litigation even prior to the filing of responsive pleadings by the defendants. Much of the relief sought by the plaintiffs was directed at state and local officials who are not parties in the instant case. Further, this injunctive relief would necessarily require us to intervene in the state court proceedings which have inspired this federal case.

It is against this backdrop that the defendants filed a motion to dismiss on May 22, 2025, which incorporated a brief in support of the motion. (Doc. 92). The filing of the motion and brief in a single pleading deviated from our local practice, albeit in an insignificant way since the local practice would typically call for the filing of the brief as a separate document. However, no party was prejudiced by this style of pleading since the plaintiffs readily admit that they were well aware that the motion incorporated a brief in support of the request to dismiss this complaint. Nonetheless rather than respond to the substantive issues raised in the motion to dismiss, the plaintiffs waited until five minutes after midnight on the date upon which their response was due to file a motion to strike which cites the inclusion of a brief in support of this motion as the grounds for striking this pleading. (Doc. 108).

For the reasons set forth below, this motion to strike will be denied.

## II. Discussion

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial,

3

impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

Moreover, consistent with this sparing approach urged by the courts with respect to motions to strike, those "pleadings" that may be subject to a motion to strike are construed narrowly. Recognizing that briefs are, by their nature, argumentative and sometimes contentious filings, it is generally held that a brief–as opposed to other forms of pleadings– typically will not be considered a "pleading" which is properly the subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill.,1993), citing Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., 747 F.Supp. 1299, 1303 (S.D.Ill.1990), and Board of Education v. Admiral Heating and Ventilation, Inc., 94 F.R.D. 300, 304 (N.D.Ill.1982).

In this case, upon consideration of this motion to strike we find that one of the objects of the motion, namely, the defendants' brief, is not the appropriate subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill.,1993). Moreover, the defendants' combination of their motion and brief in a single pleading is not a matter which renders the motion redundant, immaterial, scandalous and prejudicial, especially since the plaintiffs readily acknowledged that they understood the pleading. Accordingly, we will deny this motion to strike and set a deadline for a substantive response to the motion.

### III. <u>Conclusion</u>

For the foregoing reasons, the plaintiffs' motion to strike (Doc. 108) is DENIED.

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: June 11, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM EDGAR LEWIS, et al.,** : | Civ. No. 1:25-CV-446 |
| **Plaintiffs,** : | |
| v. : | |
| : | **(Magistrate Judge Carlson)** |
| **TRACEY CHANCE, et al.,** : | |
| **Defendants.** : | |

## ORDER

AND NOW this 11th day of June 2025, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the plaintiffs' motion to strike (Doc. 108) is DENIED. The defendants are advised, however, to docket briefs in support of motions as separate filings in the future. IT IS FURTHER ORDERED that the plaintiffs shall respond to the motion to dismiss, (Doc. 92), on or before **June 18, 2025**. Pursuant to Local Rule 7.7 the movants may then file a reply brief on or before **June 30, 2025.** All briefs must conform to the requirements prescribed by Local Rule 7.8. **No further extensions shall be granted, absent compelling circumstances**.

The plaintiffs, who are proceeding *pro se*, are advised that Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiffs to respond to

motions, and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'" Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug. 26, 2010) (quoting Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)). Therefore, a failure to comply with this direction may result in the motions being deemed unopposed and granted.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge