IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM EDGAR LEWIS, et al.,** | : | Civ. No. 1:25-CV-446 |
| **Plaintiffs,** | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **TRACEY CHANCE, et al.,** | : | |
| **Defendants.** | : | |

## ORDER

AND NOW this 11th day of June 2025, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the plaintiffs' motion to strike (Doc. 108) is DENIED. The defendants are advised, however, to docket briefs in support of motions as separate filings in the future. IT IS FURTHER ORDERED that the plaintiffs shall respond to the motion to dismiss, (Doc. 92), on or before **June 18, 2025**. Pursuant to Local Rule 7.7 the movants may then file a reply brief on or before **June 30, 2025.** All briefs must conform to the requirements prescribed by Local Rule 7.8. **No further extensions shall be granted, absent compelling circumstances**.

The plaintiffs, who are proceeding *pro se*, are advised that Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiffs to respond to

6

motions, and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'" Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug. 26, 2010) (quoting Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)). Therefore, a failure to comply with this direction may result in the motions being deemed unopposed and granted.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
