IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM EDGAR LEWIS, et al., : | Civ. No. 1:25-CV-446 |
| Plaintiffs, : | |
| v. : | |
| : | (Magistrate Judge Carlson) |
| TRACEY CHANCE, et al., : | |
| Defendants. : | |

## **MEMORANDUM AND ORDER**

This curious *pro se* lawsuit has just become more curious.

The *pro se* plaintiffs commenced this case by filing a prolix, 217 page complaint on March 11, 2025 which alleged misconduct in the course state domestic relations proceedings by six named defendants. (Doc. 1). The scope of the claims asserted by Lewis and Holmes was breathtakingly broad, sweeping in its scope, and legally problematic on a host of scores. Therefore, three of the defendants, who were represented by counsel, moved to dismiss the complaint. (Doc. 92). Today we granted this motion and dismissed the complaint as to these defendants finding that the complaint was fatally flawed in numerous ways.(Doc. 146, 147).

In the meanwhile, at the *pro se* plaintiffs' request, we ordered service of the complaint upon two unrepresented defendants, Wayne and Tracey Chance. Proof of service was filed by the U.S. Marshal on June 9, 2025. (Docs. 118, 119). However,

1

these *pro se* defendants have not yet answered or otherwise responded to this complaint. Accordingly, the plaintiffs have now moved for the entry of default judgments against the unrepresented defendants. (Docs. 139, 141).

Thus, we are presented with the following curiosity: We have found that the plaintiffs' complaint is deeply flawed and subject to dismissal on multiple scores. Despite this finding, the plaintiffs seek a default judgment in their favor with respect to two unrepresented and unresponsive defendants. This request, if granted, would award a judgment in favor of the plaintiffs on a complaint which we have concluded plainly fails as a matter of law. The law does not compel this curious outcome which would enter a judgment in favor of plaintiffs on a legally frivolous complaint. Instead: "It is settled law that a court may deny a motion for a default judgment if it determines *sua sponte* that the complaint fails to state a claim." Choi v. 37 Parsons Realty LLC, 642 F. Supp. 3d 329, 331 (E.D.N.Y. 2022).

Accordingly, IT IS ORDERED as follows:

First, on or before **July 15, 2025**, the plaintiffs shall show cause why the motions for entry of default (Docs. 139, 141) should not be denied and the complaint dismissed given our prior finding that the complaint is subject to dismissal on numerous grounds.

Second, on or before **July 15, 2025**, the unresponsive and unrepresented defendants, Tracey Chance and Wayne Chance, shall show cause why they have not

3

yet responded to the complaint which the docket indicates was served upon them. A copy of this order shall be mailed to these defendants at: 1510 E. Philadelphia Street, York, Pa. 17403.

So ordered this 1st day of July 2025.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge